## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kimberly Pletcher | : | |
| Plaintiff, | : | |
| | : | |
| Vs. | : | No.:  2:20-cv-754 |
| | : | |
| Giant Eagle, Inc. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## COMPLAINT

AND NOW, COMES Plaintiff Kimberly Pletcher by and through her attorneys, Thomas B. Anderson, Esquire and Thomson, Rhodes & Cowie, P.C. and files this Complaint against Giant Eagle, Inc., in support thereof avers as follows:

### JURISDICTION and VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

### PARTIES

3.    Plaintiff is an adult individual, who resides in West Newton Pennsylvania.

4.    Giant Eagle, Inc. (Giant Eagle) is a Pennsylvania corporation with its corporate office located at 101 Kappa Drive, Pittsburgh, PA 15238.  Giant Eagle owns and operates grocery stores at numerous locations across western Pennsylvania, including the store on McKeesport Road in Elizabeth, Pennsylvania.

5.    Giant Eagle grocery stores are a public accommodation as defined in Title III of the Americans with Disabilities Act ("ADA").

## FACTUAL BACKGROUND

6.    Plaintiff is a person with a disability who has a health condition that substantially impacts her major life activity of breathing and her respiratory system. She cannot wear a mask over her mouth and nose without significant difficulty breathing.

7.    On April 15, 2020, Pennsylvania Governor Tom Wolf issued a press release announcing that Dr. Rachel Levine, under her authority as Secretary of the Department of Health to take any disease control measures appropriate to protect the public from the spread of infectious disease, signed an order directing protections for critical workers at businesses authorized to maintain in-person operations during the Covid 19 disaster emergency.

8.      The order, effective April 19, 2020, provided that businesses covered by the order should

> require all customers to wear masks while on the premises, and deny entry to individuals not wearing masks, unless the business is providing medication, medical supplies, or food, in which case the business must provide alternative methods of pick-up or delivery of such goods; **HOWEVER, INDIVIDUALS WHO CANNOT WEAR A MASK DUE TO A MEDICAL CONDITION (INCLUDING CHILDREN UNDER THE AGE OF 2 YEARS PER CDC GUIDANCE) MAY ENTER THE PREMISES AND ARE NOT REQUIRED TO PROVIDE DOCUMENTATION OF SUCH MEDICAL CONDITION.**

9.      Despite the Pennsylvania Secretary of Health's order above and CDC guidance to the contrary, Giant Eagle implemented policies and procedures that require all customers to wear masks even if they are disabled and they cannot wear a mask due to their medical conditions.   This policy flies in the face of recommendations from the CDC which state **"Cloth face coverings should not be placed on young children under the age of 2, anyone who has trouble breathing, or is unconscious, incapacitated, or otherwise unable to remove the mask without assistance."** The CDC also directs individuals to make sure when using a face covering that "you do not have any difficulty breathing while wearing the cloth face covering."

10.     Giant Eagle has adopted and enforces policies and procedures that require all "guests" shopping at all of its Giant Eagle, Market District and GetGo locations wear masks or other face coverings in its Pennsylvania stores.   Giant

Eagle's policies and procedures make no accommodations for invitees who wish to shop in the stores who have disabilities that prohibit wearing a mask or make wearing a mask dangerous to the invitees.

11.     Giant Eagle has publicly stated that it has no intention to comply with the ADA.

12.     Giant Eagle has published the following:

> GIANT EAGLE POLICY:
> Moving forward until further notice in order to shop our store (or any other Giant Eagle location) you must be wearing a mask. **There will be no exceptions regardless of any reason or medical condition.** We thank you for your compliance and understanding.

13.     The owner of one Giant Eagle store posted publicly that while Governor Wolf's edict that customers should wear masks in stores included an exception and accommodation for customers who cannot wear a mask for medical reasons, the entire company has decided not to comply with the accommodation. **"It's too easy to make up an excuse not to wear a mask,** and we refuse to put our team members and customers who do wear a mask at any more risk than they already are. Health and safety of our community is more important to us than business." However, Giant Eagle does not require its "team members" to wear masks if they provide medical excuses.

14.     Security Guards outside of one Giant Eagle location have told customers who were told they must wear a mask, despite a disability that prohibits the wearing of a mask, that Giant Eagle is a private company and it is not required to comply with the ADA.

15.     Giant Eagle employees and security guards have verbally harassed and physically threatened "guests" with removal and arrest for trespass. Giant Eagle's employees and agents have called the police and pressed charges of trespass against "guests" with disabilities who could not comply with its illegal mask policy.

16.     Giant Eagle justifies its policies and procedures that violate the Americans with Disabilities Act and the Pennsylvania Human Relations Act, by claiming that "guests" excluded from entering the store because they cannot wear a mask for medical reasons due to a disability have the option of staying out of the store and having a Giant Eagle team member shop for them or use curbside pickup and delivery services. In essence, at its public business Giant Eagle treats its "guests" who cannot wear a mask due to a disability like "lepers," rather than "guests."

17.     Giant Eagle has gone so far as to call local police departments, have "guests" who have refused to wear masks because of a disability arrested or threatened with arrest for trespassing on Giant Eagle property.

