IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY PLETCHER, et al., | ) |
| | ) |
| Consolidated Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:20-754 |
| | ) |
| GIANT EAGLE INC. and C&J GROCERY CO., LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

I.   BACKGROUND

In this consolidated action, Plaintiffs Kimberly Pletcher et al. allege that Defendant Giant Eagle, Inc.'s policy requiring Pennsylvania customers to wear masks while inside its grocery stores during the ongoing COVID-19 pandemic violates Title III of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12181, et seq.  (Docket No. 32).  Specifically, they seek an injunction modifying the policy and permitting them to shop within Giant Eagle's stores without a mask because their asserted disabilities allegedly prevent them from wearing a mask. (*Id*.).  They further claim that actions taken by Giant Eagle to exclude them from its stores for not wearing masks constitute retaliation and coercion in violation of their rights under the ADA. (*Id*.).  Giant Eagle counters that modifications to its policy are unnecessary because it permits customers to shop with other types of face coverings, including full-face shields and it provides access to groceries through alternative means such as curbside service, home delivery and use of personal shoppers. (Docket Nos. 22; 31).  Giant Eagle further contends that its face covering policy is authorized under federal regulations because it is a legitimate safety requirement during the COVID-19 pandemic and

1

otherwise necessary because of the direct threat posed by customers shopping indoors without face coverings spreading the virus throughout its stores. (*Id.*).

Presently before the Court is an amended motion for preliminary injunction filed by Plaintiff Josiah Kostek, ("Kostek"), his supporting brief, Giant Eagle's brief in opposition, Kostek's reply, and Giant Eagle's sur-reply. (Docket Nos. 19; 20; 22; 27; 29; 31). Kostek claims that he has mental health impairments and "cannot wear masks or cloth face coverings without experiencing severe anxiety, [and] difficulty breathing." (Docket No. 19-2). He seeks a preliminary injunction declaring Giant Eagle's policy as well as its Oil City store's decision to ban him after he attempted to shop without a mask or other face covering on May 16, 2020 and May 27, 2020 to be in violation of the ADA. (Docket Nos. 19; 27). He was arrested following the May 16, 2020 incident and ultimately found guilty of the summary offense of disorderly conduct-unreasonable noise. (Docket No. 31-3). He filmed the May 27, 2020 episode on a smartphone and although police arrived on the scene, he was not arrested and left on his own. (Docket Nos. 31-3; 31-4). Giant Eagle asserts that Kostek has failed to present sufficient evidence to substantiate his claims that he has a disability which precludes him from complying with its policy and that its well-supported defenses otherwise operate to defeat his claims. (Docket Nos. 22; 31).

The Court previously denied Kostek's motion for preliminary injunction, without prejudice, because his self-serving declaration that he was disabled was insufficient to obtain a preliminary injunction under Third Circuit precedent. (*See* Docket No. 11 (citing *Doe v. Law School Admissions Council, Inc.*, 791 F. App'x 316, 320-21 (3d Cir. 2019)). The instant record has been more fully developed as it includes: declarations from the parties; Orders from the Secretary of the Department of Health; Giant Eagle's policies; Kostek's medical records; Facebook posts; state court records; and, the video recording of his second visit to the Oil City

Giant Eagle. (Docket Nos. 19; 20; 22; 27; 29; 31). After careful consideration of the parties' arguments in light of the credible evidence of record, Kostek's amended motion for preliminary injunction is denied.

II.  LEGAL STANDARDS

Since the parties are well familiar with the facts of this matter, most of which are undisputed, the Court first turns to the relevant legal standards. To that end, the grant or denial of a preliminary injunction is within the sound discretion of the Court. See *American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). The primary purpose of preliminary injunctive relief "is maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994). "Status quo" refers to "the last, peaceable, noncontested status of the parties." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The decision to issue a preliminary injunction is governed by a four-factor test, wherein a plaintiff must demonstrate:

> "(1) that [he is] reasonably likely to prevail eventually in the litigation and (2) that [he is] likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest."

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002)).

