**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIMBERLY PLETCHER, JUDITH MARCH, JOSIAH KOSTEK, GRAYDON GRAHAM, RONNIE STURCHIO, NICHOLAS CONLEY, SHARON BURTON, DEBBIE VIDOVICH, PAUL SHEPHERD, GERALD THOMCHICK, CONNIE WINNER, JOHN DURSO, TRACY O'CONNOR, DOUGLAS JANASZEK, OWEN BURK, BEN ZYTNICK, GREGORY MANDICH, JOHN BLACKSTONE, JAMES LEONARD, KATHLEEN CUNNINGHAM, JAMIE MARKS-BORICHEVSKY, POLLY QUINTILIANI, CAROLYN L. STEWART, TOMMY WYNKOOP, TAMMIE AIKEN, STEVEN PARSONS, JEFREY COULSON, KATHERINE DUCKSTEIN, NATHANAEL DOLLAR, THOMAS BENSOR, VICKI PARKER, STEPHEN MCRAE, KRISTIE HARNISH, MOLLY SHIRK, MICHAEL HAMMERS, REBECCA STRUCHEN, CLYDE PIOVESAN, THEODORE FRICK, VINCENT CAPPO, THERESA FAUST, MARA SIMS, CHRISTINE PIERRO, LEANN MISMAS, DANIELLE MARKHAM, BOB HAGGERTY, KERRY PALLADINO, TAMMY MARSHALL, CAROL STEVANUS, DREW MANGUS, CRYSTAL MCGINNIS, ERIC MCMULLEN, JORDAN RHOAT, CINDY LENNEX, MICHELE WHITCROFT, TIMOTHY BAIR, ROBERT DEARMITT, AMY ULERY, ROBERT REE, TERESA DAVIS, MARGARET DUNN, KEVIN GEMBAROSKY, PAULA SOOST, LISA BRANNIGAN, TODD SMITH, STEVE ROBERTS, GENEVIEVE MELLOTT, RITA GORZOCK, FRANK WOLFE, HOLLY PULLING, TONY KIRBY, AND ALEX SAKELOS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:20-cv-754 NBF |
| | ) | |
|    Consolidated Plaintiffs | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| GIANT EAGLE, INC., C&J GROCERY CO., LLC, AND MATT FACCENDA | ) ) ) | |
| | ) | |
|    Defendants. | | |

## THIRD AMENDED CONSOLIDATED COMPLAINT

AND NOW, COME Consolidated Plaintiffs by and through their attorneys, Thomas B. Anderson, Esquire and Thomson, Rhodes & Cowie, P.C. and file this Third Amended Consolidated Complaint against Defendants, in support thereof aver as follows:

## JURISDICTION and VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.  This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs' claims occurred in this judicial district.

3.      Plaintiffs have exhausted administrative remedies by filing complaints with the Pennsylvania Human Relations Commission.  The PHRC dismissed the complaints so that Plaintiff's Pennsylvania Human Relations Act (PHRA) claims could be adjudicated in this court action.  Defendants have stipulated that Plaintiffs have exhausted their administrative remedies under the PHRA and that this Honorable Court has jurisdiction to adjudicate Plaintiffs' PHRA claims in this action.

## PARTIES

4.      Plaintiffs are individuals with disabilities that prevent them from wearing masks. Plaintiffs were denied full and equal enjoyment of various Giant Eagle Grocery stores as set forth herein more fully at length below.

5.      Giant Eagle, Inc. (Giant Eagle) is a Pennsylvania corporation with its corporate office located at 101 Kappa Drive, Pittsburgh, PA 15238.  Giant Eagle owns and operates grocery stores at numerous locations across western Pennsylvania, including its stores in Altoona, Bedford, Belle Vernon, Bethel Park, Brentwood, Bridgeville, Brighton Road, Butler, Camp Horne Road, Cranberry Township, Ebensburg, Elizabeth, Erie, Finleyville, Franklin, Greensburg, Hempfield, Indiana, Jeannette, Johnstown, Latrobe, Leechburg, McKees Rocks, McKeesport, Meadville, Monroeville, New Kensington, North Cambria, North Huntingdon, Ohio Township, Oil City,

Roaring Spring, Rochester, Seven Fields, Somerset, South Hills Village, Squirrel Hill and West Mifflin. The Ligonier store is owned and operated by C&J Grocery CO., LLC.  Matt Faccenda is the manager of the store.  However, all Giant Eagle stores, whether owned or operated by Giant Eagle, Inc., or by independent retailers, follow Giant Eagle, Inc.'s policies and procedures concerning masks/face coverings and the independent retailers have no discretion to implement alternative policies and procedures.

6.      Giant Eagle grocery stores are public accommodations as defined in Title III of the Americans with Disabilities Act ("ADA") and the PHRA.

## FACTUAL BACKGROUND

7.      This action arises from Giant Eagle's uniform corporate policies and practices in Pennsylvania that violate Title III of the ADA and the PHRA.  Giant Eagle adopted a corporate policy that required all customers in Pennsylvania to wear masks while inside Giant Eagle stores, with no exception for customers who cannot wear a mask because of a disability.  Customers who cannot wear masks in Pennsylvania are denied full and equal access to Giant Eagle stores, however, if those customers were to drive to West Virginia, Ohio, or Indiana, Giant Eagle would allow them to shop in its stores without a mask because Giant Eagle does not require any customer to cover his/her face in its stores in those three states.  Giant Eagle's Pennsylvania mask requirement is in direct contradiction to the orders of the Pennsylvania Secretary of Health, Pennsylvania Department of Health guidelines, and the guidelines published by the United States Center for Disease Control.  Plaintiffs have each been denied full and equal access to Giant Eagle stores in violation of Title III of the ADA and the PHRA.

**Altoona Giant Eagle**

8.      **Robert DeArmitt** lives in Tyrone and is a person with a disability, severe

anxiety, that substantially limits his major life activity of breathing and his respiratory, cardiac,

and nervous systems.  DeArmitt cannot wear a mask due to his anxiety.

9.      The events complained of occurred on May 23, 2020 at the Altoona Giant Eagle.

DeArmitt was stopped at the door by an employee who asked DeArmitt where was his mask?

DeArmitt explained that her cannot wear a mask because of his condition.

10.     DeArmitt was told he must leave the store.  He was then approached by another

employee who ordered that DeArmitt leave the store.  DeArmitt was forced to leave the store

without being permitted to purchase any groceries.

**Bedford Giant Eagle**

11.     **Vicki Parker** lives in Imler and is a person with a disability who has several

health conditions that substantially limit her major life activity of breathing and her respiratory,

cardiac, and nervous systems.  Parker suffers from Chronic Obstructive Pulmonary Disease

(COPD), Congestive Heart Failure, and anxiety.  These conditions prevent her from wearing a

mask over her face.

12.     On April 28, 2020, Parker was confronted by a Giant Eagle employee and told she

could not shop in the store without wearing a mask.  Parker explained that she suffers from

medical conditions that make it impossible for her to wear a mask.  The employee replied that it

was store policy and Governor Wolf's order.  The employee said she would have to leave if she

did not wear a mask saying it was a violation "of other shopper's safety and is for everyone's

safety."  Parker responded that her rights were being violated because of her medical conditions

and that it was not safe for her to wear a mask.  The employee then offered to complete her order

but told Parker she would have to leave.  Parker tried to continue shopping, but she was interrupted again by the employee and told she would have to leave.  This happened at the same time an employee walked by with a mask around his neck, not his face.  After the repeated threats that she had to leave, Parker decided she did not want to make a scene, so she waited in her car for her groceries.

13.    On May 19, 2020, Parker tried to shop at the store again.  An employee approached Parker in the produce section and told Parker she had to wear a mask.  Parker explained that she has medical conditions that prevent her from wearing a mask.  The employee responded: "That doesn't matter… it's the store's policy for our customers to wear a mask!" Parker produced a copy of the Secretary of Health's Order quoted below, but the employee just put up her hand, refused to look at the order and told Parker she had to leave the store.  Parker left without her groceries.

### Belle Vernon Giant Eagle

14.    **Kevin Gembarosky** lives in Rostraver and suffers from COPD and uses supplemental oxygen.  His condition substantially limits his major life activity of breathing and his respiratory system.  He cannot wear a mask because of his condition.

15.    The events complained of occurred on August 17, 2020, at the Giant Eagle located at 300 Tri County Ln, Belle Vernon, PA 15012.  Gembarosky parked in the second handicapped parking space next to the main door.  His vehicle has the permanent disabled parking plates.  He exited his vehicle and put his oxygen concentrator backpack on to carry his oxygen supply.

16.    Gembarosky entered the store and grabbed a shopping cart and went to the vegetable aisle.  Approximately 25 yards into the store, as Gembarosky was choosing produce, a

young woman questioned him about not wearing a mask.  Gembarosky explained that he has a medical condition and it was obvious he was using supplemental oxygen.  The employee stated that it didn't matter and Gembarosky asked to see the manager.

17.     The manager explained the company policy, that it was private property, and offered alternatives that left Gembarosky shopping elsewhere or standing outside.  Gembarosky explained that the manager was violating his rights to equal access, that his accommodations didn't allow Gembarosky the same choices as healthy customers, and that this policy was in fact a violation of the PA Executive Order on masks.

18.     Gembarosky asked him for a copy of the policy.  The manager said it is the signs on the door.  Gembarosky asked for the store info and the manager's name to be written down and the manager gave only a part of the requested information.  Since he was denied access to the store because of his disability, Gembarosky explained that he was willing to go to court over the denial of access to the store and the manager said he understood.  Gembarosky left without being permitted to shop for groceries.

### Bethel Park Giant Eagle

19.     **Lisa Marie Brannigan** lives in Pittsburgh and has anxiety disorder that substantially limits her major life activities of breathing, thinking and concentrating and her brain and respiratory and nervous systems.  Brannigan cannot wear a mask a mask without experiencing severe anxiety and difficulty breathing.

20.     The events complained of occurred at Bethel Park Giant Eagle on May 8, 2020. Brannigan attempted to enter the store without a mask but was denied entry by a security guard. Brannigan then spoke with a manager who told her she was not allowed inside the store without a mask.  The security guard commented that masks aren't that uncomfortable.

21.     Brannigan was given the number of the corporate offices.  Brannigan tried to get the manager and the corporate representative to find a way to accommodate her.  Giant Eagle would not allow her to use the curbside option because she was going to pay with her EBT card.  After about twenty minutes of non-productive conversation and no accommodations made, Brannigan left in tears with no groceries.

## Brentwood Giant Eagle

22.     **Theodore Frick** lives in Pittsburgh and has COPD and other disabling conditions that substantially limit his major life activity of breathing and his respiratory system.  Frick has a document from his physician confirming his COPD and the fact that he cannot wear a mask due to his condition.

23.     The events complained of occurred on June 13, 2020 at the Brentwood Giant Eagle.  An employee at the front of the store would not allow Frick to enter the store without a mask.  Frick returned to his car and called the store manager, Rick.

24.     Frick told Rick that he had a document from his doctor stating that he has COPD and cannot wear a mask.  Rick responded that he didn't care what Frick's paper says or what his doctor says; and Frick is not allowed inside the store without a mask.  Rick said: "Get in line; take a number and sue me."

25.     After being denied the opportunity to purchase groceries, Frick called the corporate office.  A Giant Eagle representative confirmed that Rick is the manager of the Brentwood Giant Eagle.  The representative told Frick that Giant Eagle would look into the matter.  Frink has not heard anything further from Giant Eagle.

## Bridgeville Giant Eagle

26.     **Alex Sakelos** lives in Canonsburg and is a person with a disability who has asthma

that substantially limits his major life activities of breathing and his respiratory system. Complainant cannot wear a mask a mask without experiencing difficulty breathing.

27.     The events complained of occurred at Bridgeville Giant Eagle on July 1, 2020. Sakelos entered the store with his wife.  Sakelos was not wearing a mask.  Sakelos was approached by the manager who told Sakelos he had to wear a mask in the store.  Sakelos responded that he cannot wear a mask due to his asthma.  The manager responded that his medical condition didn't matter because it's store policy.

28.     Sakelos and his wife were followed around the store harassed by the manager. Sakelos asked the manager to produce a copy of the store policy, but the manager refused.  The manager told Sakelos he would not be able to check out if he was not wearing a mask.  The manager then proceeded to shut down the self-checkout registers so Sakelos could not pay for his groceries.  Sakelos's wife, who was wearing a mask, asked why she couldn't check out and the manager's ridiculous response was that she could not check out because Sakelos was touching the cart.  Sakelos and his wife left the store without their groceries.

**Brighton Road Giant Eagle**

29.     **Cindy Lennex** lives in Pittsburgh and is a person with a disability who has physical conditions, asthma and COPD, that substantially limit her major life activity of breathing, her lungs and her respiratory system.

30.     The events complained of occurred at Brighton Road Giant Eagle on or about May 13, 2020.  Lennex was stopped at the door and asked if she had a mask.  She explained to an employee that she could not wear a mask due to her respiratory conditions.  She was allowed to enter the store.

31.     While shopping, Lennex was approached by a manager who informed her that she had to leave the store because she was not wearing a mask.  Lennex told the manager that she cannot wear a mask because of her respiratory conditions, but the manager told Lennex that if she did not put on a mask she had to leave.  Lennex left the store without being permitted to purchase any groceries.