18.     Giant Eagle managers have told "guests" who cannot wear a mask and have explained that they have medical exemptions or excuses that Giant Eagle is a private company and Giant Eagle has chosen to enact policies that are more restrictive than that of the Pennsylvania Health Secretary.  However, Giant Eagle cannot violate federal and state law and exclude disabled people from its public accommodations because their disabilities prohibit them from wearing masks.

19.     On April 29, 2020, Plaintiff entered Giant Eagle's Elizabeth location without wearing a mask.  A Giant Eagle employee told Plaintiff she had to wear a mask otherwise the Giant Eagle employee could not wait on her.  Plaintiff responded by telling the employee that she has a medical condition that prevents her from being able to wear a mask.  Giant Eagle's employee told Plaintiff she had to put on a mask or she had to leave the premises.  At that point, another Giant Eagle employee approached Plaintiff and said: "The law is you must wear a mask."  Because Plaintiff could not comply with Giant Eagle's illegal demands, she left the premises without making a purchase.

20.     Giant Eagle's policy and procedure violated Title III of the ADA because Plaintiff was denied equal enjoyment of the public accommodation because of her disability.

**Count I – Violation of Title III of the Americans with Disabilities Act.**

21.     Plaintiff incorporates by reference the averments of Paragraphs 1-20 of the Complaint as if the same were set forth in full.

22.     At all times relevant to this action, the ADA was in full force and effect in the United States.

23.     The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, (or leases to), or operates a place of public accommodation.  Under the terms of the ADA, discrimination includes a failure to provide services to a disabled person to the extent that such services are provided to non-disabled persons.  The ADA requires that goods, services, facilities, privileges, advantages, and accommodations be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

24.     Title III of the ADA, which applies to public accommodations such as Giant Eagle, establishes the general rule that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation.

25.     Plaintiff is a qualified individual with a disability within the meaning of the ADA because Plaintiff has a physical and mental impairment that substantially limits one or more of Plaintiff's major life activities and systems, i.e. she has asthma and a panic disorder that affects her breathing and her respiratory and nervous systems.

26.     Plaintiff requested an accommodation from the mask policy due to her disability.  The request was reasonable and in accordance with the recommendations and orders of the Pennsylvania Health Secretary.  Such accommodation would have allowed Plaintiff to enjoy full and equal enjoyment of the grocery store as provided to people who are not disabled and are able to comply with the request to wear a mask without potentially subjecting themselves to respiratory distress and/or other physical or mental injuries or ailments.

27.     Defendant is a business that owns, leases, or operates a place of public accommodation within the meaning of the ADA because Defendant owns, leases, or operates a grocery and pharmacy company which provides food, medicine and other essential items and services to members of the public.

28.     Defendant is in violation of the ADA because it discriminated against Plaintiff on the basis of Plaintiff's disability in the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of Giant Eagle because it denied Plaintiff the services, facilities, privileges, advantages, and

accommodations of the store in the most integrated setting appropriate to Plaintiff's needs, because it refused her access to the shop in the store without wearing a mask based on her disability.

29.    Defendant's policies and practices have, are, and will cause irreparable harm to the Plaintiff.

30.    Plaintiff intends to continue to shop at the Giant Eagle store.

31.    Giant Eagle has stated publicly that it does not intend to change its mask policy and that its "guests" who cannot wear a mask must use some alternative other than shopping inside its stores without a mask.  This constitutes evidence that, absent an injunction, Giant Eagle has no intent to comply with the legal requirements of the ADA or to train its employees of their need to comply with the ADA.

32.    Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others that could not be eliminated by a modification of Giant Eagle's policies, practices and procedures. Social distancing and other safety precautions were in place at the store, Plaintiff had no signs or symptoms of Covid 19, and the Pennsylvania Health Secretary's order and CDC guidelines recognized the need for a medical exception to the mask requirement.  Giant Eagle simply did not want to be bothered with the exception, despite the fact that it had no basis to conclude that Plaintiff was a direct threat to the health or safety of others.  Giant Eagle made no individual assessment that

considered Plaintiff's actual abilities or disabilities, instead, Giant Eagle has adopted a broad discriminatory policy based on generalizations and stereotypes.

33.     Plaintiff requests that the court award her injunctive relief requiring Giant Eagle to accommodate Plaintiff by allowing her to shop in its stores without wearing a mask so that she may enjoy the benefits, privileges, goods, services facilities, advantages, and accommodations including equal access to and enjoyment of Giant Eagle's stores in the future.  To affect such relief to Plaintiff, it may be appropriate for the court to provide clear protocols to all Giant Eagle employees advising that persons who cannot wear a mask inside the store due to a disability must be accommodated.  Giant Eagle should be required to train its employees about its legal obligations and to post and disseminate notice to Giant Eagle employees regarding their legal obligations under the ADA and the PHRA.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

Respectfully submitted,

THOMSON, RHODES & COWIE, P.C.

Dated May 26, 2020                    /s/ *Thomas B. Anderson*
                                      Thomas B. Anderson, Esquire
                                      PA I.D. #79990

                                      THOMSON, RHODES & COWIE, P.C.
                                      Firm No. 720
                                      Two Chatham Center, 10th Floor
                                      Pittsburgh, PA  15219
                                      (412) 232-3400

                                      Attorneys for the Plaintiff