The United States Court of Appeals for the Third Circuit has held that Rule 65 of the Federal Rules of Civil Procedure "does not make a hearing a prerequisite for ruling on a preliminary injunction." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990). A district court may rule on a motion for a preliminary injunction without conducting an

evidentiary hearing. *Id.* An evidentiary hearing is not necessary when, "based on affidavits and other documentary evidence[,] … the facts are undisputed and the relevant factual issues are resolved" or if "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d at 1178. If the moving party is "unable to establish a prima facie case demonstrating a reasonable likelihood of success on the merits of [his claims], [he is] not entitled to a hearing on [his] motion for a preliminary injunction." *Tegg Corp. v. Beckstrom Elec. Co.*, Civ. A. No. 08-435, 2008 WL 2682602, at *11 (W.D. Pa. July 1, 2008).

As to the claims advanced here, "Title III of the ADA prohibits disability discrimination in places of public accommodation." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 542 (W.D. Pa. 2013). Section 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on a Title III claim, a plaintiff must establish "(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson*, 943 F.Supp.2d at 542-43 (internal quotation omitted). A plaintiff asserting a defendant's liability for failure to accommodate "bears the initial burden of establishing that the desired accommodation is reasonable and necessary, while the defendant bears the burden of showing that it would fundamentally alter the nature of the program." *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 178 (3d Cir. 2019) (citing *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 124 (3d Cir. 2018)). "Under the ADA, there are two safety 'defenses'

to policies or criteria that are otherwise discriminatory," which a defendant has the burden to prove: legitimate safety requirement under 28 C.F.R. § 36.301(b) and a "direct threat" under 42 U.S.C. § 12182(b)(3). *Masci v. Six Flags Theme Park, Inc.*, No. CIV.A. 12-6585, 2014 WL 7409952, at *9 (D.N.J. Dec. 31, 2014); *Matheis*, 936 F.3d at 180.

### III.   DISCUSSION

In this Court's estimation, the uncontested evidence of record demonstrates that Kostek is not likely to succeed on the merits of his claims against Giant Eagle under Title III of the ADA nor is he able to establish any of the other prerequisites necessary to secure a preliminary injunction such that his motion will be denied without a hearing. *See Bradley*, 910 F.2d at 1178. The Court reaches this decision for several reasons.

First, as to the merits of Kostek's claims against Giant Eagle, he has not presented a colorable factual basis showing that he has a disability preventing him from complying with Giant Eagle's face covering policy that permits customers to shop inside its stores while wearing masks or full-face shields. *See id.* Initially, he does not challenge the reasons why Secretary of the Pennsylvania Department of Health, Rachel Levine, MD, issued Orders requiring people to wear face coverings to mitigate the spread of COVID-19 in essential businesses like Giant Eagle and all other public places throughout the Commonwealth. (Docket Nos. 19-7; 27-2). In this regard, Secretary Levine has declared that "COVID-19 is a threat to the public's health" and explained that:

> COVID-19 is a contagious disease that is rapidly spreading from person to person. People infected are capable of exposing others to COVID-19 even if their symptoms are mild, such as a cough, or even if they are asymptomatic. Additionally, exposure is possible by touching a surface or object that has the virus on it and then touching one's mouth, nose or eyes.
> …

5

> Face coverings can decrease the spread of respiratory droplets from people…. When used in public settings, face coverings will work to reduce the spread of COVID-19 in the Commonwealth.

(Docket No. 27-2 at 1). Kostek also does not contest that Secretary Levine's Orders both state that face shields may be worn in lieu of masks and that the Secretary further recommends that individuals with disabilities wear a face shield if a mask cannot be worn. (*See e.g.,* Docket Nos. 19-7 at 3 ("Q. Would a disposable face shield suffice in lieu of a mask? A. A disposable face shield would suffice in lieu of a mask."); 22-1 at 10 ("If an individual cannot wear a face covering due to a medical or mental health condition or disability, the individual should consider wearing a face shield."); 27-2 at 3 ("For purposes of this order, a face covering includes a plastic face shield that covers the nose and mouth")). As can be clearly seen in the video taken by Kostek at the Oil City Giant Eagle store on May 27, 2020, the sign posted on the front door states that "in compliance with state guidelines for essential businesses, **Guests and Team Members are now required to wear masks or face coverings.**" ((Docket No. 31-4 (emphasis in original); *see also* Docket No. 27-1 ("State Mandate: Face Coverings Required")). On its website, Giant Eagle provides the following additional information on its Frequently Asked Questions page:

> What kind of mask or face covering should be worn when I shop?
>
> When shopping, guests should wear a face mask or cloth face covering that covers the nose and mouth, which public health authorities agree is an effective tool to reduce the transmission of the coronavirus. **<u>If you feel you are unable to wear a face mask or cloth face covering, a full-face shield that extends to the chin may be worn instead.</u>**

(Docket No. 31-2 at 4 (emphasis added). It is this Court's opinion that Giant Eagle's policies are consistent with Secretary Levine's Orders and recommendations and represent a reasonable interpretation of same.

The evidence supporting Kostek's specific claims of disability discrimination challenging Giant Eagle's face covering policy is deficient for a few independent reasons. Initially, Giant Eagle's policy permits customers wearing full-face shields to shop in its stores and Kostek has neither alleged nor presented <u>any</u> evidence that he is unable to wear a full-face shield due to a disability. (*See* Docket Nos. 19; 20; 27; 29). Next, Kostek declares that he has mental health ailments and "cannot wear masks or cloth face coverings without experiencing severe anxiety, [and] difficulty breathing," but such averments are not supported by opinions of medical professionals that his disabilities prevent him from wearing a mask. (*Id.*). At most, the medical records show that he has been diagnosed by medical professionals with a series of mental impairments: anxiety disorder; panic disorder; post-traumatic stress disorder; and, an adjustment disorder with mixed anxiety and a depressed mood. (*See* Docket Nos. 20 at 5; 29-1). The same records reflect that Kostek made statements to medical professionals <u>after</u> the May 2020 incidents at the Oil City store including: that he refused to wear a soft cervical collar following a medical procedure in June 2020 due to his anxiety; and, told an unnamed therapist in July 2020 that he has experienced difficulties wearing masks in medical facilities and during a recent arrest. (*Id.*). However, the record is devoid of any evidence that a medical professional has opined that he cannot wear a mask. (*Id.*).

Further, Kostek's statements in his declaration and the medical records are undermined by the numerous inconsistent statements he made in social media posts and on the video wherein he says that he is able to wear a mask but merely believes he has a right to refuse to comply with mask policies. (*See* Docket Nos. 22-2 at 14 ("I don't mind wearing a mask, if someone tells me polite. I'm in excellent health with the exception of a herniated disk in my neck… I have a right to refuse wearing a mask. No one can legally make me 'Buy' masks."); 22-2 at 16 ("there are no

7

laws stating I must wear a mask so, it can rest entirely on my Constitutional right to refuse. I'm an adult. I know how to wash my hands and not breath (sic) in peoples faces."); 31-3 at 4 ("I do what the hell I want. I go outside when I want. If stores won't welcome (sic) in they lose my business. I'm not wearing a mask and I'm not social distancing. This is my country and I'm a free man. Anyone that tries to take that for (sic) me is a tyrant."); Docket No. 31-4)). In fact, many of these social media posts were made prior to Kostek returning to the Oil City Giant Eagle on May 27, 2020 and could provide the store with sufficient grounds to exclude him. (*See* Docket No. 22-2 at 14, 16). In addition, Kostek appears to have no difficulty wearing a hat throughout the 39-minute video and comments that he was wearing the same hat during his earlier visit to the Oil City store. (Docket No. 31-4). Overall, Kostek has failed to marshal sufficient evidence to prove that Giant Eagle's face covering policy discriminates against him due to his disabilities and therefore, he is not likely to succeed on the merits on his ADA claims.