## Butler Giant Eagle

32.     **Doug Janaszek** lives in Butler and is a person with a disability who has a respiratory condition that substantially limits his major life activity of breathing and his respiratory system.  He cannot wear a face covering without becoming short of breath and lightheaded, followed by gagging and vomiting.

33.     The events complained of occurred that the Clearview Mall Giant Eagle on April 26, 2020.  Janaszek entered the store without wearing a mask.  He was not initially confronted by the employee at the door.  Janaszek shopped inside the store for approximately 15 minutes and had filled half of his cart with groceries.  While in the frozen foods section, Janaszek was approached by two Giant Eagle employees.  He was told that he needed to wear a mask if he wanted to continue shopping.  Janaszek explained that he could not wear a mask due to his breathing problem.  He asked if he could check out with his cart as is, but he was told that he could not check out and he needed to leave the store.

34.     When Janaszek was told he had to leave the store, he mentioned the Governor's order that specifically stated that people could shop without a mask if they have a medical condition that prevents them from wearing masks.  The Giant Eagle employee responded that they didn't have to abide by the order.

35.     Janaszek then asked about curbside pick-up.  The employee responded that they didn't have to offer that service because it was not offered before the Governor's order. Janaszek was then told again that he had to immediately leave the store.

36.     Janaszek left the store, but in the parking lot he decided to go back and ask for a manager.  Janaszek asked the manager how he could refuse Janaszek service and still be compliant with the ADA.  The manager responded that they were an independent store and could set policy as they wanted.  The manager told Janaszek there wasn't anything he or Janaszek could do about it.  Janaszek left.

37.     The next day Janaszek called the store and asked for a manager.  He explained what happened the previous day.  The manager Janaszek spoke with was the same manager from the day before.  The manager repeated that they were an independent store, they could do whatever they wanted, and the ADA didn't apply.  He said the store did not have to offer curbside pick-up and Janaszek was not offered a personal Giant Eagle shopper.

38.     In response to a complaint from Janaszek that specifically referenced the ADA, he received the following text from Giant Eagle:

> **Hi Douglas!  We appreciate you sharing this important information with us.  Unfortunately, for your safety and that of others in the store, we are unable to permit you to shop without a face covering.  We are happy to provide you with a one-time courtesy face mask.  Thank you have a great day!** 😊

39.     **James Leonard** lives in Butler and is a person with a disability who has numerous physical and mental conditions, including Post-Traumatic Stress Disorder (PTSD), anxiety, and claustrophobia that substantially limit his major life activities of breathing, thinking and concentrating and his respiratory and nervous systems.  Leonard cannot wear a mask over his face without experiencing panic attacks and anxiety.

40.     The events complained of occurred at the Clearview Mall Giant Eagle on May 14, 2020.  Leonard attempted to purchase groceries but was denied the ability to do so because he could not wear a mask.  Leonard explained that he could not wear a mask because of his medical conditions.

41.     Leonard was told that if he did not put on a mask, the manager was going to call the police.  Leonard advised the manager of the exception to the Secretary of Health's Order quoted below.  The manager responded: "I don't give a fuck about what [the Governor] said."

42.     Leonard was denied access to a Giant Eagle store again the following week because he could not wear a mask.  Leonard was told that Giant Eagle doesn't care about the Governor's rules and that Giant Eagle makes its own rules.

### Camp Horne Road Giant Eagle

43.     **John Durso** lives in Pittsburgh and is a person with a disability who has a respiratory condition, emphysema, that substantially limits his major life activity of breathing and his respiratory system.  He cannot wear a face covering due to his emphysema.

44.     The events complained of occurred at the Camp Horne Road Giant Eagle on May 28, 2020.  Durso entered the store without wearing a mask.  He immediately told a Giant Eagle employee that he has a medical condition that prevents him from wearing a mask.  He asked if he could enter the store.  The employee said he wasn't sure and went to get a manager.

45.     A few minutes later a female employee told Durso that he could not enter the store.  Durso explained again that he has a medical condition that makes it difficult to breathe and he would be unable to wear a mask.  The employee responded that he could not enter the store but perhaps he could place an order for curbside pickup in the future.  Durso stated that he thought that took quite a while and that he needed groceries now.  He also said that he had been

paying people to shop for him because of his disability but that it was costing him a large amount of money.  Giant Eagle didn't care.  Durso was turned away without groceries.

### Cranberry Township Giant Eagle

46.     **Tammie Aiken** lives in Cranberry Township and is a person with a disability who has physical and/or mental conditions, including a history of lung fibroids, stoke and vertigo that substantially limit her major life activity of breathing and her respiratory system.

47.     The events complained of occurred at the Cranberry Mall Giant Eagle on May 28, 2020.  Aiken attempted to shop without a mask covering her mouth and nose.  Aiken explained she cannot wear a mask because of her medical condition.  An employee told Aiken that it didn't matter and that unless she wore a face-covering she would have to leave the store.  A Giant Eagle employee yelled at Aiken in the store causing everyone look at Aiken drawing attention to her medical condition.

48.     Later, Aiken called the store to speak with the manager.   When they spoke, the manager told Aiken there was nothing he could do that it was a corporate decision to require everyone to wear a mask inside the store.  The manager advised Aiken to use curbside pickup in the future if she cannot wear a mask.

49.     **Debbie Vidovich** lives in Sewickley and is a person with a disability who has several health conditions that substantially affect her major life activity of breathing and her respiratory and immune systems.

50.     On April 23, 2020, Vidovich attempted to enter the Cranberry Township Giant Eagle store without wearing a mask.  Vidovich advised Defendant that she could not wear a mask because of her medical condition and that she had received a medical exemption from the mask requirement.

51.     Vidovich advised Defendant that she was not required to wear a mask in accordance with the Secretary of Health's Order.  Defendant responded that it is a private business and that it could choose to impose restrictions greater than those imposed by the Health Secretary.

52.     Nonetheless, Vidovich was initially waived into the store by an employee, despite the fact that she was not wearing a mask.  However, while in the store, Giant Eagle called the police and reported Vidovich was trespassing at the store in violation of its mask requirement. Vidovich was informed by the police if she came back to the store in the future without a mask, she could be arrested for trespass.

53.     On May 1, 2020, Vidovich entered the Ohio Township Giant Eagle store and was told again that she must wear a mask.  Vidovich had tried to schedule curbside pick-up for two weeks but was unable to get a timeslot. Vidovich was advised that she could alternatively go to the Parkway West Giant Eagle location instead of the Ohio Township location, which is much closer to her home.

54.     Vidovich was forced to wear a mask that negatively impacted her breathing and exacerbated her disability.   She tried to comply with Giant Eagle's illegal mask policy despite the dangers to her health.  Before leaving the store, Vidovich became short of breath and passed out in the checkout line.  While falling to the floor, Vidovich hit the checkout counter and her shirt became caught on the counter exposing her chest.

55.     Approximately thirty minutes after leaving the store, Vidovich took her blood pressure which was extremely elevated at 190/108.  She also experienced dizziness, headaches, back and leg pain and a burning sensation in her lungs for days thereafter.

56.     **Leann Mismas** lives in Prospect and is an individual with a disability, PTSD, that substantially limits her major life activities of thinking and concentrating, her brain, and her nervous system.  Due to past trauma, Mismas cannot wear a mask without experiencing anxiety and panic attacks.

57.     On or about May 26, 2020, Mismas was shopping for groceries at the Cranberry Township Giant Eagle with her 5-year-old daughter.  Mismas was not wearing a mask.  An employee approached them and shouted that they needed to put on masks.  Mismas responded that she has a medical condition that exempts her from wearing a mask.  The employee started shouting profanity at Mismas, not maintaining social distance, and causing a scene.  Mismas' daughter began to cry.  Mismas picked up her daughter who was crying hysterically and left the store.

### Ebensburg Giant Eagle

58.     **Nathanael Dollar** lives in Colver and is a person with a disability (a disabled veteran) who has physical and/or mental conditions, including anxiety and PTSD that substantially limit his major life activities of breathing, thinking and concentrating and his brain, respiratory and nervous systems.  The conditions make it difficult to breathe and prevent Dollar from wearing a mask, without exacerbating his conditions.

59.     The events complained of occurred at the Ebensburg Giant Eagle on April 19, 2020.  Dollar attempted to shop without a mask but was told he had to leave the store.  Dollar tried to explain that he cannot wear a mask because of his medical conditions.  An employee responded that Giant Eagle didn't care and that it could kick anyone out of the store that it wanted.  Dollar left the store without purchasing groceries.

### Elizabeth Giant Eagle

60.     **Kimberly Pletcher** lives in West Newton and is a person with a disability who has a health condition that substantially impacts her major life activity of breathing and her respiratory system.  She cannot wear a mask over her mouth and nose without significant difficulty breathing.

61.     On April 29, 2020, Pletcher entered Giant Eagle's Elizabeth location without wearing a mask.  A Giant Eagle employee told Pletcher she had to wear a mask otherwise the Giant Eagle employee could not wait on her.  Pletcher responded by telling the employee that she has a medical condition that prevents her from wearing a mask.  Giant Eagle's employee told Pletcher she had to put on a mask, or she had to leave the premises.  At that point, another Giant Eagle employee approached Pletcher and said: "The law is you must wear a mask."  Because Pletcher could not comply with Giant Eagle's illegal demands, she left the premises without making a purchase.

## Erie Giant Eagle

62.     **Rebecca Struchen** lives in Erie and is a person with a disability who has physical and/or mental conditions, including cardiac and pulmonary diseases, PTSD and anxiety, and an ear deformity (such that there is no external ear to hold up a mask) that substantially limit her major life activities of breathing, thinking and concentrating, and her respiratory and nervous systems.

63.     The events complained of occurred at the Yorktown Center Giant Eagle on June 15, 2020.  Like Struchen had done in the past, she proceeded to shop at the Yorktown store without a mask.  She cannot wear a mask because of her medical conditions.  Struchen was stopped by an employee who told her she could not be in the store without a mask.  Struchen explained that she had shopped in the store without a mask previously without incident.  The

employee responded that he did not know how she slipped through before, but he would not allow her to purchase anything without a mask.

64.     Struchen advised the employee that she cannot wear a mask due to her medical conditions.  The employee responded that Giant Eagle does not recognize any exceptions to its mask policy and does not follow Governor Wolf's order.  The employee stated that he would not sell Struchen any items if she was not wearing a mask and he offered to take Struchen to get a mask.

65.     Struchen tried to quietly explain to the employee that she does not have an ear to attach a mask.  The employee chuckled and said: "What?"  By this time others were watching and listening, and Struchen then had to explain she does not have an ear on which to attach a mask.  The employee then said the store had other options she could use.

66.     Struchen was so embarrassed and humiliated that she left the store immediately. She was not permitted to purchase her groceries.  As she left the store other customers looked at Struchen as if she had stolen something.

67.     **Holly Pulling** lives in Erie and is a person with a disability, severe asthma and allergies, that substantially limit her major life activity of breathing and his respiratory system. She uses an albuterol inhaler numerous times per day and she is unable to wear a mask due to her asthma.

68.     The events complained of occurred at the Erie Giant Eagle on June 22, 2020. Pulling attempted to shop for groceries using the curbside pickup option because she knew she could not wear a mask.  Pulling attempted to place an order using the Giant Eagle app, but she could not pay for the groceries with her EBT card.

69.     Pulling then called the store and was told they do not accept EBT for a curbside pickup order, so Pulling would have to shop inside the store.  Pulling explained that she cannot wear a mask because of her asthma.  Pulling was then transferred to a manager who told her that Giant Eagle required everyone inside the store to wear a mask and she would not be allowed inside the store unless she was wearing a mask.  When Pulling again stated she cannot wear a mask, there was no interaction, Pulling was simply given the corporate customer service number to call.

70.     Pulling was then rudely dismissed by a customer service representative who said all she could do was send Pulling's complaint up the management chain.  The call was ended and there was no follow up by Giant Eagle.

71.     Despite Pulling's efforts to comply with Giant Eagle's illegal and discriminatory policies and procedures, Giant Eagle made no accommodations and failed to engage in an interactive process with Pulling, such that Pulling was denied the ability to purchase groceries.

## Finleyville Giant Eagle

72.     **Gregory Mandich** lives in Vanderbilt and is a person with a disability who has physical and/or mental conditions, including anxiety and claustrophobia that substantially limit his major life activity of breathing and his respiratory and nervous systems.  Mandich cannot wear a mask over his face without experiencing anxiety and distress.  He believes it may be a result of a past near-drowning incident.

73.     The events complained of occurred at the Finleyville Giant Eagle on April 30, 2020.  Mandich walked into the store and was met by a Giant Eagle employee who had a mask hanging around his neck.  The employee asked Mandich: "where is your mask?"  Mandich responded that he cannot wear a mask because of a medical condition.  The employee responded

that it didn't matter, and that Mandich could not enter the store without a mask.  Mandich then asked to speak with a manager.

74.     Mandich told the store manager that he needed to shop for groceries and use the restroom.  The manager asked if Mandich had a mask and Mandich responded that he cannot wear one because of his medical condition.  The manager replied that Mandich could not enter the store without a mask and that he needed to step outside if he had any more questions. Mandich explained that he understood that if he has a medical condition that prevents him from wearing a mask that he was not required to wear a mask to enter the store and that the store employees were not permitted to ask questions about Mandich's medical condition.  The manager simply stated that if Mandich didn't cover his face, he could not come into the store.