Second, for essentially the same reasons, Kostek has not met his burden to show that his requested accommodation of being permitted to shop in the Oil City Giant Eagle without a mask is reasonable or necessary. *See Matheis*, 936 F.3d at 178. To reiterate, Giant Eagle permits shoppers to enter its stores while wearing masks <u>or</u> full-face shields. (Docket Nos. 31-2; 31-4). Even if the Court credited Kostek's evidence that he is unable to wear a mask or cloth face covering due to his disabilities, which it expressly does not, he failed to provide any evidence that he is unable to comply with the store's policy by wearing a full-face shield, as the Secretary of Health recommends for disabled individuals who are unable to wear a mask. (Docket Nos. 19; 20; 27; 29). Giant Eagle also offers alternatives to in-person shopping for those who are not wearing masks, as is required by the Secretary of Health, including curbside service; home delivery; and personal shoppers. Indeed, the video reveals that Giant Eagle employees offered to shop for

Kostek and buy items for him. (Docket No. 31-4). However, he refused the offer and then proceeded to mock the employee, sarcastically commenting that he did not know if the employee had washed his hands and he did not want him to touch his food, among other things. (*Id*.). Accordingly, it is neither necessary nor reasonable for Giant Eagle to alter its policy to accommodate Kostek's unsupported disability claims. *See Matheis*, 936 F.3d at 178.

Third, Kostek has similarly failed to prove that the Oil City Giant Eagle's letter of May 30, 2020 was issued in violation of the ADA or in retaliation for exercising his rights or interfering with same. To that end, James Dailey, General Manager, writes "[t]his letter is to inform Joshiah Costek (sic) that he is no longer permitted on the property of Oil City Giant Eagle. Violation of this request is considered unlawful trespassing and will result in police involvement." (Docket No. 19-3). Yet, the record is uncontested that the letter was sent after both incidents at the store, the first of which on May 16, 2020 led to Kostek being found guilty of disorderly conduct-unreasonable noise, in violation of 18 Pa.C.S. § 5503(a)(2), (*see* Docket No. 31-3), and the second of which on May 27, 2020 is fully depicted on the video and clearly shows that Kostek intentionally entered the store without a mask or face covering for the purpose of causing a scene and creating a confrontation to see if he would be arrested again. (*See e.g.,* Docket No. 31-4, Video of 5/27/20 Incident ("As you know from the description, we have a problem with civil rights being infringed upon."); ("I was arrested on May 16 for not wearing a mask at a Giant Eagle."); ("That's why the Americans With Disabilities Act is coming down on them hard. They've got 7 lawsuits on them."); ("So, I figured I got back up to Giant Eagle and see if they're just too dumb to let people be."); ("7 lawsuits, it's gonna be 8."); ("So, let's see if they get me arrested again.")). Again, this second incident occurred after Kostek posted on social media "I don't mind wearing a mask, if someone tells me polite. I'm in excellent health with the exception of a herniated disk in my neck… I have

9

a right to refuse wearing a mask." (Docket Nos. 22-2 at 14). The record is also uncontested that the letter was sent to Kostek at the suggestion of police who arrived at the scene of the second incident but persuaded him to leave without arresting him. (Docket No. 22). In any event, Kostek has not proven that his misconduct at the Oil City Giant Eagle which led to the issuance of this letter was the result of any disability.

Lastly, given Kostek's inability to present sufficient evidence supporting a prima facie case of discrimination, the Court need not evaluate Giant Eagle's well-taken defenses that its face covering policy is a legitimate safety requirement during the COVID-19 pandemic and that Kostek presented a direct threat to the health and safety of others, including customers and employees. *See* 28 C.F.R. § 36.301(b) (legitimate safety requirement); *see also* 42 U.S.C. § 12182(b)(3) (direct threat). In addition, the Court need not delve too deeply into the remaining factors requiring: a showing of irreparable harm; balancing the relative interests of the parties; and evaluating the public's interest in the issuance of the requested injunctive relief. *See K.A. ex rel. Ayers*, 710 F.3d at 105. It is enough to say that the primary purpose of such relief, i.e., to maintain the status quo between the parties "until a decision on the merits of a case is rendered," *Acierno*, 40 F.3d at 647, would be undermined by granting Kostek the requested relief in this instance.

IV.     CONCLUSION

Based on the foregoing, Kostek's amended motion for preliminary injunction is denied. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 23, 2020

cc/ecf: All counsel of record.