75.     Mandich left the store without purchasing any groceries.  As he was leaving, Mandich told the manager that he intended to file a complaint with Giant Eagle's corporate office.  The manager told Mandich to go ahead, but that the corporate office would tell him the same thing.  Mandich then called Giant Eagle's corporate office and was told that it is corporate policy that no one can enter a store without a mask, even if the customer has a medical condition that prevents the customer from wearing a mask.

**Franklin Giant Eagle**

76.     **Graydon Graham** lives in Seneca and is a person with a disability who has physical and/or mental conditions, including a cardiac condition and a previous heart attack that substantially limit his major life activity of breathing and his cardiovascular system.  Graham cannot wear a mask over his face without experiencing cardiac stress.

77.     The events complained of occurred at the Franklin Giant Eagle on May 24, 2020. Graham was half-way through the store when he was confronted by two Giant Eagle employees

who insisted that he immediately leave the store because he was not wearing a mask.  Graham was not given an opportunity to explain that he has a medical condition that prevents him from wearing a mask.

78.     Graham left the store without purchasing any groceries.

## Greensburg Giant Eagle

79.     **Paula Soost** lives in Uniontown and suffers from anxiety disorder that substantially limits her major life activities of breathing, thinking and concentrating and her respiratory and nervous systems.  Soost cannot wear a mask due to her anxiety.

80.     The events complained of occurred at the Greensburg Giant Eagle on June 15, 2020. Soost was stopped upon entering the store because she did not have a face mask. The employee on mask detail got the manager and the manger refused to allow her in the store to shop even after Soost explained that she cannot wear a mask because of her anxiety and after Soost produced a medical excuse.  The manager then told Soost she could make a list and the manager would shop for her while Soost stayed outside.

81.     Soost made a list and stayed outside until she was told to come into the store to pay for the groceries.  The manager allowed Soost into the store to pay for the items without a mask but did not allow her in the store to shop for herself.

82.     Soost was denied an equal opportunity to shop in the store like non-disabled customers.  The experience singled her out and kept her out of the store.  The experience was very humiliating, having to stand in the doorway while everyone came in and passed Soost by.

83.     **Genevieve Mellott** lives in Greensburg and is a person with a disability who has physical and/or mental conditions, including lupus that affects her lungs and heart and that substantially limit her major life activity of breathing, and her respiratory, cardiovascular, and

immune systems.  Mellott's condition makes it very difficult to breathe and prevents Mellott

from wearing a mask or face covering.

84.     The events complained of occurred at the East Gate Giant Eagle on May 31, 2020.

Mellott attempted to enter the store without a mask.  However, Mellott was denied access to the

store and the pharmacy.  Mellott tried to explain that she cannot wear a mask due to her medical

condition, but Mellott was still denied access to the store.

85.     Mellott advised the store manager that Giant Eagle was violating the ADA that

requires them to make a reasonable modification of its policy.  Nonetheless, Giant Eagle

continued to refuse her access to the store and told her all it would do is bring her prescription

medication to her outside the store.  Mellott responded that she did not want curbside pickup and

that she wanted to shop for her own food.  Giant Eagle continued to refuse her access to the

store.

### Hempfield Giant Eagle

86.     **Clyde Piovesan** lives in Scottdale and is a person with a disability who has

physical and/or mental conditions, including skin cancer on his lip that substantially limit his

major life activity of eating and affects his cell growth.  Piovesan recently had surgery and a skin

graft and his lip was still raw, and he still had stitches in the wound.

87.     The events complained of occurred at the Hempfield Giant Eagle on June 5, 2020.

Piovesan attempted to shop without a mask.  Piovesan advised an employee at the door that he

cannot wear a mask because of his medical conditions described above.  The employee called the

manager.

88.     Piovesan explained to the manager that he was there to purchase food for his

granddaughter's birthday.  He explained his medical condition and told the manager that he

could not wear a mask because of the condition.  The manager responded that he could not enter the store without a mask and if he entered, she would call the police and have him arrested for trespassing.  The manager handed Piovesan a mask and told him to put it on, then he could enter the store.

89.     Reluctantly, Piovesan complied.  Piovesan was in the store for approximately 20 to 30 minutes because the item he wanted to purchase was marked incorrectly and needed to be remarked.  When Piovesan left the store, there was a different employee at the door.  He stopped and told the employee he wanted her to witness what happened when he removed the mask.  When Piovesan removed the mask that Giant Eagle forced him to wear, one of the stiches and a piece of his lip stuck to the mask and was removed from Piovesan's face.

90.     **Michele Whitcroft** lives in Export and is a person with a disability who has a physical condition, asthma, that substantially limit her major life activities of breathing, her lungs and her respiratory system.

91.     The events complained of occurred at Hempfield Giant Eagle on June 27, 2020.  Whitcroft had been shopping at the PetSmart adjacent to the Giant Eagle.  She wanted to use the ATM located inside the Giant Eagle store.  Whitcroft was told that she could not enter the store without a mask.  She explained that she is asthmatic and cannot wear a mask.  A manager confirmed that Whitcroft would not be permitted inside the store without a mask, despite her medical condition.

92.     Because Whitcroft needed to use the ATM inside the store, she reluctantly put on a mask provided by Giant Eagle but informed the Giant Eagle employees that if she suffered an asthma-attack they would be fully responsible.  Whitcroft proceeded to the ATM and as she was walking back to the store exit, she began to suffer an asthma attack.  She made it to the first

register but was unable to speak because of the attack.  The cashier called the manager who called 911 and Whitcroft was taken out of the store by ambulance and rushed to Westmoreland Regional Hospital.  Whitcroft was released after being treated.

93.     **Timothy Bair** lives in Jeannette and is a person with a disability who has physical and/or mental conditions, including asthma and anxiety that substantially limit his major life activities of breathing, thinking and concentrating, and his respiratory and nervous systems.  He cannot wear a mask without experiencing difficulty breathing and anxiety.

94.     The events complained of occurred at Hempfield Giant Eagle on June 7, 2020.  Bair attempted to enter the store without wearing a mask.  Bair was confronted by an employee who told Bair he needed to put on a mask.  Bair responded that he has a medical condition that prevents him from wearing a mask.  The employee responded: "so what, put a mask on."   Bair responded that all he needed was milk and he proceeded into the store.

95.     While in the store, Bair was told by a manger, Darlene, that he was trespassing, and she called the police.  Bair got his milk and proceeded to a self-checkout line, but an employee turned off the self-checkout so Bair could not pay for the milk.  After being denied the ability to purchase the milk, Bair sat and waited for the police officers to arrive.

96.     While the police officers did not agree with Giant Eagle's position, they escorted Bair out of the store after a discussion about the illegality of Giant Eagle's policy.  Bair was embarrassed and humiliated by the actions of Giant Eagle's employees in front of numerous other customers, who unlike Bair, were permitted to purchase groceries.

97.     **Amy Ulery** lives in Dawson and is a person with a disability, asthma, that substantially limits her major life activity of breathing, as well as her respiratory system.  Ulery

has a note from her physician that she cannot wear a mask due to her asthma.  She lives in

Dawson, PA, and would typically shop at the Hempfield Giant Eagle.

98.      After hearing horror stories about the way Giant Eagle was treating disabled

customers who cannot wear masks, and not wanting to be subjected to like harassment and

humiliation, Ulery contacted the Hempfield Store, and spoke with a manager named Ian.  She

also contacted Giant Eagle's corporate offices spoke with Sarah Greene.  Each time she called,

Ulery was informed that she would not be allowed in the store without a mask.

99.      Ulery stayed away from the store because she was told she would not be allowed

in the store because of her disability and inability to wear a mask.  Ulery did not wish to

challenge Giant Eagle with a futile attempt to enter its stores or risk having the police called to

remover her like other disabled customers.

### Indiana Giant Eagle

100.      **Carolyn Stewart** lives in Saltsburg and is a person with a disability who has

physical and/or mental conditions, including a respiratory disease and allergies that substantially

limit her major life activity of breathing and her respiratory system.

101.      The events complained of occurred at the Indiana Giant Eagle on May 29, 2020.

Stewart attempted to enter the store but was stopped by a Giant Eagle employee who said she

could not enter without a mask.  Stewart explained she cannot wear a mask because of her

medical condition.  The employee told Stewart that it didn't matter and that unless she put on a

mask, she could not enter the store.

102.      Stewart then asked to speak with a manager.  Stewart was pulling up the Health

Secretary's Order on her phone when the manager appeared.  Stewart explained that she had

been told that she could not enter the store without a mask.  She explained that she has a medical

condition that prevents her from wearing a mask and according to the Order, she was exempt for wearing one.  The manager replied that it is Giant Eagle's policy that no one can enter a store without a mask.

103.    Stewart was told she had three choices; (1) put on a mask; (2) have someone else shop for her; or (3) order online and use curbside pickup.  Stewart was advised however, that curbside pickup was not available that day and she would have to come back at a later date if that was her choice.  Stewart was not permitted to purchase groceries and was offered no viable alternative to get groceries that day.

104.    **Gerald Thomchick** lives in Indiana, PA, and is a person with a disability who has several health conditions that substantially limit his major life activities of breathing and walking and his respiratory and nervous systems.

105.    On May 10, 2020, Thomchick entered the Town Fair Plaza Giant Eagle. Thomchick carries a card that states he does not need a mask due to the ADA and he also carries a copy of Dr. Levine's Order related to medical exceptions in case he is questioned about not wearing a mask in a public location.  Shortly after entering the store and picking up newspapers to purchase, Thomchick was surrounded by four Giant Eagle employees who all violated the store's social distancing rules because they were all one to two feet from Thomchick.  The employees yelled at Thomchick that he could not be in the store without a mask.  Other customers heard the commotion.  Thomchick explained that he has a medical condition that prevented him from wearing a mask.  The employees responded that it didn't matter.  One of the employees retrieved the manager.

106.    Defendant's Manager physically grabbed Thomchick by the arm and escorted Thomchick out of the store.  Thomchick explained that the situation was rude and embarrassing

and that by escorting him out by the arm, the manager was violating the store's social distancing rules.  Thomchick explained that he had a medical excuse and asked why they were treating him this way.  The manager said the store is private property and they could do as they pleased. Thomchick responded that they were violating the ADA and the Pennsylvania order.  The Manager responded by telling Thomchick that he was lucky he was not arrested and that he had to leave the premises now or the manager would call the State Police to arrest him.

### Jeanette Giant Eagle

107.     **Teresa Davis** lives in Claridge and is a person with a disability who has numerous physical and mental conditions, including anxiety, lupus, rheumatoid arthritis, brain aneurysms, among others, that substantially limit her major life activities of breathing and concentrating and her respiratory, cardiac, and nervous systems.  Davis cannot wear a mask over her mouth and nose because of her disabling conditions.

108.     The events complained of occurred that the Jeannette Giant Eagle on May 21, 2020. Davis attempted to enter the store without wearing a mask to pick up her medication at the pharmacy, as well as groceries for dinner.  As she entered the store without wearing a mask, she was stopped by a security guard who handed her a mask (he was not wearing gloves) and told her she had to wear it to enter the store.  Davis told the security guard that she could not wear it because of her medical conditions.  The guard incorrectly responded that it was "the law" and that she had to wear the mask.  Davis corrected the guard that it was not the law and proceeded to walk around the guard to the pharmacy.

109.     At the pharmacy, an employee was in the process of ringing up the sale of Davis's prescription when the security guard and other employees surrounded Davis in close proximity (in violation of the store's social distancing protocol) and told Davis that the sale could not be

completed unless she put on the mask.  An employee in the pharmacy then stopped the sale despite Davis explaining that she could not wear the mask because of her medical conditions and even discussed the medications she was taking for those conditions.  Davis was told that Giant Eagle would not sell her the medications unless she put on the mask.

110.    A manager then appeared and told Davis that if she would not follow Giant Eagle's illegal policy, she had to leave the store.  Davis was forced to leave the store without her medication or groceries.

111.    As Davis was escorted out of the store a Giant Eagle employee mocked her; waving at her and laughing.

112.    When Davis got to her car, her heart was pounding, and she was shaking.  She felt as though she was going to pass out and was afraid to drive.  She was extremely embarrassed, humiliated, and distraught as many who work at the store know her because she has shopped at the store and used the bank inside the store for years.

**Johnstown Giant Eagle**

113.    **Michael Hammers** lives in Johnstown and is a person with a disability (a disabled veteran) who has physical and/or mental conditions, including anxiety, PTSD, allergies and chronic sinusitis that substantially limit his major life activities of breathing, thinking and concentrating and his brain, respiratory and nervous systems.  The conditions make it difficult to breathe and prevents Hammers from wearing a mask.

114.    The events complained of occurred at the Johnstown Giant Eagle on May 31, 2020.  Hammers attempted to shop without a mask.  As soon as he walked in the door Hammers was told he needed to wear a mask to enter.  Hammers tried to explain that he cannot wear a

mask because of his medical conditions.  An employee responded by yelling at Hammers that it was company policy.

115.    Hammers then placed a bandana over his mouth and walked in the store with his wife.  Another employee approached Hammers and told him he had to cover his nose as well. Hammers responded that he cannot cover his nose without being unable to breathe.  The employee stated that she did not care about Hammers' medical condition, it was company policy, and he had to leave the store.  Hammers then left the store and his wife continued to shop.  When she was checking out, the employee who was checking out the groceries was wearing a mask that only covered her mouth, in the same fashion that got Hammers thrown out of the store.

116.    **Kristie Harnish** lives in Johnstown and is a person with a disability who suffers from PTSD and anxiety that substantially limit her major life activities of breathing, thinking and concentrating and her respiratory and nervous systems.  Harnish cannot wear a mask over her mouth and nose because of her disabling conditions.  When Harnish learned of the Secretary of Health's Order quoted below, she contacted her counselor and obtained documentation of her medical condition and the fact that she cannot wear a mask because of those conditions.

117.    The events complained of occurred that the Johnstown Giant Eagle on April 28, 2020 and May 2, 2020.  On April 28, Harnish was shopping without wearing a mask.  A man came running towards her and told her she could not shop without a mask.  Harnish told the employee that she had a medical condition that prevented her from wearing a mask and referenced the Secretary of Health's Order.  The employee responded that Giant Eagle is a private company that could do whatever it wanted.  The employee offered curbside, but Harnish stated that she wanted to pick her own groceries just like all the other customers in the store.

Harnish was told that she could not continue shopping without a mask and that she would have to leave the store.  Harnish left the store without purchasing her cart of groceries.

118.     On May 2, 2020, knowing that she would not be allowed in the store without a mask, Harnish called Giant Eagle to get a bottle of wine curbside.  The State Stores were not fully open and she had been unable to order through the state's online system.  Harnish was told that she could not get a bottle of wine curbside and she could only get it inside the store.  Harnish then stated that she has a medical reason she cannot wear a mask and asked if she could come into the store without a mask to purchase the bottle of wine.  Again, Harnish was told that she could not enter the store without a mask and that Giant Eagle is a private company that can do whatever it wants.

119.     Harnish called the store again when Pennsylvania entered the "Yellow Phase" of Governor Wolf's plan but was told again that Giant Eagle's policy requires masks be worn in the store, without exception.

120.     **Stephen McRae** lives in Windber and is a person with a disability who has asthma and other respiratory and cardiac conditions that substantially limit his major life activity of breathing and his respiratory and cardiac systems.

121.     The events complained of occurred that the University Park Giant Eagle on April 28, 2020.  McRae attempted to enter the store without wearing a mask to pick up his medication at the pharmacy for his respiratory conditions that prevent him from wearing a mask.  McRae was refused entry to the store.

122.     A manager appeared and told McRae that he could not enter the store without a mask.  Ironically, the manager was wearing what appeared to be a homemade mask that did not fit his face and kept sliding down well below his nose.

123.    McRae repeatedly told the manager that he could not wear a mask because of his medical condition and that he was trying to go to the pharmacy to get his prescription medication that treats the condition that prevents him from wearing a mask.  McRae repeatedly cited the Pennsylvania Health Secretary's Order quoted below and offered to show the manager the order. The manager refused and repeatedly told McRae that it was store policy that everyone had to wear a mask and that he could exclude anyone he wanted from the store.  McRae told the manager that he was being discriminated against and that the store policy was in violation of the Health Secretary's Order.  The manager said the store was operated by a private company and the policy that was implemented was more restrictive than the Secretary's Order.  McRae captured the entire exchange on video.

124.    After McRae repeatedly asserted his legal rights and advised the manager that he was violating the law, the manager told McRae that if he did not leave the premises the police would be called.  McRae, who firmly believed his legal rights were being violated calmly refused to leave until the police were called.

125.    Giant Eagle's manager called the Richland Police Department and reported that McRae was trespassing on store property.  When the police arrived, McRae explained the situation to the officers.  The officers asked him to leave and advised McRae that if he wanted to file a civil lawsuit against the company, he was free to do so.  At that point, McRae agreed to leave so that he was not arrested but asked the Richland Police to document the situation.

126.    Thereafter, McRae tried to speak with a different store manager to see if he would be allowed to gain access to the store to get his prescription.  McRae was told again that he could not enter the store without wearing a mask.

127.    **Carol Stevanus** lives in Somerset and is a person with a disability who has a

physical condition, that substantially limits her major life activity of breathing, her lungs and her respiratory system.  She is also claustrophobic and uses supplemental oxygen.

128.     The events complained of occurred at Johnstown Giant Eagle on June 8, 2020. Stevanus, who cannot wear a mask due to her respiratory condition, attempted to enter the store without a mask.  An employee informed Stevanus that she could not enter the store without a mask.  Stevanus had to ask her sister to get her a few items while she remained in her car.

129.     After Stevanus was denied access to the store, she contacted Giant Eagle to report the incident.  She received an email on June 9th that stated that Giant Eagle's policy in Pennsylvania and Maryland is that no one is allowed inside the store without a mask, no exceptions.

130.     **Drew Mangus** lives in Johnstown and is a person with a disability who has numerous physical and mental conditions, including asthma, PTSD, anxiety, and claustrophobia that substantially limit his major life activity of breathing, thinking and concentrating and his respiratory and nervous systems.  Mangus cannot wear a mask over his face without experiencing panic attacks and anxiety.

131.     The events complained of occurred at the Johnstown Giant Eagle on May 23, 2020.  Mangus attempted to purchase groceries but was denied the ability to do so because he could not wear a mask.  Mangus explained that he could not wear a mask because of his medical conditions.

132.     Mangus spoke to the manager who told him that he could not shop in the store without a mask because of corporate policy.

133.     Mangus told the manager that the policy violated the Governor's order and federal law.  The manager responded that understood but it was corporate policy that everyone had to

wear a mask.  Mangus was told to leave the store and he was not allowed to purchase any groceries.

134.     **Crystal McGinnis** lives in Hollsopple and is a person with a disability who has several physical and mental conditions, including asthma, PTSD, and anxiety that substantially limit her major life activities of breathing, thinking, concentrating, her lungs and her respiratory and nervous systems.  Her conditions prevent her from wearing a mask.

135.     The events complained of occurred at Johnstown Giant Eagle on July 3, 2020. McGinnis entered the store without wearing a mask.  She was approached by man who rudely told her she could not be in the store without a mask.  She explained that she cannot wear a mask due to her medical conditions.  In response, the male employee yelled that she cannot be inside the store without a mask and that if she has a medical condition, that is all the more reason she must wear a mask.

136.     McGinnis was told that if she did not wear a mask, she had to leave the store and if she tried to continue shopping, she would not be allowed to check out.  McGinnis was repeatedly told to leave the store.  She was followed out of the store and told not to return to the store again.  McGinnis left the store without being permitted to purchase groceries.

## Latrobe Giant Eagle

137.     **Polly Quintiliani** lives in Latrobe and is a person with a disability who has a health condition that substantially limits her major life activity of breathing and her respiratory and nervous systems.  She suffers from anxiety and an inflammatory disease that prevents her from wearing a mask.

138.     On or about May 15, 2020, Quintiliani called Giant Eagle to inquire whether she would be permitted to shop at the store because she cannot wear a mask for medical reasons.

Quintiliani was advised that she would not be allowed to shop at the store without a mask despite her disability.  As a result of Giant Eagle's representation that she would not be permitted into the store to shop like non-disabled employees who can wear masks, Quintiliani did not go to the Latrobe Giant Eagle because of apprehension that she would be thrown out of the store because she cannot wear a mask.  Quintiliani was therefore deprived of the ability to shop at Giant Eagle because of her disability.

## Leechburg Giant Eagle

139.    **Owen Burk** lives in Leechburg and is a person with a disability who has physical and/or mental conditions, including anxiety, and hypertension that substantially limit his major life activity of breathing, thinking and concentrating and his respiratory, cardiovascular and nervous systems.  Burk cannot wear a mask over his face without experiencing severe panic attacks and anxiety.

140.    The events complained of occurred at the Allegheny Towne Center Giant Eagle on May 9, 2020.  Burk attempted to purchase groceries, but he was harassed and told he had to leave the store because he could not wear a mask.  Burk explained that he could not wear a mask because of his medical conditions.  However, an employee screamed at Burk several times that if Burk didn't wear a mask, he had to leave the store.

141.    A few minutes later, a manager appeared and began heckling Burk and screaming that Burk had to wear a mask.  When Burk explained to the manager that there was no law requiring him to wear a mask because of his medical condition, the manager stated that he disagreed and threatened to call the police.

142.    Burk continued shopping.  As he was standing in the check-out line, an officer from the Allegheny Township Police, accompanied by the manager, approached Burk.  Burk

informed them that he had a medical condition that prevents him from wearing a mask.  After a short debate about the illegality of Giant Eagle's mask policy, Burk was told by the officer that Giant Eagle did not want him in its store and Burk could either leave or be charged with trespass. Burk was told by the manager that he could pay for his groceries this time, but Burk is not welcome in the store again.

143.   **Tracie O'Connor** lives in Kittanning and is a person with a disability who has numerous physical conditions, including asthma, that substantially limit her major life activity of breathing and her respiratory and nervous systems.  O'Connor cannot wear a mask over her mouth and nose because of her disabling conditions.

144.   The events complained of occurred that the Leechburg Giant Eagle on May 25, 2020.  O'Connor attempted to purchase items at the deli.  O'Connor was told that she could not be in the store without a mask.  O'Connor explained that she could not wear a mask because of her respiratory conditions, including asthma and showed the employee her inhaler.  O'Connor's husband also explained that O'Connor is on disability because or her respiratory issues and that her disabilities would not allow her to wear a mask.  A Giant Eagle employee responded that O'Connor's medical disabilities did not matter, and that Giant Eagle is a privately-owned company and it sets the rules for the store.

145.   O'Connor walked away toward the produce isle and a similar encounter occurred with another employee.  The employee told O'Connor that if she could not wear a mask, she could drive to New Kensington to receive "curbside pickup."  The New Kensington store is 16 miles away and O'Connor lives 2 miles from the Leechburg store.

146.     As O'Connor was speaking with the second employee, a third employee walked

by and said: "no mask, no groceries."  Other customers were staring at O'Connor by this time as

she was harassed by Giant Eagle employees.

147.     O'Connor was humiliated and embarrassed by Giant Eagle's outrageous conduct.

O'Connor had to leave the store without purchasing groceries.

148.     One of O'Connor's disabling conditions is Systemic Lupus Erythematosus that

attacks her organs.  Stressful situations, like the one described herein, cause flares making it

more difficult to breathe.  The following day, because of Giant Eagle's illegal discrimination and

retaliation, O'Connor experienced difficulty breathing and severe muscle and joint pain that

required a steroid pack of ten days-worth of Prednisone and repeated use of her inhaler.

150.     **Paul Shepherd** lives in Vandergrift and is a disabled United States Military

Veteran who has several health conditions that substantially limit his major life activity of

breathing and his cardiac and respiratory systems.

151.     On May 8, 2020, Shepherd attempted to enter the Allegheny Towne Center Giant

Eagle store while wearing a face shield that covered his face from forehead to chin; not a cloth

mask.  Shepherd was denied entry to the store.  He was told that in order to enter the store he

needed to wear a cloth mask.

152.     Shepherd advised Defendant that he is a disabled veteran and that he could not

wear a cloth mask because of his medical condition.  He was informed that no one is permitted to

enter the store without a mask.  Shepherd then asked to speak to a manager.

152.     A manager eventually appeared, and Shepherd politely introduced himself and

explained that he has been a paying customer for years.  The manager did not provide his name.

Shepherd then explained to the manager that he is a disabled veteran who under federal law is

unable to wear cloth masks due to an approved medical reason.  Shepherd then asked for permission to enter the store to shop for groceries.

153.    The manager responded **"No.  No Mask No Entry."**  Shepherd then asked the manager if he was familiar with the ADA and HIPAA.  The manager responded: **"I don't give a shit about them.  We follow the PA Governor's law.  No Mask…No Entry.**  You can call and order your groceries and pick them up."  Shepherd then advised the manager that he would give him a grocery list and return in three hours.  The manager responded that they don't offer the service at the Allegheny Towne Center location and that he would have to use the New Kensington location which is 13 miles away.

154.    Shepherd called the local police and asked the police officer to enforce the ADA and his federal right to equal access to the store.  The officer returned and apologized saying that the manager is standing on the Governor's law and they as a private business are refusing to admit you without a mask.  Shepherd then left the store.

155.    **Rita Gorzock** lives in Apollo and is an adult individual who resides in Apollo, Armstrong County Pennsylvania.

156.    Rita Gorzock has a respiratory disease that requires her to use oxygen.  She is also epileptic and cannot drive.  Gorzock has several medical conditions that substantially limit her activities of daily living including breathing, walking, and driving.  Her conditions also limit her respiratory and nervous systems.  Gorzock cannot wear a mask due to her respiratory disease.

157.    The events complained of occurred on June 21, 2020 at the Leechburg Giant Eagle.  The manager and an associate met Gorzock at the door and told her she could not enter the store without a mask (neither of them was wearing a mask).  Gorzock explained that she

cannot wear a mask due to her breathing issues that require supplemental oxygen.  The employees rudely told her that she was not coming in the store without a mask.

158.     The employees told Gorzock that she could arrange for curbside pickup.  She responded that she doesn't drive, and she would have to pay for someone to give her a ride to another store since the Leechburg store does not offer curbside pickup.  The Giant Eagle employees continued to illegally refuse Gorzock entry to the store and she had to leave without being permitted to purchase groceries.

159.     **Christine Pierro** lives in Leechburg and is an individual with a disability (asthma) that substantially limits her major life activity of breathing and her respiratory system.  Pierro cannot wear a mask due to her breathing difficulty.

160.     In April of 2020, Pierro attempted to shop in the Leechburg Giant Eagle, but was told she could not enter the store without a mask.  Pierro told the manager that she cannot wear a mask due to her medical condition and informed him that if she were forced to wear a mask, he would be picking her up off the floor because she cannot breathe with a mask on due to her asthma.  The manager responded that the corporation had a conference call with Governor Wolf and that masks are required in the store if she wanted to shop there.  Otherwise, Pierro would have to call an order in for pick up or have it delivered.  Pierro was forced to leave the store without groceries.

161.     **Steve Roberts** lives in Apollo and has asthma and anxiety disorder that substantially limit his major life activities of breathing, thinking and concentrating and his brain and respiratory and nervous systems.  Roberts cannot wear a mask a mask without difficulty breathing and anxiety.

162.     The events complained of occurred at the Leechburg Giant Eagle in June 2020. Roberts attempted to enter the store without a mask but was denied entry by a Giant Eagle employee.  Roberts told the employee that he has asthma and he had to do some quick shopping. Roberts walked past the employee who told Roberts he could not enter the store without a mask.

163.     Roberts was confronted in the store and told he would have to leave.  Roberts started to have a panic attack and asked to speak to the manager.  Roberts then spoke with the manager who told him that per corporate policy he could not be in the store without a mask and that his medical condition did not matter; she didn't care about his health issues.   Roberts was ridiculed and harassed by a Giant Eagle employee who pointed him out and talked about him with another customer.  Roberts was forced to leave the store with no groceries.

## Ligonier Giant Eagle

164.     **Connie Winner** lives in Greensburg and is a person with a disability who suffers from, and is treated for, anxiety and panic disorder that substantially limits her major life activities of thinking, concentrating, breathing and her respiratory and nervous systems.  Winner is also a caregiver for her disabled mentally challenged brother who was with her when Giant Eagle illegally discriminated against her in violation of the ADA.

165.     The events complained of occurred on or about April 24, 2020 at the Ligonier Giant Eagle store.  On or about that date, Winner walked into the Ligonier Giant Eagle without wearing a mask.  She is unable to wear a mask due to her medical disability.  Winner was with her disabled brother and was intending to shop for him.  She must read labels when shopping because, among other disabilities, her brother has dietary restrictions due to diabetes.

166.     A Giant Eagle employee yelled at Winner that she could not come into the store unless she was wearing a mask.  Winner's disabled brother was wearing a mask at the time.

Winner advised the employee that she cannot wear a mask because of her anxiety and panic attacks for which she takes medication.  Winner explained that she feels like she is suffocating if she wears a mask.  Winner then asked for a manager, again explained the situation, and the manager told her that she could not shop in the store without wearing a mask.  The manager then told Winner that if she did not leave, he would call the police.

167.     Winner responded that the manager could not violate her rights and that he certainly could not kick out a mentally challenged person, who was her client, and also her brother, for whom she was shopping.  Giant Eagle employees kept saying "its corporate, not us" and that Winner needed to leave, or they would call the police.  Winner repeated several times that she has a documented medical condition and that she takes medication for the condition. Giant Eagle didn't care.

168.     Winner then turned to get her brother who had wandered a bit and the manager yelled that Winner could not walk towards her brother.  Winner responded that she needed to get her client.  The cashier kept yelling at Winner.  Winner repeated that they were violating her rights and her brother's rights, but Giant Eagle employees kept saying it was a corporate policy and she had to leave.

169.     Embarrassed, humiliated, and anxiety stricken, Winner and her mentally challenged brother left the store without purchasing any of his groceries.

170.     The entire ordeal was extremely embarrassing, humiliating and stressful and exacerbated Winner's anxiety and panic attacks that have bothered Winner since the ordeal to the extent that she is having difficulty functioning and has even considered quitting her job.

171.     **Tommy Wynkoop** lives in Ligonier and is a person with a disability who has physical and/or mental conditions, including severe anxiety disorder and PTSD that substantially

limit his major life activities of breathing, thinking, concentrating and his respiratory and nervous systems.  Wynkoop cannot wear a mask over his face without experiencing anxiety and panic attacks.

172.    The events complained of occurred at the Ligonier Giant Eagle on April 28 and May 17, 2020.  On April 28th, Wynkoop was harassed, intimidated and coerced after he asserted his rights under the ADA.  On May 17, 2020, Wynkoop was refused access to Giant Eagle grocery store after again explaining that he cannot wear a mask because of his disability.  Thereafter, he was again threatened, intimidated, harassed and coerced by Giant Eagle management, particularly, Matt Faccenda.

173.    On April 28, 2020, Wynkoop attempted to comply with Giant Eagle's illegal mask policy despite his disability.  He tried to wear a mask in the store but had to remove it because it was causing him to experience severe anxiety and hyperventilation.  Wynkoop removed the mask so he could breathe, but he was immediately told that he had to put on the mask.  Wynkoop tried to explain that he cannot wear a mask on his face without experiencing severe panic attacks and severe anxiety.  Wynkoop even asked for special consideration in that he would put the mask on if anyone else entered the aisle he was shopping in and remove it again when he was alone.  The employee responded: "Absolutely not, put it on or you will have to leave the store, if you fail to leave the store, I will notify the manager and the police will be called."

174.    Wynkoop tried again to wear the mask, but he had to remove it again.  He was followed around the store like a shoplifter exacerbating his anxiety such that he had to sit in his vehicle for 15 minutes before he could calm down.

175.    On May 17, 2020, Wynkoop again tried to shop at the store without a mask. When Wynkoop walked into the store, he was immediately stopped by two employees who were yelling at him because he was not wearing a mask.  Wynkoop asked to speak with the manager and explained that he cannot wear a mask because of his medical condition.  The manager said it was corporate policy that everyone must wear a mask.  The manager then asked Wynkoop what his medical condition is, and Wynkoop responded that he suffers from PTSD, severe anxiety and depression and that when he wears a mask, he experiences severe anxiety and he hyperventilates. The manager responded that Wynkoop's medical conditions were not good enough to warrant an exception and that Wynkoop needed to put on a mask or leave.  He mentioned curbside pickup, but that service was not readily available, even on the same day.  Wynkoop was not permitted to purchase any groceries.  While he was talking with the manager he was subjected to ridicule and customers and employees were staring at him.  Wynkoop left the store and sat in his car crying while experiencing a panic attack due to Giant Eagle's illegal activity.

176.    Manager, Matt Faccenda, threatened Wynkoop on Facebook and told Wynkoop to go elsewhere.  Faccenda stated that Wynkoop's condition is "bull shit."  Faccenda also informed Wynkoop in writing that a face shield was not an option and he would still need to wear a mask under the shield to shop in the store.

177.    Wynkoop subsequently received a letter on May 26, 2020 that he was not allowed in the Ligonier Giant Eagle Store and that the letter was being sent to the Ligonier Police Department.  The letter advised that if Wynkoop tried to enter the store again, he would be arrested.  The decision to ban Wynkoop from the Ligonier store was made by the independent retailer, C&J Grocery Co., LLC, aided and abetted by Matt Faccenda.  The Ligonier store is the

only grocery store in approximately a 10-mile radius from Wynkoop's home and contains the pharmacy where he receives his medication for his disabling conditions.

178.   **Tony Kirby** is a person with a disability who has physical conditions, including lung damage and a respiratory condition that substantially limits his major life activity of breathing and his respiratory system.  Kirby cannot wear a mask over his face without experiencing difficulty breathing.  His physician has provided a written excuse stating that he should not be required to wear a mask.

179.   The events complained of occurred at the Ligonier Giant Eagle on May 4, 2020. On May 4, 2020 Kirby was harassed, intimidated and coerced after he asserted his rights under the ADA and PHRA.  On May 4, 2020, Kirby was refused access to Giant Eagle grocery store after explaining that he cannot wear a mask because of his disability.  Thereafter, he was threatened, intimidated, harassed and coerced by Giant Eagle employees.

## McKees Rocks Giant Eagle

180.   **Jeffrey Coulson** lives in McKeesport and is a person with a disability who has physical and/or mental conditions, including anxiety that substantially limit his major life activities of breathing and thinking, his brain, and respiratory and nervous systems.  Coulson cannot wear a mask without experiencing extreme anxiety.

181.   The events complained of occurred at the Kennedy Township Giant Eagle on April 24, 2020.  Coulson attempted to shop without a mask.  As soon as he walked in the door Coulson was stopped by an armed guard who asked why Coulson wasn't wearing a mask. Coulson responded that he cannot wear a mask because of his anxiety and allergies.  The guard proceeded to get the manager.

182.    The manager finally appeared and told Coulson "to bad, so sad, you cannot enter the store without a mask." Coulson then left the store without being permitted to purchase groceries.  He felt humiliated and intimidated.

### Meadville Giant Eagle

183.    **Judith March** lives in Conneaut Lake and is a person with a disability who has COPD that substantially limits her major life activity of breathing and her respiratory system.

184.    The events complained of occurred on or about May 25, 2020, at the Meadville Giant Eagle.  March has been denied access and equal enjoyment of the grocery store because of her inability to wear a mask due to her difficulty breathing.  March advised Giant Eagle of her difficulty breathing because of her COPD and the fact that she cannot wear a mask.  |March asked Giant Eagle employees who told her she must wear a mask if they were going to be responsible if something happened to her if she wore a mask and was unable to breathe, but no one would answer.

185.    On May 25, 2020, March attempted to enter Giant Eagle without wearing a mask.  An employee rudely told her she had to wear a mask to shop in the store.  She told the employee she had COPD that makes it difficult for her to breathe, but the employee insisted she wear a mask, nonetheless.  March put on a mask to enter the store then removed it.  When the employee saw her inside the store without a mask, he ran towards her and followed her yelling that she had to put the mask on.   He followed her to the register yelling at her to put the mask on.  He removed his cell phone from his pocket, at which time a female employee took March to another register, opened it, and checked March out.  The female employee explained that it was Giant Eagle's Policy that March had to wear a mask.  Again, March explained her breathing problems, but the employee said it was still Giant Eagle's policy that March had to wear a mask.

186.     After checking out, March went to the customer service desk to purchase lottery tickets.  There was a stationary cart nearby with no one around it.  A male Giant Eagle employee came over and pushed the cart into March, striking her leg with the cart.  The employee then told March sarcastically that she almost got hit by a runaway cart.  March informed the employee that he hit her with the cart.  His response was: "oh sorry."  He then walked away with the cart.

187.     The entire ordeal made March very fearful that she was going to be grabbed or otherwise manhandled by the overly zealous and aggressive Giant Eagle employees.  March believes that she was struck with the cart because she had refused to wear a mask.

188.     **Vincent Cappo** lives in Kittanning and is a person with a disability who has physical and/or mental conditions, including cricothyrotomy and tracheotomy and a narrow airway that substantially limit his major life activity of breathing and his respiratory system.  Cappo cannot wear a mask due to his conditions.

189.     The events complained of occurred at the Meadville Giant Eagle on June 14, 2020.  Cappo attempted to shop without a mask.  Cappo advised an employee at the door that he cannot wear a mask because of his medical conditions described above.  Cappo was nonetheless denied entry to the store and while the employee stated that Cappo could not enter the store because he cannot wear a mask, the employee would not provide a copy of the policy.

190.     Cappo was denied access to the store and denied the ability to purchase groceries.

## Monroeville Giant Eagle

191.     **Sharon Burton** lives in Pittsburgh and is a person with a disability who has several health conditions that substantially impact her major life activity of breathing and her respiratory and nervous systems.

192.     On April 15, 2020, Burton attempted to enter Giant Eagle's Monroeville location without wearing a mask.  A Giant Eagle employee told Burton she could not enter the store without a mask.  Burton advised Defendant that she could not wear a mask because of her medical condition.

193.     Burton advised Defendant that she was not required to wear a mask in accordance with the Secretary of Health's Order.  Defendant's employee responded: "who cares; it's our store policy."  At that point, an armed guard approached Burton and Burton left the store.

194.     That night, Burton called Giant Eagle's corporate office and was again told that she could not enter Giant Eagle stores without a mask, per corporate policy, and no exception would be made due to medical conditions.  The Giant Eagle representative then hung up on Burton.

195.     **Nicholas Conley** lives in Verona and is a person with a disability who has several health conditions that substantially affect his major life activities of breathing and concentrating and his respiratory and nervous systems.

196.     On May 1, 2020, Conley entered the Monroeville Giant Eagle store without wearing a mask.  After purchasing a lottery ticket inside the store, Conley decided to shop for groceries and medication.  When he went to the front of the store to get a shopping-cart he was approached by an armed security guard who told Conley that he could not be in the store without a face mask. Conley advised Defendant's agents that he could not wear a mask because of his medical condition and disability and that he had received a medical exemption from the mask requirement.  Conley even produced a medical excuse.

197.     Defendant's agent responded by stating that Conley's medical excuse was "fake." Defendant's agent then physically grabbed Conley several times in an effort to force him to leave

the store.  Other agents also approached Conley in a clear effort to threaten and intimidate Conley.  Due to Defendant's agent's physical contact, Conley was shocked and felt threatened and in imminent threat of physical violence by Defendant's agents acting in the course and scope of their employment/agency.

198.    Conley was forced to push one of Defendant's agents away after he was grabbed and pushed by the agent several times.  Defendant's agents followed Conley out of the store and continued to pursue him as he walked away.

199.    Defendant called the local police and is pressing charges of criminal trespass against Conley, despite the fact the only party whose actions were illegal was Giant Eagle; not Conley.

## Moon Township Giant Eagle

200.    **Robert Ree** lives in Moon Township and is an Iraqi war veteran who was diagnosed with PTSD and sleep apnea in 2012 by the Department of Air Force and the Veterans Administration.  Ree continues to receive treatment for his PTSD and sleep apnea that substantially limit his major life activity of breathing and his respiratory system.  Ree cannot wear a mask or use a C-PAP machine with a mask because of his conditions.

201.    The events complained of occurred at the Moon Township Giant Eagle on July 16, 2020.  Ree attempted to shop without a mask as he had done in the store 14 times since May 2020, without incident.  Ree was informed at the checkout in the wine and beer section that he needed to wear a mask in the store.  He responded by advising the clerk that he is a disabled veteran with a condition that prevents him from wearing a mask.  Another person behind him was also not wearing a mask.   Ree completed the transaction while the clerk kept repeating that he needed to wear a mask.

202.     Ree then proceeded into the produce section where he was confronted by a manager who told Ree he had to wear a mask in the store.  Ree explained again that he cannot wear a mask because of his medical condition.  The manager then accused Ree of lying when he told the manager that he had shopped in the store for months without wearing a mask.

203.     Ree was asked for proof of his medical condition and he produced a note on a prescription pad from the VA that says: "Due to a medical condition, patient is excused from wearing face mask."  In response, the manager did not engage in any interactive process, instead he told Ree that he could not be inside the store without a mask and simply told Ree he had to leave the store immediately.

204.     Ree complied with Giant Eagle's illegal request and left the store without purchasing any additional items and he cannot return to the store to shop like able-bodied customers as a result of Giant Eagle's zero-disability exception mask policy.

### Murrysville Giant Eagle

205.     **Kerry Palladino** lives in Export and is a person with a disability who has physical and/or mental conditions, including hypertension and thoracic aortic aneurysm that substantially limit her major life activity of breathing, and her respiratory and cardiovascular systems.

206.     The events complained of occurred at the Murrysville Giant Eagle on May 16, 2020.  Palladino attempted to shop without a mask.  An employee aggressively told Palladino she had to leave the store because she was not wearing a mask.  Palladino explained that she cannot wear a mask due to her medical condition and proceeded to shop.

207.     Palladino was then told she had to leave the store because she was not wearing a mask by a female manager.  Palladino again explained her medical condition prevented her from

wearing a mask, but the manager told her it did not matter.  When Palladino tried to continue shopping, the manager threatened to physically remove Palladino from the store and told Palladino that she would not be permitted to pay for her groceries.

208.     Giant Eagle then called the police who appeared and told Palladino they were going to arrest her for trespassing and that it was Giant Eagle's right to refuse to allow her to shop.  Palladino asked to simply pay for her items and leave, but Giant Eagle refused.  Palladino told the police that she would pass out if she was forced to wear a mask.  The police incorrectly told Palladino that Giant Eagle had a right to refuse to serve her and escorted Palladino out of the store.

### New Kensington Giant Eagle

209.     **John Blackstone** lives in Connellsville and is a person with a disability who has physical and/or mental conditions, including severe anxiety disorder and severe panic attacks that substantially limit his major life activity of breathing, thinking, concentrating and his respiratory and nervous systems.  Blackstone cannot wear a mask over his face without experiencing anxiety and panic attacks.

210.     The events complained of occurred at the New Kensington Giant Eagle on May 3, 2020 and the Greensburg location on May 28, 2020.  On both dates, Blackstone was refused access to Giant Eagle grocery stores after explaining that he cannot wear a mask because of his disability.

211.     On May 3, 2020, Blackstone attempted to enter the New Kensington Giant Eagle. Blackstone was stopped at the door by an armed guard who told Blackstone he could not enter the store without a mask.  Blackstone tried to explain that he is on disability and cannot wear a mask on his face without experiencing severe panic attacks and severe anxiety.  Blackstone was

told that he was not allowed in the store because of company policy and the guard did not care what his medical condition was.  Blackstone then spoke to a manager who also told Blackstone that he did not care about Blackstone's medical condition and he was not letting Blackstone into the store without a mask.

212.    Blackstone then called Giant Eagle's corporate office and was originally told that the manager had no right to stop Blackstone from entering the store and asked Blackstone to get the manager's name.  When Blackstone walked into the store to get the information, he was confronted by a female manager who told Blackstone that she did not care what corporate said, Blackstone was not allowed in the store.  The person on the phone from the corporate office then stated that the manager was right, without a mask Blackstone could not enter the store per company policy.  Blackstone was not permitted to purchase any groceries.

213.    On May 28, 2020, Blackstone was stopped at the entrance of the Greensburg Giant Eagle.  Blackstone again explained that he cannot wear a mask because of his disability. The Giant Eagle employee began swearing at Blackstone and threatened to remove Blackstone from the store himself, if Blackstone did not leave.  Blackstone then spoke to the manager and the belligerent employee.  The manager told the employee to stop the confrontation and go to the back of the store.  The manager then told Blackstone that he did not care about his condition and that Blackstone could not enter the store without a mask.  Blackstone asked the manager to put in writing that he was denying Blackstone entry to the store because he was not able to wear a mask, but the manager refused.  Blackstone asked for the name of the employee who was swearing at Blackstone and threatening him, but again, the manager refused to provide the information.  Again, Blackstone left the store without purchasing any groceries.

214.   **Bob Haggerty** lives in Brackenridge and is a person with several physical conditions that substantially limit his major life activity of breathing and his respiratory and immune system.  Haggerty has a chronic lung condition including a nodule in his right lung. Healthcare providers have cautioned him against wearing a mask.

215.   The events complained of occurred at the New Kensington Giant Eagle on June 13, 2020.  Haggerty had shopped at this location weekly.  Haggerty was in the store without a mask shopping.  He was confronted by several employees who swore at him and threatened violence because Haggerty would not put on a mask.  Haggerty responded that there is no state law requiring him to wear a mask and that he could not wear a mask due to his medical conditions.  The manager said he personally agreed with Haggerty, but he had to enforce the corporate policy.

216.   When Haggerty pointed out that there were customers at the registers checking out without masks, he was told that if people make it to the checkout line without a mask and without being confronted by a manager, they are permitted to purchase their groceries.  Haggerty was turned away.

### North Cambria Giant Eagle

217.   **Thomas Bensor** lives in Elmora and is a person with a disability who has several health conditions that substantially limit his major life activity of breathing and his respiratory system, including COPD.

218.   On May 26, 2020, Bensor attempted to enter Giant Eagle's Northern Cambria location without wearing a mask.  A Giant Eagle employee told Bensor he could not shop in the store without a mask.  Bensor advised Defendant that he cannot wear a mask because of his medical condition.  The store manager told Bensor that his medical condition did not matter, and

he could not shop inside the store without a mask.  The store manager told Bensor he needed to leave the store and that he could not return to the store without wearing a mask.

### North Huntingdon Giant Eagle

219.    **Jamie Marks-Borichevsky** lives in Harrison City and is a person with a disability who has physical and/or mental conditions, including asthma that substantially limit her major life activity of breathing and her respiratory system.

220.    The events complained of occurred at the North Huntingdon Giant Eagle on May 16, 2020.  Marks-Borichevsky attempted to enter the store but was stopped by a Giant Eagle employee who said she could not enter without a mask.  Marks-Borichevsky explained to the employee who was screaming at her that she cannot wear a mask because of her medical condition.  The employee then told Marks-Borichevsky that it is every Giant Eagle store's policy that everyone inside the store had to wear a mask, without exception, and if Marks-Borichevsky did not comply, the store would call the police.

221.    After being harassed and threatened by the Giant Eagle employee Marks-Borichevsky then tried to comply with Giant Eagle's illegal request because she couldn't believe what had just happened.  She partially put on the mask that was given to her, but she still experienced shortness of breath and chest pain.

222.    **Steven Parsons** lives in Irwin and is a person with a disability who has physical and/or mental conditions, including asthma that substantially limit his major life activity of breathing and his respiratory system.  The condition makes it difficult to breathe and prevents Parsons from wearing a mask.

223.    The events complained of occurred at the Irwin Giant Eagle on June 10, 2020.  Parsons attempted to shop without a mask.  As soon as he walked in the door Parsons was told he

needed to leave because he was not wearing a mask.  Parsons tried to explain that he cannot wear a mask because he suffers from severe asthma.  He told the employee that he does not need to wear a mask according to the CDC guidelines and the ADA.  The employee responded that she did not care, and if Parsons went any further, she would call the police.  Parsons then left the store without being permitted to purchase groceries.

224.     Parsons then called the store and spoke with the Assistant Manager, Lydia.  Lydia stated that it was corporate policy that everyone, regardless of medical conditions, must wear a mask.  She told Parsons that while she did not agree with the corporate policy, she would be fired if she did not enforce the policy.

225.     On June 20, 2020, Parsons attempted to shop in the Market District in Shadyside owned and operated by Giant Eagle, Inc.  While in the store, Parsons was approached by an armed state constable and store manager who screamed at Parsons for being in the store without a mask.  He was removed from the store and told to sue them.

226.     **Frank Wolfe** lives in North Huntingdon and suffers from Emphysema and COPD that substantially limit his major life activity of breathing and his respiratory system.  Wolfe has been advised by his physician not to wear a mask because of his conditions.

227.     The events complained of occurred at the North Huntingdon Giant Eagle on May 23 and July 14, 2020, and the Hempfield Giant Eagle on June 20, 2020.

228.     On May 23, 2020, Wolfe entered the store with a mask on because he knew he would not be allowed in the store without it, even with a disability.  In the dairy section he had to pull his mask down to breathe.  Wolfe was immediately told by two employees that if he did not put his mask back up, he would be escorted out of the store.  Wolfe explained that he was having difficulty breathing.  When he got home, he called the corporate office to complain about

harassment.  When he called the store to report that the corporate office had said he should not have been treated the way he was, the person on the phone called him a liar and hung up on him.

229.    On June 20, 2020, Wolfe stopped in the Hempfield Giant Eagle for a few items. He went into the store with a mask but had to take it off because he could not breathe.  When he tried to check out, without a mask, the cashier would not check him out and threatened to call the police.  Wolfe explained several times that he could not breathe with the mask on, but the employee didn't care.  A different employee checked him out and threw the receipt at him such that it fell on the floor.  It was difficult to pick up because Wolfe had one of his legs amputated.

230.    On July 14, Wolfe and his daughter were escorted out of the North Huntingdon Giant Eagle by two police officers while he was shopping, because he had pulled his mask down to breathe.

### Oil City Giant Eagle

231.    **Josiah Kostek** lives in Oil City and is a person with a disability who has numerous physical and mental conditions, including panic attacks, anxiety, and claustrophobia that substantially limit his major life activity of breathing, thinking and concentrating and his respiratory and nervous systems.  Kostek cannot wear a mask over his face without experiencing severe panic attacks and anxiety.

232.    The events complained of occurred that the Oil City Giant Eagle on May 16, 2020 and May 27, 2020.  Kostek attempted to purchase groceries but was denied access to the grocery store because he could not wear a mask.  Kostek explained that he could not wear a mask because of his medical conditions.

233.    Instead of allowing Kostek to shop in the store, he was harassed, berated, and threatened by employees and customers alike.  Giant Eagle called the police and alleged trespass.

234.     After being denied the opportunity to shop, Kostek left the store.  When the police arrived the took him into custody.  He was assaulted by the officer during the arrest causing damage to Kostek's neck.

235.     On May 27, 2020, Kostek attempted to enter the Giant Eagle again, but was told he could not shop without a mask.  Kostek advised the employees that they were in violation of the ADA and all he wanted to do was purchase fruit.  He placed two bags of fruit on the check-out counter, but no one would allow him to purchase the groceries.  The employees stated that it was a private store and they could enact whatever policies they wanted. The Giant Eagle employees again called the police and Kostek was told he is not allowed in the grocery store again, all because he was attempting to legally shop at the store without a mask.  The police told Kostek he could go to Walmart or some other store to shop, but Giant Eagle was a private company that could deny him access if it wanted to and Kostek was told he was not ever welcome again at Giant Eagle.

## Roaring Spring Giant Eagle

236.     **Molly Shirk** lives in Loysburg and is a person with a disability who has physical and/or mental conditions, including Bilateral Atypical Trigeminal Neuralgia that substantially limit her major life activity of breathing, talking and eating and her nervous system.  The condition causes facial pain and prevents Shirk from wearing a mask or face covering.

237.     The events complained of occurred at the Roaring Spring Giant Eagle on April 30, 2020.  Shirk attempted to shop without a mask.  An employee yelled at Shirk for not having a mask on.  Shirk tried to explain that she cannot wear a mask due to her medical condition, but the employee talked over her saying Shirk had to leave the store immediately.  Shirk left the store humiliated and ashamed without purchasing any groceries.

238.   **Jordan Rhoat** lives in Loysburg and is a person with a disability who has a physical condition, Arthrogryposis Multiplex Congentia (AMC), that substantially limits his major life activities of walking, lifting, and caring for himself.  The condition also substantially limits his musculoskeletal system.  Rhoat's condition causes multiple joint contractures and inability to move the joints.  Rhoat is unable to put on and take off a mask and cannot wear a mask as a result of his condition.

239.   The events complained of occurred at the Roaring Spring location on June 5, 2020.  Rhoat and his son attempted to enter the store without a mask but were told they could not enter.  Rhoat sent his son to get a mask and told the employee that he was unable to wear a mask due to his disability.  Rhoat also mentioned the medical exception to the Secretary of Health's Order.   The employee responded that she was aware of the medical exception but "we here at Giant Eagle have our own policy, and you cannot enter our stores without a mask.  If you enter this store, I will call the police."  The employee then blocked Rhoat's access to the store.  Rhoat stated: "You know, I am unable to put on a mask, I'm disabled."  The employee did not respond. Rhoat left the store without being permitted to purchase groceries.

240.   On June 8, 2020, a disability advocate called Giant Eagle on behalf of Rhoat.  The advocate was also told that Giant Eagle had a no exception mask policy and that if Rhoat tried to enter the store, the police would be called.

### Rochester Giant Eagle

241.   **Danielle Markham** lives in Monaca and is an individual with a physical and mental condition, asthma and anxiety, that substantially limit her major life activities or breathing and thinking, her lungs and brain, and her respiratory and nervous systems.

242.     The events complained of occurred on June 16, 2020 at the Rochester Giant Eagle.  Markham was shopping in the store without a mask.  An employee approached her asking where her mask was.  Markham responded that masks were not required, and she has medical conditions that prevent her from wearing a mask.  The employee scoffed and rolled his eyes and told Markham that masks are required in Giant Eagle.  Markham again stated that she had a medical condition and the employee responded: "no you don't, you need to leave."

243.     Markham immediately took her groceries to the self-checkout.  Markham was met by a Rochester Police officer when she exited the store.  The officer said he could not enforce the "mask law," however, because Markham did not leave the store when ordered to leave by the employee, he could charge her with trespassing, but he was only giving her a warning this time. The officer told Markham if she ever returned to the store, she would be charged with trespass because Giant Eagle did not want her on its premises anymore.

244.     **Tammy Marshall** lives in Rochester and is a person with a disability who has a physical condition, COPD, that substantially limits her major life activity of breathing, her lungs and her respiratory system.

245.     The events complained of occurred at Rochester Giant Eagle on July 2, 2020. Marshall entered the store without a mask.  An employee demanded that she put on a mask. Marshall held up her inhaler and told the employee that because of her respiratory condition she was excepted from the Health Secretary's mandatory mask order.

246.     While in the store Marshall tried to comply with Giant Eagle's demand but she kept having to pull her mask down in order to breathe.  Marshall became lightheaded and had to rush through the store, skipping shopping for several items because of the difficulty breathing. Once she was outside the store, she had to use her inhaler to catch her breath.

### Seven Fields Giant Eagle

247.    **Katherine Duckstein** lives in Seven Fields and is a person with a disability who has physical and/or mental conditions, including vasovagal syncope, PTSD, and anxiety that substantially limit her major life activity of breathing, and her respiratory and nervous systems. The conditions prevent Duckstein from wearing a mask.

248.    The events complained of occurred at the Seven Fields Giant Eagle on June 8, 2020.  Previously, on May 28, 2020, Duckstein had heard that Giant Eagle had changed its mask policy to allow people to shop in the store without wearing a mask if they had medical conditions that prevent them from wearing masks.  Duckstein called Giant Eagle, to make sure this was true, and when it was confirmed, she proceeded to shop in the store without a mask, without incident.  Because of a threat from the union, Giant Eagle reinstituted its no-exception mask policy thereafter.

249.    On June 8, 2020, Duckstein attempted to shop without a mask again.  This time, when she tried to shop inside the store, she was told she could not shop inside the store without a mask.  Duckstein told the manager that if she wore a mask, she could have a seizure.  Duckstein asked to continue shopping without a mask due to her medical conditions.  The store manager told her it was store policy that she had to wear a mask regardless of her medical conditions and that Duckstein was misinformed about the policy change.  Duckstein continued to shop and told the manager he would have to call the police to discuss the matter further.

250.    A police officer arrived about 5 minutes before Duckstein was finished shopping. Duckstein was escorted out of the store by police and the manager took her bank card to pay for the groceries in her cart while Duckstein waited outside with the officer.  The police officer told Duckstein that Giant Eagle was being ridiculous, but he was simply doing his job.

251.     Duckstein then called Giant Eagle's customer service line again; the same customer service that had previously informed her that the mask policy had changed. Duckstein learned that Giant Eagle had reinstituted its mask policy.

**South Hills Village and Caste Village Giant Eagle**

252.     **Eric McMullen** lives in McKeesport and is a person with a disability who has physical and/or mental conditions, including a cardiac condition, post-cardiac arrest and diabetes that substantially limit his major life activities of breathing. He received a medical excuse from his physician that states he should not wear a mask at work.

253.     The events complained of occurred at the South Hills Village location on June 28, 2020, and the Caste Village location on June 30, 2020. McMullen attempted to shop without a mask both times but was ejected from the stores.

254.     On June 28, 2020, McMullen explained to the employees at South Hills Village that he cannot wear a mask and that he has a medical exemption. He was still refused access to the store. McMullen left without being permitted to make a purchase in the store.

255.     On June 30, 2020, at the Caste Village location, McMullen was again refused access. When McMullen advised an employee that he had a medical condition that prevents him from wearing a mask and that he falls within an exception to the Secretary of Health's mask order, the uninformed employee called him a liar and said there is no such thing as a medical exception to the mask order. The employee threatened to call the police if McMullen did not leave the premises. He left the store without being permitted to purchase groceries.

**Somerset Giant Eagle**

256.   **Todd Smith** suffers from anxiety disorder and panic attacks that substantially limit his major life activity of breathing, thinking and concentrating and his respiratory and nervous systems.  Smith cannot to wear a mask without experiencing anxiety and panic attacks.

257.   The events complained of occurred at the Somerset Giant Eagle on July 20, 2020. Smith walked into the store and was told he needed to put on a mask.  Smith responded that he cannot wear a mask because of his medical conditions.  A cashier, Tyler, came around the corner and stood in front of Smith and very rudely told him to leave the store.  Smith again mentioned his medical conditions.  The cashier ordered Smith to leave the store immediately.

258.   Complainant left the store because he did not want the police to be called.  Smith felt humiliated; as if he had done something wrong.

### Squirrel Hill Giant Eagle

259.   **Ben Zytnick** lives in Cheswick and is a person with a disability who has physical and/or mental conditions, including pneumonia and related respiratory issues that substantially limit his major life activity of breathing and his respiratory system.  Zytnick cannot wear a mask over his face without experiencing shortness of breath.

260.   The events complained of occurred at the Squirrel Hill Giant Eagle on May 9, 2020.  A Giant Eagle employee attempted to deny Zytnick entrance to the store because he was not wearing a face mask.  Zytnick informed the employee that he could not wear a mask due to his medical condition and entered the store.

261.   While approaching the deli counter, another Giant Eagle employee approached Zytnick and told him he had to leave the store because he was not wearing a mask.  Again, Zytnick explained that he could not wear a mask for medical reasons, but the Giant Eagle

employee insisted that Zytnick had to leave the store.  Not wanting to cause any more of a scene, Zytnick left the store without groceries.

### Uniontown Giant Eagle

262.    **Theresa Faust** and **Mara Sims** live in Waltersburg and are people with a disability who have physical and/or mental conditions, including anxiety and other disorders that substantially limit their major life activities of breathing, thinking and concentrating, and their brains, respiratory and nervous systems.  Their conditions make it very difficult to breathe and causes anxiety and prevent them from wearing a mask or face covering.

263.    The events complained of occurred at the Fayette Plaza Giant Eagle on May 13, 2020.  Theresa Faust and Mara Sims attempted to enter the store without a mask.  However, they were told by a customer service employee that it is the law that masks are required in the store without exception.

264.    Faust and Sims tried to explain that they cannot wear masks due to their medical conditions, but Faust and Sims were told to leave the store and that they were not welcome in the store again.

### West Mifflin Giant Eagle

265.    **Kathleen Cunningham** lives in Pittsburgh and is a person with a disability who has physical and/or mental conditions, including asthma that substantially limit her major life activity of breathing and her respiratory system.

266.    The events complained of occurred at the Kennywood Giant Eagle on May 23, 2020.  Cunningham attempted to enter the store but was stopped by a Giant Eagle employee who said she could not enter without a mask.  Cunningham explained she cannot wear a mask

because of her medical condition.  The employee said: too bad, mask up or leave.  Cunningham returned to her vehicle and called her husband.

267.    Cunningham then went back to the store and asked to speak with a manager. When no manager appeared, Cunningham told the employee she was entering the store to get a few items.  Once inside the store, the manager chased Cunningham telling her she needed to leave or put on a mask.  After Cunningham explained to the manager that she cannot wear a mask because of her medical condition, the manager responded that he was going to call law enforcement.  Cunningham proceeded to select a few items and attempted to purchase the items at the register.

268.    At the register, the clerk refused to allow Cunningham to purchase her items because she was not wearing a mask.  The refusal was made after Cunningham explained for a third time that she cannot wear a mask due to her medical condition.  Cunningham left the store but was met by a police officer.  Cunningham explained to the officers what had happened.  The officer then incorrectly told Cunningham that Giant Eagle could force her to wear a mask and if she refused, she could be cited for defiant trespass.

**Facts Applicable to All Claims**

269.    On April 15, 2020, Pennsylvania Governor, Tom Wolf issued a press release announcing that Dr. Rachel Levine, under her authority as Secretary of the Department of Health to take any disease control measures appropriate to protect the public from the spread of infectious disease, signed an order directing protections for critical workers at businesses authorized to maintain in-person operations during the Covid 19 disaster emergency.

270.    The order, effective April 19, 2020, provided that businesses covered by the order should

require all customers to wear masks while on the premises, and deny entry to individuals not wearing masks, unless the business is providing medication, medical supplies, or food, in which case the business must provide alternative methods of pick-up or delivery of such goods; **HOWEVER, INDIVIDUALS WHO CANNOT WEAR A MASK DUE TO A MEDICAL CONDITION (INCLUDING CHILDREN UNDER THE AGE OF 2 YEARS PER CDC GUIDANCE) MAY ENTER THE PREMISES AND ARE NOT REQUIRED TO PROVIDE DOCUMENTATION OF SUCH MEDICAL CONDITION.**

271.    The Pennsylvania Department of Health subsequently published guidelines for businesses, which were updated on May 1, 2020.  The guidelines state:

Q. If a customer refuses to wear a mask will they be turned away or will the customer be refused service?

A. Yes, with the exception of businesses that provide medication, medical supplies, or food, which must offer another means for the customer to purchase goods if the customer is unable to wear a mask.  Those means could include home delivery or contactless curbside pick-up.  **However, individuals who cannot wear a mask due to a medical condition (including children under the age of 2 per CDC guidance) may enter the premises and are not required to provide documentation of such medical condition. … Businesses should advise customers of the Secretary's Order; <u>tell the customer that only those who cannot wear a mask due to a medical condition may enter the premises without a mask</u>; and advise the customer that almost any face covering would be acceptable.**

Q.  How do businesses avoid confrontation with customers who do not wear a mask?

**A. … [B]usinesses should advise customers of the Secretary's Order; tell the customer that only persons who cannot wear a mask due to a medical condition do not have to comply with the requirement to wear a mask….**

272.    On July 1, 2020, Secretary Levine issued another order regarding the wearing of masks.  However, this time, she detailed more exceptions to the mask order.  The July 1, 2020 Order is to be read in conjunction with her prior order.  According to the Order, the following are exceptions to the face covering requirement:

> i. individuals who cannot wear a mask due to a medical condition, including those with respiratory issues that impede breathing, mental health condition, or disability;
>
> …
>
> iii. individuals who would be unable to wear a mask without assistance;
> iv. individuals who are under two years of age; and
> v. individuals who are communicating or seeking to communicate with someone who is hearing-impaired or has another disability, where the ability to see the moth is essential for communication.

The Order also states that individuals are not required to show documentation that an exception applies.

273.    Despite the Pennsylvania Secretary of Health's order, the guidelines above, and CDC guidance to the contrary, Giant Eagle implemented policies and procedures that require all customers to wear masks even if they are disabled and they cannot wear a mask due to their medical conditions.  This policy flies in the face of recommendations from the CDC which state **"Cloth face coverings should not be placed on young children under the age of 2, anyone who has trouble breathing, or is unconscious, incapacitated, or otherwise unable to remove the mask without assistance."**  The CDC also directs individuals to make sure when using a face covering that you do not have any difficulty breathing while wearing the cloth face covering.

274.    Giant Eagle has adopted and enforces policies and procedures that require all "guests" shopping at all Giant Eagle, Market District and GetGo locations wear masks or other face coverings in its Pennsylvania stores.  Giant Eagle's policies and procedures allow no modifications for invitees who wish to shop in its Pennsylvania stores who have disabilities that prohibit wearing a mask or make wearing a mask dangerous to the invitees.  However, Giant Eagle does not require customers to wear masks in its West Virginia, Ohio, and Indiana stores.

Giant Eagle's mask requirement is not based on safety; it is based on the politics of the states in which stores are located.

275.    Giant Eagle has publicly stated that it has no intention to comply with the ADA.

276.    Giant Eagle has published the following:

GIANT EAGLE POLICY:

Moving forward until further notice in order to shop our store (or any other Giant Eagle location) you must be wearing a mask. **There will be no exceptions regardless of any reason or medical condition.** We thank you for your compliance and understanding.

277.    A manager of the Ligonier Giant Eagle store posted publicly that while Governor Wolf's edict that customers should wear masks in stores included an exception and accommodation for customers who cannot wear a mask for medical reasons, the entire company has decided not to comply with the accommodation. "**It's too easy to make up an excuse not to wear a mask**, and we refuse to put our team members and customers who do wear a mask at any more risk than they already are. Health and safety of our community is more important to us than business." However, Giant Eagle does not require its "team members" (employees) to wear masks if they provide medical excuses.

278.    Security Guards outside of one Giant Eagle location have told customers who were told they must wear a mask, despite a disability that prohibits the wearing of a mask, that Giant Eagle is a private company and it is not required to comply with the ADA.

279.    Giant Eagle employees and security guards have verbally harassed and physically threatened "guests," with removal and arrest for trespass. Giant Eagle's employees and agents have called the police and pressed charges of trespass against "guests" with disabilities who could not comply with its illegal mask policy.

280.    Giant Eagle, in some instances, justifies its policies and procedures that violate the ADA and the PHRA, by claiming that "guests" excluded from entering the stores because they cannot wear a mask for medical reasons due to a disability have the option of staying out of the store and having a Giant Eagle team member shop for them or use curbside pick-up and delivery services.  However, these services are not available at all stores, at the same time, and do not apply to some items that can be purchased in stores, such as alcohol.  More importantly, these alternatives to shopping in the store like non-disabled customers do not comply with the ADA and deny disabled customers full and equal access to Giant Eagle stores.  Because the modifications to Giant Eagle's policy and practices that Plaintiffs requested were reasonable, Giant Eagle was required to grant the modifications.  The requested modifications to the mask policy would not change the nature of Giant Eagle's business or present a direct risk as defined in the ADA regulations.

281.    Title III of the ADA and its implementing regulations do not permit public accommodations to substitute alternative means of shopping that are not equal to the ways in which non-disabled customers shop in public accommodations.  If a customer with a disability requests a reasonable policy modification that is necessary for the customer to fully and equally enjoy the public accommodation, the public accommodation must make the requested accommodation.

282.    In essence, at its public business in Pennsylvania, Giant Eagle treats its "guests" who cannot wear a mask due to a disability like "lepers," rather than "guests."

283.    Giant Eagle managers have told "guests" who cannot wear a mask and have explained that they have medical exemptions or excuses that Giant Eagle is a private company and Giant Eagle has chosen to enact policies that are more restrictive than that of the

Pennsylvania Health Secretary.  However, Giant Eagle cannot violate federal and state law and exclude disabled people from its public accommodations because their disabilities prohibit them from wearing masks.

284.    Giant Eagle's policies and procedures violated Title III of the ADA because Plaintiffs were denied full and equal enjoyment of the public accommodation because of their disabilities.

**Count I – Plaintiffs v. Corporate Defendants**

**Violation of Title III of the ADA.**

285.    Plaintiffs incorporate by reference the averments of Paragraphs 1-284 of the Complaint as if the same were set forth in full.

286.    At all times relevant to this action, the ADA was in full force and effect in the United States.

287.    Title III of the ADA, which applies to public accommodations such as Giant Eagle, establishes the general rule that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation.

288.    ADA discrimination includes a failure to provide services to a disabled person to the extent that such services are provided to non-disabled persons.

289.    The ADA requires that goods, services, facilities, privileges, advantages, and accommodations be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.  The United States Supreme Court has defined the phrase "most integrated setting" to mean "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible."  Anderson v. Macy's, Inc., 943

F. Supp. 2d 531, 549 (J. Hornak) (W.D. Pa. 2013), quoting Olmstead v. L.C. ex. Rel. Zimring, 527 U.S. 581, 592, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999).  "Providing segregated accommodations and services relegates persons with disabilities to the status of second-class citizens."  28 C.F.R. § 36 app. C.

290.    Title III prohibits places of public accommodation from providing people with disabilities with services, facilities, privileges, advantages, or accommodations that are "not equal to", or are "different or separate from" those provided to other individuals.  42 U.S.C. §12182(b)(1)(A)(ii)-(iii).  Title III requires all places of public accommodation to have access to the physical environment of the accommodation.

291.    Plaintiffs are individuals with disabilities within the meaning of the ADA because they have physical and mental impairments that substantially limit one or more of their major life activities and systems as described herein.

292.    Plaintiffs requested modifications to the mask policy due to their disabilities.  The requests were reasonable and in accordance with the recommendations, orders and guidelines of the Pennsylvania Health Secretary, the Pennsylvania Department of Health, and the CDC.  The requested modifications would have allowed Plaintiffs to enjoy full and equal access the grocery store as provided to people who are not disabled and are able to comply with the request to wear a mask without potentially subjecting themselves to respiratory distress and/or other physical or mental injuries or ailments.

293.    The corporate defendants are businesses that owns, leases, or operates a place of public accommodation within the meaning of the ADA because they own, lease, or operate grocery stores and pharmacies which provide food, medicine and other essential items and services to members of the public.

294.    Defendants are in violation of the ADA because they discriminated against Plaintiffs on the basis of their disabilities in the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of Giant Eagle because they denied Plaintiffs the services, facilities, privileges, advantages, and accommodations of the stores in the most integrated setting appropriate to Plaintiffs' needs, because they refused to modify their policies and procedures to allow access to, and enjoyment of, the stores without wearing a mask because of their disabilities.

295.    Defendants' policies and practices have, are, and will cause irreparable harm to Plaintiffs.

296.    Plaintiffs intend to continue to shop at the Giant Eagle stores but have been deterred from doing so or banned from the stores as described herein.

297.    Giant Eagle has stated publicly that it does not intend to change its mask policy and that its "guests" who cannot wear a mask must use some alternative other than shopping inside its stores without a mask.  This constitutes evidence that, absent an injunction, Giant Eagle has no intent to comply with the legal requirements of the ADA or to train its employees of their need to comply with the ADA.

298.    Plaintiffs did not pose a direct threat to the health or safety of others.  There was no significant risk to the health or safety of others if Giant Eagle modified its policies, practices and procedures.  Social distancing and other safety precautions were in place at the stores, Plaintiffs had no signs or symptoms of Covid 19, and the Pennsylvania Health Secretary's order, guidelines, and CDC guidelines recognized the need for a medical exception to the mask requirement.  Giant Eagle has no mask requirement in West Virginia, Ohio, or Indiana.  Giant Eagle simply did not want to be bothered with the exception, despite the fact that it had no basis

to conclude that Plaintiffs were a direct threat to the health or safety of others.  Giant Eagle made no individual assessments that considered Plaintiffs' actual abilities or disabilities, instead, Giant Eagle has adopted a broad discriminatory policy based on generalizations, stereotypes and politics.

299.    Plaintiffs request that the court declare that Giant Eagle violated the ADA and award them injunctive relief requiring Giant Eagle to accommodate Plaintiffs by modifying its policies and procedures, allowing them to shop in its stores without wearing a mask so that they may fully and equally enjoy the benefits, privileges, goods, services facilities, advantages, and accommodations of Giant Eagle's stores in the future.  To affect such relief to Plaintiffs, it may be appropriate for the court to provide clear protocols to all Giant Eagle employees advising that persons who cannot wear a mask inside the stores due to a disability must be accommodated. Giant Eagle should be required to train its employees about its legal obligations and to post and disseminate notice to Giant Eagle employees regarding their legal obligations under the ADA and the PHRA.

WHEREFORE, Plaintiffs seek declaratory and injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

### Count II – Plaintiffs v. Corporate Defendants

### Retaliation and Coercion in violation of the ADA.

300.    Plaintiffs incorporate by reference the averments of Paragraphs 1-299 of the Complaint as if the same were set forth in full.

301.    Defendants engaged in threats, intimidation and interference as set forth herein against Plaintiffs after they asserted their rights under the ADA.

302.     Defendants' threats, intimidation and interference was intended to interfere with Plaintiffs' protected legal rights under the ADA.

303.     Defendants' retaliation was caused by Plaintiffs' protected conduct and requests for reasonable modifications to Defendant's policies and procedures.

304.     Defendants should be declared in violation of the ADA and enjoined from retaliating against Plaintiffs for requesting reasonable modifications to Defendants' policies and practices and refusing to wear a mask while shopping at Giant Eagle.

WHEREFORE, Plaintiffs seeks declaratory and injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

### Count III – Debbie Vidovich, Tracie O'Connor, Clyde Piovesan and Michele Whitcroft v. Giant Eagle, Inc.
### Negligence/ Reckless Conduct

305.     Plaintiffs incorporate by reference the averments of Paragraphs 1-304 of the Complaint as if the same were set forth in full.

306.     Giant Eagle had a duty of care to Plaintiffs as its business invitees, particularly after Plaintiffs advised Giant Eagle's employees of their medical conditions and danger to their health as set forth herein.

307.     The careless, negligent and reckless conduct of Defendant consisted of one or more of the following:

(a)     Failing to maintain a safe and orderly environment for invitees such as Plaintiffs;

(b)     Ignoring Plaintiffs' warning of potential breathing difficulty when forced to wear a mask;

(c)     Forcing Plaintiffs to wear a mask while shopping;

(d)     Failing to have adequate policies and procedures in place to prevent employees from forcing disabled business invitees to wear masks that might harm them;

(e) Ignoring the recommendation and guidelines of the Pennsylvania Health Secretary, Pennsylvania Department of Health, and the CDC regarding masks; and

(f) Failing to exercise due care and caution for the rights, safety and well-being of the plaintiffs and the public, as well as acting with wanton, willful and reckless disregard for the safety of the plaintiffs and the public.

308. As a direct and proximate result of the aforementioned incident, which was caused by the reckless, careless and negligent conduct of Giant Eagle, Debbie Vidovich has suffered the following injuries, damages and losses:

(a) Blunt force trauma to the head, neck and body;

(b) Hypertension;

(c) Headaches;

(d) Shortness of breath;

(e) Fainting;

(f) Gastritis;

(g) Esophageal spasm and inflammation;

(h) Exacerbation of her underlying health issues;

(i) Depression; and

(j) Anxiety.

309. As a direct and proximate result of the aforementioned incident, which was caused by the reckless, careless and negligent conduct of Giant Eagle, Tracie O'Connor has suffered the injuries, damages and losses described herein.

310. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered the following damages:

(a) Pain, suffering and inconvenience;

(b) Anxiety, embarrassment and humiliation;

(c) Loss of the ordinary pleasures of life; and

(d) Mental anguish and emotional distress.

311. As a direct and proximate result of the aforementioned incident, which was

caused by the reckless, careless and negligent conduct of Giant Eagle, Clyde Piovesan has

suffered the following injuries, damages and losses:

    (a)    trauma to his lip;

    (b)    avulsion of tissue and stiches;

    (c)    depression; and

    (d)    anxiety.

312.    As a direct and proximate result of the aforementioned incident, which was

caused by the reckless, careless and negligent conduct of Giant Eagle, Michele Whitcroft has

suffered the following injuries, damages and losses:

    (a)    exacerbation of her asthma;

    (b)    respiratory distress;

    (c)    fear; and

    (d)    anxiety.

WHEREFORE, Plaintiffs demand judgment against Giant Eagle including compensatory

and punitive damages and such other relief as this court deems proper and just.

### Count IV – Graydon Graham, Judith March, Nicholas Conley v. Giant Eagle, Inc.
### Assault and Battery

313.    Plaintiffs incorporate by reference the averments of Paragraphs 1-312 of the

Complaint as if the same were set forth in full.

314.    Giant Eagle's employees and/or agents subjected Plaintiffs to harmful and

offensive physical contact without their consent.

315.    Giant Eagle's employees and/or agents subjected Plaintiffs to apprehension of

imminent bodily harm and physical contact without their consent and without justification, in

furtherance of Giant Eagle's illegal policies and procedures.

316.    The actions of Giant Eagle's employees and agents were undertaken with Giant

Eagle's knowledge and consent and were undertaken within the course and scope of their

employment and/or agency for Giant Eagle.

317.    The actions of Giant Eagle's employees and agents were outrageous, willful, wanton, oppressive and in reckless disregard for Plaintiffs' legal rights.

318.    As a direct and proximate result of the aforementioned incidents, Plaintiffs have suffered the following damages:

    (a)    Embarrassment and humiliation;

    (b)    Anxiety;

    (c)    Inconvenience; and

    (d)    Mental anguish and emotional distress.

WHEREFORE, Plaintiffs demand judgment against Giant Eagle including compensatory and punitive damages and such other relief as this court deems proper and just.

## COUNT V– PLAINTIFFS' CLAIMS UNDER THE PHRA

### Disability Discrimination and Retaliation

319.    Plaintiffs incorporates by reference the allegations in paragraphs 1-318 as if fully stated herein.

320.    Defendant, Matt Faccenda, aided and abetted in the discrimination and retaliation against Plaintiff, Tommy Wynkoop, in violation of 43 P.S. § 955(e).

321.    Defendants' actions described herein constitute disability discrimination and retaliation in violation of the PHRA.

322.    Defendants' unlawful discrimination and retaliation caused Plaintiffs to suffer damages including but not limited to emotional distress, mental anguish, embarrassment, humiliation, and inconvenience.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, non-economic damages, attorneys' fees and costs, and such other relief as the Court

may deem just and proper under the circumstances.


JURY TRIAL DEMANDED



                                        Respectfully submitted,

                                        THOMSON, RHODES & COWIE, P.C.


Dated November 6, 2020                  /s/ *Thomas B. Anderson, Esquire*____
                                        Thomas B. Anderson, Esquire
                                        PA I.D. #79990
                                        THOMSON, RHODES & COWIE, P.C.
                                        Firm No. 720
                                        Two Chatham Center, 10th Floor
                                        Pittsburgh, PA  15219
                                        (412) 232-3400

                                        Attorneys for the Plaintiffs