**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIMBERLY PLETCHER, et al.,     ) | |
|     ) | Case No. 2:20-cv-00754-NBF |
|     Consolidated Plaintiffs,     ) | |
|     ) | |
| v.     ) | |
|     ) | |
| GIANT EAGLE, INC., C&J GROCERY     ) | |
| CO., LLC, and MATT FACCENDA,     ) | |
|     ) | |
|     Defendants.     ) | |

## <u>DEFENDANTS' ANSWER TO THIRD AMENDED CONSOLIDATED COMPLAINT</u>

Defendants Giant Eagle, Inc. ("Giant Eagle"), C&J Grocery Co., LLC ("C&J"), and Matt Faccenda ("Faccenda") hereby answer Plaintiffs' Third Amended Consolidated Complaint. Defendants deny that Plaintiffs are entitled to any relief. To the extent not specifically admitted, Defendants deny Plaintiffs' allegations. Defendants reserve the right to amend or supplement their answers.

Defendants answer Plaintiffs' specific allegations as follows:

1. Paragraph 1 consists of legal conclusions to which no response is required.

2. Paragraph 2 consists of legal conclusions to which no response is required.

3. Defendants admit stipulating that they would not challenge that Plaintiffs who filed a claim with the PHRC had not exhausted their administrative remedies with respect to those claims. Defendants are without knowledge or information sufficient to form a belief as to the truth of the PHRC having dismissed the PHRA claims.[1] Defendants deny the remaining allegations in Paragraph 3.

---

[1] The allegations for which Defendants are without knowledge or information sufficient to form a belief as to their truth are deemed denied.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs have disabilities.  Paragraph 4 also contains legal conclusions to which no response is required.  Defendants deny the remaining allegations in Paragraph 4.

5.     Defendants admit that Giant Eagle is a Pennsylvania corporation but denies that its corporate office is located at 101 Kappa Drive, Pittsburgh, PA 15238.  Defendants admit that Giant Eagle owns and operates grocery stores at numerous locations across western Pennsylvania. Defendants also admit that Giant Eagle's face covering requirement during the COVID-19 pandemic is followed by both its corporate owned stores and independent retailers in Pennsylvania. Defendants also admit that the Giant Eagle located in Ligonier is owned and operated by C&J Grocery Co., LLC and that Matt Faccenda is the manager of the store.  Defendants deny the remaining allegations in Paragraph 5.

6.     Paragraph 6 consists of legal conclusions to which no response is required.

7.     Defendants admit that Plaintiffs brought this lawsuit under Title III of the ADA and the PHRA.  Giant Eagle admits that its policy requires customers to wear a face mask or cloth face covering, or alternatively to wear a face shield if a customer feels that he or she is unable to wear a face mask or cloth face covering, to shop in its stores (Giant Eagle's "Policy").  Defendants deny the remaining allegations in Paragraph 7.

8.     Paragraph 8 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether DeArmitt attempted to shop at the Altoona Giant Eagle on May 23, 2020, or whether he interacted with a Giant Eagle employee on that date.  Giant Eagle admits that all

customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 9 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

10.      Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether DeArmitt attempted to shop at the Altoona Giant Eagle on May 23, 2020, or whether he interacted with a Giant Eagle employee on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 10.  The allegations in Paragraph 10 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

11.      Paragraph 11 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.      Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Parker entered a Giant Eagle store without wearing a face covering on April 28, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle is also without knowledge or information sufficient to form a belief as to the truth of the allegations about what Parker "decided."  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 12. The allegations in Paragraph 12 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

13.      Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Parker entered a Giant Eagle store without wearing a face covering on May

19, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 13.  The allegations in Paragraph 13 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

14.     Paragraph 14 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Giant Eagle admits that Gembarosky entered the Giant Eagle store without a mask and asked to see a manager.  Giant Eagle denies that a Giant Eagle employee stated that his medical condition and use of supplemental oxygen didn't matter.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.  The allegations in Paragraph 16 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     Giant Eagle admits that a manager explained that Giant Eagle requires customers shopping in its stores to wear a face covering and that alternatives were offered to Gembarosky. Giant Eagle denies the remaining allegations in Paragraph 17.  The allegations in Paragraph 17 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     Giant Eagle admits that Gembarosky asked for a copy of Giant Eagle's face covering policy, the store address, and the manager's name, which the manager provided.  Giant Eagle denies the remaining allegations in Paragraph 18.  The allegations in Paragraph 18 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

19.     Paragraph 19 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Brannigan attempted to shop at the Bethel Park Giant Eagle on May 8, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 20 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Brannigan attempted to shop at the Bethel Park Giant Eagle on May 8, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 21 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     Paragraph 22 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23.    Giant Eagle admits that Frick attempted to enter the Brentwood Giant Eagle without a face covering and that Frick called the store and spoke to a manager.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.  The allegations in Paragraph 23 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

24.    Giant Eagle admits that Frick told a manager that he was going to sue Giant Eagle. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.  The allegations in Paragraph 24 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

25.    Giant Eagle admits that Frick called the corporate help line.  Giant Eagle denies the remaining allegations in Paragraph 25.  The allegations in Paragraph 25 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

26.    Paragraph 26 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27.    Giant Eagle admits that Sakelos entered the store without wearing a face covering and stated that he would not wear a face mask.  Giant Eagle also admits that a manager told Sakelos that Giant Eagle requires customers shopping in its stores to wear a face covering.  Giant Eagle

admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 27.  The allegations in Paragraph 27 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 28.  The allegations in Paragraph 28 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

29.     Paragraph 29 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.     Giant Eagle admits that Lennex was stopped before entering the Giant Eagle store because she was not wearing a face covering.  Giant Eagle also admits that an employee asked Lennex if she had a face covering and that Lennex stated that she had a medical condition that prohibited her from wearing a face mask.  Giant Eagle admits that Lennex proceeded to enter the store. Giant Eagle denies the remaining allegations in Paragraph 30.  The allegations in Paragraph 30 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

31.     Giant Eagle admits that a manager told Lennex that Giant Eagle requires all customers to wear a face covering to shop in its stores and that Lennex claimed to have a medical condition that prohibited her from wearing a face mask.  Giant Eagle further admits that Lennex left the store without purchasing groceries.  Giant Eagle denies the remaining allegations in Paragraph 31.  The allegations in Paragraph 31 are not directed at C&J or Faccenda and those

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

32.     Paragraph 32 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

33.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Janaszek entered the Clearview Mall Giant Eagle on April 26, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 33.  The allegations in Paragraph 33 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

34.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Janaszek entered the Clearview Mall Giant Eagle on April 26, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle denies the remaining allegations in Paragraph 34.  The allegations in Paragraph 34 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

35.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Janaszek entered the Clearview Mall Giant Eagle on April 26, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 35.  The allegations in Paragraph 35 are not directed at C&J or

Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

36.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Janaszek entered the Clearview Mall Giant Eagle on April 26, 2020, what he decided, or whether he interacted with any Giant Eagle employees or managers on that date. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 36. The allegations in Paragraph 36 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Janaszek spoke with any Giant Eagle employees or managers. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 37. The allegations in Paragraph 37 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Paragraph 39 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.

40.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Leonard attempted to shop without a face covering in the Clearview Mall Giant Eagle on May 14, 2020, or whether he interacted with any Giant Eagle employees on that

date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in

its stores.  Giant Eagle denies the remaining allegations in Paragraph 40.  The allegations in

Paragraph 40 are not directed at C&J or Faccenda and those Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations.

41.     Giant Eagle is without knowledge or information sufficient to form a belief as to

the truth of whether Leonard interacted with a Giant Eagle manager.  Giant Eagle admits that all

customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the

remaining allegations in Paragraph 41.  The allegations in Paragraph 41 are not directed at C&J or

Faccenda and those Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations.

42.     Giant Eagle is without knowledge or information sufficient to form a belief as to

the truth of whether Leonard interacted with a Giant Eagle manager.  Giant Eagle admits that all

customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the

remaining allegations in Paragraph 42.  The allegations in Paragraph 42 are not directed at C&J or

Faccenda and those Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations.

43.     Paragraph 43 contains legal conclusions to which no response is required.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 43.

44.     Giant Eagle is without knowledge or information sufficient to form a belief as to

the truth of whether Durso entered the Camp Horne Road Giant Eagle without wearing a face

covering on May 28, 2020, or whether he interacted with any Giant Eagle employees on that date.

Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its

stores.  The allegations in Paragraph 44 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

45.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Durso entered the Camp Horne Road Giant Eagle without wearing a face covering on May 28, 2020, or whether he interacted with any Giant Eagle employees on that date. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagled denies the remaining allegations in Paragraph 45.  The allegations in Paragraph 45 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     Paragraph 46 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Aiken attempted to shop at the Cranberry Mall Giant Eagle without wearing a face covering on May 28, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 47.  The allegations in Paragraph 47 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Aiken called the store to speak with a manager.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 48.  The allegations in Paragraph 48 are not directed at C&J or

Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

49.     Paragraph 49 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50.     Giant Eagle admits that Vidovich entered the Giant Eagle store without wearing a face covering and that she claimed she could not wear a mask because of a medical condition and had received a "medical exemption."  The allegations in Paragraph 50 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

51.     Giant Eagle admits that Vidovich claimed that she was not required to wear a face mask under an order from the Secretary of Health.  Giant Eagle denies the remaining allegations in Paragraph 51.  The allegations in Paragraph 51 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

52.     Giant Eagle admits that Vidovich was not stopped from entering the store when she refused to wear a face covering and that Giant Eagle called the police because Vidovich refused to wear a face covering or leave the store.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of what the police told Vidovich.  Giant Eagle denies the remaining allegations in Paragraph 52.  The allegations in Paragraph 52 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

53.     Giant Eagle admits that Vidovich entered the Ohio Township Giant Eagle and that a Giant Eagle employee told her that she must wear a face covering to shop in the store.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53.  The allegations in Paragraph 53 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

54.     The allegations in Paragraph 54 contain legal conclusions to which no response is required.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Vidovich "passed out."  Giant Eagle denies the remaining allegations in Paragraph 54.  The allegations in Paragraph 54 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     Paragraph 56 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56.

57.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mismas was shopping for groceries at the Cranberry Township Giant Eagle with her 5-year old daughter without wearing a face covering or whether Mismas had any interactions with Giant Eagle employees on May 26, 2020.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 57.  The allegations in Paragraph 57 are not directed at C&J or Faccenda

and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

58.    Paragraph 58 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58.

59.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Dollar attempted to shop in the Ebensburg Giant Eagle without wearing a face covering on April 19, 2020, or whether he had any interactions with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 59.  The allegations in Paragraph 59 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

60.    Paragraph 60 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60.

61.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Pletcher attempted to shop in the Elizabeth Giant Eagle without a face covering on April 29, 2020, or whether she had any interactions with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 61.  The allegations in Paragraph 61 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

62.     Paragraph 62 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62.

63.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Struchen attempted to shop in the Yorktown Giant Eagle on June 15, 2020, or whether she interacted with Giant Eagle employees on that date or whether she previously shopped at the store without wearing a face covering.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 63.  The allegations in Paragraph 63 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

64.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Struchen attempted to shop in the Yorktown Giant Eagle on June 15, 2020, or whether she had any interactions with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 64.  The allegations in Paragraph 64 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

65.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Struchen attempted to shop in the Yorktown Giant Eagle on June 15, 2020, or whether she had any interactions with any Giant Eagle employees on that date.  The allegations in Paragraph 65 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of how Struchen felt.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 66. The allegations in Paragraph 66 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

67.     Paragraph 67 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Pulling attempted to shop for groceries using curbside pickup or what she "knew."  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 68 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

69.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Pulling called the Giant Eagle store or spoke with any Giant Eagle employees. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 69.  The allegations in Paragraph 69 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

70.     Giant Eagle admits that Pulling called the Giant Eagle customer service line and that the call ended.  Giant Eagle denies the remaining allegations in Paragraph 70.  The allegations

in Paragraph 70 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

71.    Paragraph 71 contains legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 71.

72.    Paragraph 72 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72.

73.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mandich entered the Finleyville Giant Eagle on April 30, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 73.  The allegations in Paragraph 73 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

74.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mandich entered the Finleyville Giant Eagle on April 30, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 74.  The allegations in Paragraph 74 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

75.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mandich entered the Finleyville Giant Eagle on April 30, 2020 or whether he

interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 75.  The allegations in Paragraph 75 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

76.     Paragraph 76 contains legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.

77.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth whether Graham attempted to enter the Franklin Giant Eagle on May 24, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 77.  The allegations in Paragraph 77 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Paragraph 79 contains legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79.

80.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth whether Soost attempted to enter the Greensburg Giant Eagle on June 15, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all

customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 80.  The allegations in Paragraph 80 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

81.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Soost interacted with Giant Eagle employees on June 15, 2020, or purchased groceries on that date.  The allegations in Paragraph 81 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

82.     Paragraph 82 contains conclusions of law to which no response is required.  Giant Eagle denies the remaining allegations in Paragraph 82.  The allegations in Paragraph 82 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83.

84.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mellott attempted to enter the East Gate Giant Eagle on May 31, 2020, or interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 84.  The allegations in Paragraph 84 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

85.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mellott attempted to enter the East Gate Giant Eagle on May 31, 2020, or interacted with any Giant Eagle employees on that date.  Giant Eagle denies the remaining allegations in Paragraph 85.  The allegations in Paragraph 85 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

86.     Paragraph 86 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86.

87.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Piovesan attempted to enter the Hempfield Giant Eagle on June 5, 2020, or interacted with any Giant Eagle employees on that date.  The allegations in Paragraph 87 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

88.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Piovesan attempted to enter the Hempfield Giant Eagle on June 5, 2020, or interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 88.  The allegations in Paragraph 88 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

89.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Piovesan attempted to enter the Hempfield Giant Eagle on June 5, 2020, or

interacted with any Giant Eagle employees on that date.  The allegations in Paragraph 89 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

90.     Paragraph 90 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90.

91.     Giant Eagle admits that a Giant Eagle employee told Whitcroft that all customers were required to wear face coverings, that Whitcroft stated that she wanted to use the ATM located inside the store, and that Whitcroft claimed that she had asthma and was unable to wear a face mask.  Giant Eagle also admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91.  The allegations in Paragraph 91 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

92.     Giant Eagle admits that Whitcroft put on a face mask, threatened Giant Eagle with legal action, proceeded to the ATM, and claimed that she was suffering an asthma attack.  Giant Eagle also admits that an employee called 911.  Giant Eagle is without knowledge or information sufficient to form a belief as to truth of the remaining allegations.  The allegations in Paragraph 92 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

93.     Paragraph 93 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Bair attempted to enter the Hempfield Giant Eagle on June 7, 2020, or whether he interacted with any Giant Eagle employees.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 94.  The allegations in Paragraph 94 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

95.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Bair attempted to enter the Hempfield Giant Eagle on June 7, 2020, or whether he interacted with any Giant Eagle employees.  Giant Eagle denies the remaining allegations in Paragraph 95.  The allegations in Paragraph 95 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

96.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Bair attempted to enter the Hempfield Giant Eagle on June 7, 2020, or whether he interacted with police officers on that date.  Giant Eagle denies the remaining allegations in Paragraph 96.  The allegations in Paragraph 96 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

97.     Paragraph 97 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97.

98.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Ulery contacted the Hempfield store or interacted with Giant Eagle employees. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 98. The allegations in Paragraph 98 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Ulrey's internal thoughts. Defendants deny the remaining allegations in Paragraph 99.

100.    Paragraph 100 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100. The allegations in Paragraph 100 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

101.    Giant Eagle admits that Stewart attempted to enter the Indiana Giant Eagle without wearing a face covering and that a Giant Eagle employee told her that customers are required to wear a face covering to shop in its stores. Giant Eagle also admits that Stewart claimed she was unable to wear a face mask because of a medical condition. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 101. The allegations in Paragraph 101 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

102.    Giant Eagle admits that Stewart asked to speak to a manager and that Stewart claimed that she could not wear a mask because of a medical condition. Giant Eagle also admits

that the manager told her that Giant Eagle requires customers to wear a face covering to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Stewart was "pulling up the Health Secretary's Order on her phone."  Giant Eagle denies the remaining allegations in Paragraph 102.  The allegations in Paragraph 102 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

103.    Giant Eagle admits that Stewart was provided alternatives that would have allowed her to purchase groceries.  Giant Eagle denies the remaining allegations in Paragraph 103.  The allegations in Paragraph 103 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

104.    Paragraph 104 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104.

105.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Thomchick carries a card that states that he does not need a mask or a copy of Dr. Levine's Order or why he carries those things.  Giant Eagle denies the remaining allegations in Paragraph 105.  The allegations in Paragraph 105 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

106.    Giant Eagle denies the allegations in Paragraph 106.  The allegations in Paragraph 106 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

107.    Paragraph 107 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107.

108.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Davis attempted to enter the Jeannette Giant Eagle on May 21, 2020, or whether she interacted with a security guard on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 108.  The allegations in Paragraph 108 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

109.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Davis attempted to enter the Jeannette Giant Eagle on May 21, 2020, or whether she interacted with a security guard or Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 109.  The allegations in Paragraph 109 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

110.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Davis attempted to enter the Jeannette Giant Eagle on May 21, 2020, or whether she interacted with a Giant Eagle manager on that date.  Giant Eagle denies the remaining allegations in Paragraph 110.  The allegations in Paragraph 110 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

111.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Davis attempted to enter the Jeannette Giant Eagle on May 21, 2020, or whether she interacted with a Giant Eagle employee on that date.  Giant Eagle denies the remaining allegations in Paragraph 111.  The allegations in Paragraph 111 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.    Paragraph 113 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113.

114.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Hammers attempted to enter the Johnstown Giant Eagle on May 31, 2020, or whether he interacted with a Giant Eagle employee on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 114.  The allegations in Paragraph 114 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

115.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Hammers attempted to enter the Johnstown Giant Eagle on May 31, 2020, or whether he interacted with a Giant Eagle employee on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 115.  The allegations in Paragraph 115 are not directed at C&J

or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

116.    Paragraph 116 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116.

117.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Harnish attempted to purchase groceries at the Johnstown Giant Eagle on April 28 or May 2, 2020, or whether she interacted with any Giant Eagle employees on those dates. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.   Giant Eagle denies the remaining allegations in Paragraph 117.   The allegations in Paragraph 117 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

118.    Giant Eagle admits that Harnish called a Giant Eagle store to purchase a bottle of wine curbside, was advised the wine could not be purchased curbside.  Giant Eagle also admits that Harnish claimed that she had a medical condition that prohibited her from wearing a face mask and that a Giant Eagle employee told her that customers were required to wear a face covering to shop in the store.  Giant Eagle is without knowledge or information to form a belief as to the truth of whether Harnish was able to purchase alcohol through the "State Stores."  Giant Eagle denies the remaining allegations in Paragraph 118.  The allegations in Paragraph 118 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

119.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Harnish called the Giant Eagle store.  The allegations in Paragraph 119 are

not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

120.    Paragraph 120 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120.

121.    Giant Eagle admits that McRae attempted to enter the store without wearing a face covering and was refused entry to the store.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  The allegations in Paragraph 121 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

122.    Giant Eagle admits that a manager told McRae he could not enter the store without wearing a face covering.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of how the manager's face covering appeared to McRae.  Giant Eagle denies the remaining allegations in Paragraph 122.  The allegations in Paragraph 122 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

123.    Giant Eagle admits that McRae stated that he was going to the Pharmacy and claimed that he could not wear a face mask because of a medical condition.  Giant Eagle also admits that McRae referred to the Health Secretary's Order.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether "captured the entire exchange on video."  Giant Eagle denies any remaining allegations.  The allegations in Paragraph 123 are

not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

124.    Giant Eagles admits that McRae claimed he was asserting his legal rights and refused to leave the store unless Giant Eagle called the police.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth about what McRae believed.  Giant Eagle denies the remaining allegations.  The allegations in Paragraph 124 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

125.    Giant Eagle admits that Giant Eagle contacted the police regarding McRae's inappropriate behavior and that he left the store following a discussion with the police.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of McRae's interactions with the police.  The allegations in Paragraph 125 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

126.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether McRae tried to speak with a different manager.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 126.  The allegations in Paragraph 126 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

127.    Paragraph 127 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127.  The allegations in Paragraph 127 are not directed at C&J

or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

128.    Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128.  The allegations in Paragraph 128 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

129.    Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.  The allegations in Paragraph 129 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

130.    Paragraph 130 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130.

131.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mangus attempted to purchase groceries at the Johnstown Giant Eagle on May 23, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 131.  The allegations in Paragraph 131 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

132.   Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mangus attempted to purchase groceries at the Johnstown Giant Eagle on May 23, 2020, or whether he interacted with a Giant Eagle manager on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 132.  The allegations in Paragraph 132 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

133.   Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Mangus attempted to purchase groceries at the Johnstown Giant Eagle on May 23, 2020 or whether he interacted with a Giant Eagle manager on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 133.  The allegations in Paragraph 133 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

134.   Paragraph 134 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134.

135.   Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether McGinnis entered the Johnstown Giant Eagle on July 3, 2020, or whether she interacted with a Giant Eagle employee on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 135.  The allegations in Paragraph 135 are not directed at C&J or

Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

136.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether McGinnis entered the Johnstown Giant Eagle on July 3, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 136.  The allegations in Paragraph 136 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

137.    Paragraph 137 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137.

138.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Quintiliani called Giant Eagle or if or why Quintiliani did not shop at Giant Eagle.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 138.  The allegations in Paragraph 138 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

139.    Paragraph 139 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139.

140.    Giant Eagle admits that Burk shopped for groceries at the Allegheny Towne Center Giant Eagle on May 9, 2020, and that he refused to wear a face covering.  Giant Eagle admits that

all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 140.  The allegations in Paragraph 140 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

141.   Giant Eagle admits that Burk shopped for groceries at the Allegheny Towne Center Giant Eagle on May 9, 2020, that he refused to wear a face covering, and that Burk claimed to have a medical condition that prohibited him from wearing a face mask.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 141.  The allegations in Paragraph 141 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

142.   Giant Eagle admits that Burk shopped for groceries at the Allegheny Towne Center Giant Eagle and that he refused to wear a face covering.  Giant Eagle also admits that Burk claimed to have a medical condition that prohibited him from wearing a face mask and that a police officer spoke to Burk.  Giant Eagle further admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 142.  The allegations in Paragraph 142 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

143.   Paragraph 143 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143.

144.   Giant Eagle admits that O'Connor and her husband were attempting to purchase items at the Leechburg Giant Eagle deli and that a Giant Eagle employee told her that Giant Eagle

requires customers to wear a face covering to shop in its stores.  Giant Eagle also admits that

O'Connor claimed that she had asthma and showed the employees her inhaler.  Giant Eagle admits

that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle

denies the remaining allegations in Paragraph 144.  The allegations in Paragraph 144 are not

directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations.

145.    Giant Eagle admits that O'Connor walked away towards the produce aisle and a

Giant Eagle employee told her that she was required to wear a face covering.  Giant Eagle admits

that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle

denies the remaining allegations in Paragraph 145.  The allegations in Paragraph 145 are not

directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations.

146.    Giant Eagle denies the allegations in Paragraph 146.  The allegations in Paragraph

146 are not directed at C&J or Faccenda and those Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations.

147.    Giant Eagle is without knowledge or information sufficient to form a belief as to

the truth of how O'Connor felt.  Giant Eagle denies the remaining allegations in Paragraph 147.

The allegations in Paragraph 147 are not directed at C&J or Faccenda and those Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations.

148.    Giant Eagle denies that it engaged in "illegal discrimination and retaliation."  Giant

Eagle is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 148.  The allegations in Paragraph 148 are not directed at C&J

or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.[2]

150.     Paragraph 150 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150.

151.     Giant Eagle admits that Shepherd attempted to shop at the Allegheny Towne Center Giant Eagle during the early days of the pandemic and that an employee mistakenly told Shepherd that he could not shop in the store wearing only a face shield but needed to wear a cloth face covering.  For customers who are unable or unwilling to wear a face mask or cloth covering, Giant Eagle's Policy allows those customers to wear a face shield to shop in its stores, and Giant Eagle offers other ways to shop.  The allegations in Paragraph 151 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

152.     Giant Eagle admits that Shepherd attempted to shop at the Allegheny Towne Center Giant Eagle during the early days of the pandemic and that an employee mistakenly told Shepherd that he could not shop in the store wearing only a face shield but needed to wear a cloth face covering.  For customers who are unable or unwilling to wear a face mask or cloth covering, Giant Eagle's Policy allows those customers to wear a face shield to shop in its stores, and Giant Eagle offers other ways to shop.  Giant Eagle also admits that Shepherd claimed to have a medical condition that prohibits him from wearing a cloth face covering and asked to speak to a manager. The allegations in Paragraph 152 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

---

[2] The Third Amended Complaint does not contain a Paragraph 149.

152.    [3]Giant Eagle admits that Shepherd attempted to shop at the Allegheny Towne Center Giant Eagle during the early days of the pandemic and that Shepherd claimed to have a medical condition that prohibits him from wearing a cloth face covering.  Giant Eagle denies that Shepherd was polite.  The allegations in Paragraph 152 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

153.    Giant Eagle admits that Shepherd referred to the ADA.  Giant Eagle denies the remaining allegations in Paragraph 153.  The allegations in Paragraph 153 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

154.    Giant Eagle admits that Shepherd eventually left the store.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154.  The allegations in Paragraph 154 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156.    Paragraph 156 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156.

157.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Gorzock entered the Leechburg Giant Eagle on June 21, 2020, or whether she

---

[3] The Third Amended Complaint identifies two (2) separate paragraphs as 152.

interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 157.  The allegations in Paragraph 157 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

158.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Gorzock entered the Leechburg Giant Eagle on June 21, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle denies the remaining allegations in Paragraph 158.  The allegations in Paragraph 158 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

159.    Paragraph 159 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159.

160.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Pierro attempted to shop in the Leechburg Giant Eagle in April 2020, or whether she interacted with any Giant Eagle employees at that time.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 160.  The allegations in Paragraph 160 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

161.    Paragraph 161 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161.

162.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Roberts attempted to shop in the Leechburg Giant Eagle in June 2020, or whether he interacted with any Giant Eagle employees at that time.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 162.  The allegations in Paragraph 162 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

163.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Roberts attempted to shop in the Leechburg Giant Eagle in June 2020, or whether he interacted with any Giant Eagle employees at that time.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 163.  The allegations in Paragraph 163 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

164.    Paragraph 164 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164.

165.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.

166.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Winner interacted with any Giant Eagle employees on April 24, 2020. Defendants admit that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Defendants deny the remaining allegations in Paragraph 166.

167.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Winner interacted with any Giant Eagle employees on April 24, 2020. Defendants admit that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Defendants deny the remaining allegations in Paragraph 167.

168.     Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Winner interacted with any Giant Eagle employees on April 24, 2020. Defendants admit that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Defendants deny the remaining allegations in Paragraph 168.

169.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Winner's mental state or feelings or whether she left the store without purchasing groceries.

170.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Winner's mental state or feelings.  Defendants deny the remaining allegations in Paragraph 170.

171.     Paragraph 171 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171.

172.     Defendants admit that Wynkoop makes allegations about the Ligonier Giant Eagle on April 28 and May 17, 2020.  Defendants deny the remaining allegations in Paragraph 172.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Wynkoop "attempted to comply" with Giant Eagle's face covering Policy.  Defendants admit that Giant Eagle employees told Wynkoop he was required to comply with Giant Eagle's face covering Policy and that they would call the police if he did not leave or comply with the Policy.  Defendants deny the remaining allegations in Paragraph 173.

174.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Wynkoop tried again to wear the mask.  Defendants deny the remaining allegations in Paragraph 174.

175.    Defendants admit that Wynkoop attempted to enter the store without wearing a face covering and that Giant Eagle employees told Wynkoop that all customers must wear a face covering to shop in its stores.  Defendants also admit that Giant Eagle employees offered curbside service as an alternative and offered to shop for Wynkoop.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Wynkoop sat in his car crying.  Defendants deny the remaining allegations in Paragraph 175.

176.    Defendants admit that in May 2020, shortly after the pandemic began, Faccenda mistakenly stated in a message to Wynkoop that he would need to wear a face mask under a face shield to enter the store.  For customers who are unable or unwilling to wear a face mask or cloth covering, Giant Eagle's Policy allows those customers to wear a face shield to shop in its stores, and Giant Eagle offers other ways to shop.  Defendants deny the remaining allegations in Paragraph 176.

177.    Defendants admit that the Ligonier Giant Eagle sent Wynkoop a letter, and copied the Ligonier Police Department, informing Wynkoop that he was not permitted in the store, after

Wynkoop made harassing posts to a family picture of Faccenda on Facebook.  Defendants deny the remaining allegations in Paragraph 177.

178.    Paragraph 178 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178.

179.    Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Kirby attempted to enter the Ligonier Giant Eagle on May 4, 2020.  Defendants admit that all customers are required to follow Giant Eagle's Policy to shop in its stores. Defendants deny the remaining allegations in Paragraph 179.

180.    Paragraph 180 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180.

181.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Coulson attempted to shop at the Kennedy Township Giant Eagle on April 24, 2020, or whether he interacted with a guard on that date.  The allegations in Paragraph 181 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

182.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Coulson attempted to shop at the Kennedy Township Giant Eagle on April 24, 2020, or whether he interacted with a manager on that date.  The allegations in Paragraph 182 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

183.    Paragraph 183 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183.

184.    Paragraph 184 contains conclusions of law to which no response is required.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle also admits that March was yelling that Giant Eagle's Policy violated her constitutional rights.   Giant Eagle denies the remaining allegations in Paragraph 184.   The allegations in Paragraph 184 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

185.    Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores and that Giant Eagle employees explained the Policy to March.  Giant Eagle denies the remaining allegations in Paragraph 185.  The allegations in Paragraph 185 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

186.    Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores and that Giant Eagle employees explained the Policy to March.  Giant Eagle also admits that March purchased a lottery ticket.  Giant Eagle denies the remaining allegations in Paragraph 186.  The allegations in Paragraph 186 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

187.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations about how March felt or what she believes.  Giant Eagle denies the remaining allegations in Paragraph 187.  The allegations in Paragraph 187 are not directed at C&J

or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

188.    Paragraph 188 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188.

189.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Cappo attempted to shop without a face covering at the Meadville Giant Eagle on June 14, 2020 or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. The allegations in Paragraph 189 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

190.    The allegations contained in Paragraph 190 constitute conclusions of law to which no response is required.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Cappo attempted to shop without a face covering at the Meadville Giant Eagle on June 14, 2020.  Giant Eagle denies the remaining allegations in Paragraph 190. The allegations in Paragraph 190 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

191.    Paragraph 191 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191.

192.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Burton attempted to shop without a face covering at the Monroeville Giant Eagle on April 15, 2020, or whether she interacted with any Giant Eagle employees on that date.

Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 192. The allegations in Paragraph 192 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

193. Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Burton attempted to shop without a face covering at the Monroeville Giant Eagle on April 15, 2020, or whether she interacted with any Giant Eagle employees on that date. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 193. The allegations in Paragraph 193 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

194. Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Burton called Giant Eagle's corporate office. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 194. The allegations in Paragraph 194 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

195. Paragraph 195 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195.

196. Giant Eagle admits that Conley entered the Monroeville Giant Eagle without wearing a face covering and that a security guard advised Conley that he was required to wear a face covering. Giant Eagle admits that all customers are required to follow Giant Eagle's Policy

to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 196.  The allegations in Paragraph 196 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

197.     Paragraph 197 contains legal conclusions to which no response is required.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations about how Conley felt.  Giant Eagle denies the remaining allegations in Paragraph 197. The allegations in Paragraph 197 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

198.     Giant Eagle denies the allegations in Paragraph 198.  The allegations in Paragraph 198 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

199.     Giant Eagle admits that Giant Eagle called the police and that Conley was charged with various crimes, including drug possession.  Giant Eagle denies the remaining allegations in Paragraph 199.

200.     Paragraph 200 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200.

201.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Ree attempted to shop at the Moon Township Giant Eagle or whether he interacted with any Giant Eagle employees.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 201.  The allegations in Paragraph 201 are not directed at C&J or Faccenda and those

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

202.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Ree attempted to shop at the Moon Township Giant Eagle or whether he interacted with any Giant Eagle employees.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 202.  The allegations in Paragraph 202 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

203.     Paragraph 203 contains legal conclusions to which no response is required.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Ree attempted to shop at the Moon Township Giant Eagle or whether he interacted with any Giant Eagle employees.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 203.  The allegations in Paragraph 203 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

204.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Ree attempted to shop at the Moon Township Giant Eagle or whether he interacted with any Giant Eagle employees.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 204.  The allegations in Paragraph 204 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

205.    Paragraph 205 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 205.

206.    Giant Eagle admits that Palladino attempted to shop in the Murrysville Giant Eagle without a face covering and that a Giant Eagle employee told her that she needed to wear a face covering to shop in the store.  Giant Eagle also admits that Palladino claimed that she could not wear a face mask because of a medical condition.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 206.  The allegations in Paragraph 206 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

207.    Giant Eagle admits that a Giant Eagle employee told Palladino that she needed to wear a face covering to shop in the store.  Giant Eagle also admits that Palladino claimed that she could not wear a face mask because of a medical condition.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 207.  The allegations in Paragraph 207 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

208.    Giant Eagle admits that Giant Eagle contacted the police.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Palladino's interactions with the police.  Giant Eagle denies the remaining allegations in Paragraph 208.  The allegations in Paragraph 208 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

209.    Paragraph 209 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209.

210.    Giant Eagle admits that Blackstone attempted to enter Giant Eagle stores without wearing a face covering.  Giant Eagle also admits that Giant Eagle employees told Blackstone that he was required to wear a face covering to shop in the store and that Blackstone claimed that he had a medical condition that prohibited him from wearing a face mask.  Giant Eagle further admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 210.  The allegations in Paragraph 210 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

211.    Giant Eagle admits that Blackstone attempted to enter the New Kensington Giant Eagle without wearing a face covering and that he was required to follow Giant Eagle's Policy to shop in the store.  Giant Eagle also admits that Blackstone claimed that he had a medical condition that prohibited him from wearing a face mask.  Giant Eagle further admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 211.  The allegations in Paragraph 211 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

212.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Blackstone called the corporate office or whether Blackstone walked into the store to get the manager's name.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in

Paragraph 212.  The allegations in Paragraph 212 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

213.    Giant Eagle admits that Blackstone attempted to enter the Greensburg Giant Eagle without wearing a face covering, that he claimed to have a medical condition that prohibited him from wearing a face covering, and that he left the store without purchasing groceries.  Giant Eagle also admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 213.  The allegations in Paragraph 213 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

214.    Paragraph 214 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214.

215.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Haggerty shopped in the New Kensington Giant Eagle without a face covering on June 13, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 215.  The allegations in Paragraph 215 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

216.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Haggerty shopped in the New Kensington Giant Eagle without a face covering on June 13, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant

Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 216.  The allegations in Paragraph 216 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

217.    Paragraph 217 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217.

218.    Giant Eagle admits that Bensor attempted to shop in the Northern Cambria Giant Eagle and that a Giant Eagle employee told him that he was required to wear a face covering to shop in the store.  Giant Eagle also admits that Bensor claimed to have a medical condition that prohibited him from wearing a face mask.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 218.  The allegations in Paragraph 218 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

219.    Paragraph 219 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219.

220.    Giant Eagle denies the allegations in Paragraph 220.  The allegations in Paragraph 220 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

221.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations about whether Marks-Borichevsky "tried to comply" with Giant Eagle's

Policy or whether she "still experienced shortness of breath and chest pain."  Giant Eagle denies the remaining allegations in Paragraph 221.  The allegations in Paragraph 221 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

222.    Paragraph 222 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222.

223.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Parsons attempted to shop without a face covering in the Irwin Giant Eagle on June 10, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores. Giant Eagle denies the remaining allegations in Paragraph 223.  The allegations in Paragraph 223 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

224.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Parsons called the store.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 224.  The allegations in Paragraph 224 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

225.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Parsons attempted to shop without a face covering in the Shadyside Giant Eagle on June 20, 2020, or whether he interacted with any Giant Eagle employees or state

constables on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 225.  The allegations in Paragraph 225 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

226.    Paragraph 226 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 226.

227.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Wolfe entered the North Huntington Giant Eagle on May 23, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle is also without knowledge or information sufficient to form a belief as to the truth of whether Wolfe called the corporate office.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 228.  The allegations in Paragraph 228 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

229.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Wolfe shopped in the Hempfield Giant Eagle on June 20, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 229.  The allegations in Paragraph 229 are not directed at C&J or

Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

230.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Wolfe and his daughter were escorted out of the North Huntington Giant Eagle by two police officers on July 14, 2020.  Giant Eagle denies that it does not allow customers to wear face coverings including face shields in lieu of face masks to shop in its stores.   The allegations in Paragraph 230 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

231.    Paragraph 231 contains legal conclusions to which no response is required.  Giant Eagle denies that Kostek cannot wear a mask.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 231.   The allegations in Paragraph 231 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

232.    Giant Eagle admits that Kostek's allegations relate to the Oil City Giant Eagle on May 16, 2020 and May 27, 2020.  Giant Eagle also admits that Kostek attempted shop in the Oil City Giant Eagle on May 16 and May 27, 2020, without wearing a face covering and that he claimed he could not wear a face mask because of medical condition.  Giant Eagle denies the remaining allegations in Paragraph 232.  The allegations in Paragraph 232 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

233.    Giant Eagle admits that its employees called the police when Kostek refused to wear a face covering or leave the store.  Giant Eagle denies the remaining allegations in Paragraph

233.  The allegations in Paragraph 233 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

234.  Giant Eagle admits that Kostek eventually left the store and was arrested by the police.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234.  The allegations in Paragraph 234 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

235.  Giant Eagle admits that Kostek again tried to shop in-store without wearing any face covering and that Giant Eagle employees told him he could not do so.  Giant Eagle also admits that Kostek attempted to purchase groceries including chewing tobacco.  Giant Eagle further admits that its employees called the police when Kostek refused to leave the store or wear a face covering.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of what the police told Kostek.  Giant Eagle denies the remaining allegations in Paragraph 235.  The allegations in Paragraph 235 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

236.  Paragraph 236 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236.

237.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Shirk attempted to shop in the Roaring Spring Giant Eagle on April 30, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 237.  The allegations in Paragraph 237 are not directed at

C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

238.    Paragraph 238 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 238.

239.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Rhoat and his son attempted to enter the Roaring Spring Giant Eagle without wearing a face covering on June 5, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 239.  The allegations in Paragraph 239 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

240.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether a disability advocate called Giant Eagle on behalf of Rhoat.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 240 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

241.    Paragraph 241 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 241.

242.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Markham shopped in the Rochester Giant Eagle on June 16, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers

are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 242.  The allegations in Paragraph 242 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

243.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Markham shopped in the Rochester Giant Eagle on June 16, 2020, or whether she interacted with any police officer on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 243.  The allegations in Paragraph 243 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

244.    Paragraph 244 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 244.

245.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Marshall entered the Rochester Giant Eagle without a face covering on July 2, 2020, or whether she interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 245.  The allegations in Paragraph 245 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

246.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Marshall entered the Rochester Giant Eagle on July 2, 2020, or whether she

tried to comply with Giant Eagle's Policy.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 246 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

247.    Paragraph 247 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247.

248.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Duckstein heard or whether she called Giant Eagle. Giant Eagle denies that it changed its Policy.  Giant Eagle admits that it considered various ways to enforce its Policy.  Giant Eagle denies the remaining allegations in Paragraph 248.  The allegations in Paragraph 248 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

249.    Giant Eagle admits that Duckstein attempted to shop in the Seven Fields Giant Eagle without wearing a face covering and that a Giant Eagle employee told her that she was required to wear a face covering to shop in the store.  Giant Eagle also admits that Duckstein claimed and she has a medical condition that prohibits her from wearing a face mask.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 249.  The allegations in Paragraph 249 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

250.    Giant Eagle admits that a police officer escorted Duckstein out of the store because she refused to wear a face covering and that Giant Eagle accepted Duckstein's bank card and used

it to purchase her groceries while Duckstein waited outside.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what the police officer said to Duckstein.  The allegations in Paragraph 250 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

251.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Duckstein called Giant Eagle's customer service line.  Giant Eagle denies that it changed its Policy.  The allegations in Paragraph 251 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

252.    Paragraph 252 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 252.

253.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether McMullen attempted to shop at the South Hills Village Giant Eagle on June 28, 2020, or the Castle Shannon Giant Eagle on June 30, 2020.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  The allegations in Paragraph 253 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

254.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether McMullen attempted to shop at the South Hills Village Giant Eagle on June 28, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle denies that it does not allow customers to wear face coverings including face shields in lieu of face

masks to shop in its stores.  The allegations in Paragraph 254 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

255.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether McMullen attempted to shop at the Castle Shannon Giant Eagle on June 30, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 255.  The allegations in Paragraph 255 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

256.    Paragraph 256 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 256.

257.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Smith walked into the Somerset Giant Eagle on July 20, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 257.  The allegations in Paragraph 257 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

258.    Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258.  The allegations in Paragraph 258 are not directed at

C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

259.   Paragraph 259 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 259.

260.   Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Zytnick entered the Squirrel Hill Giant Eagle on May 9, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 260.  The allegations in Paragraph 260 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

261.   Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Zytnick entered the Squirrel Hill Giant Eagle on May 9, 2020, or whether he interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 261.  The allegations in Paragraph 261 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

262.   Paragraph 262 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 262.

263.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Faust and Sims attempted to enter the Fayette Plaza Giant Eagle on May 13, 2020, or whether they interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 263.  The allegations in Paragraph 263 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

264.     Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of whether Faust and Sims attempted to enter the Fayette Plaza Giant Eagle on May 13, 2020, or whether they interacted with any Giant Eagle employees on that date.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph 264.  The allegations in Paragraph 264 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

265.     Paragraph 265 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 265.

266.     Giant Eagle admits that Cunningham entered the Kennywood Giant Eagle and was informed that Giant Eagle requires all customers to wear a face covering to shop in its stores.  Giant Eagle also admits that Cunningham claimed that she has a medical condition that prohibits her from wearing a face mask.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores.  Giant Eagle denies the remaining allegations in Paragraph

266.  The allegations in Paragraph 266 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

267.    Giant Eagle admits that Cunningham went back into the store without wearing a face covering.  Giant Eagle also admits that Cunningham claimed that she has a medical condition that prohibits her from wearing a face mask.  Giant Eagle admits that all customers are required to follow Giant Eagle's Policy to shop in its stores and that the Giant Eagle employee told Cunningham that he would call law enforcement.  Giant Eagle denies the remaining allegations in Paragraph 267.  The allegations in Paragraph 267 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

268.    Giant Eagle admits that Cunningham claimed that she has a medical condition that prohibits her from wearing a face mask.  Giant Eagle also admits that all customers are required to follow Giant Eagle's Policy to shop in its stores and that Cunningham left the store without purchasing groceries.  Giant Eagle further admits that the police spoke with Cunningham.  Giant Eagle is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the discussion between the police and Cunningham.  Giant Eagle denies the remaining allegations in Paragraph 268.  The allegations in Paragraph 268 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

269.    Defendants admit that on April 15, 2020, Governor Wolf issued a press release announcing an order issued by Pennsylvania's Secretary of the Department of Health concerning protections for employees for businesses authorized to maintain in-person operating during the

COVID-19 emergency.  The April 15, 2020 Order speaks for itself.  Giant Eagle also notes that on November 17, 2020, the Pennsylvania Secretary of Health issued an updated order.

270.     The April 15, 2020 Order speaks for itself.  Defendants also note that on November 17, 2020, the Pennsylvania Secretary of Health issued an updated order.

271.     Defendants admit that the Pennsylvania Department of Health published guidelines for businesses in connection with the COVID-19 emergency and that it updated those guidelines on May 1, 2020.  The guidelines speak for themselves.

272.     Defendants admit that Secretary Levine issued an Order on July 1, 2020.  The July 1, 2020 Order speaks for itself.  Defendants also note that on November 17, 2020, the Pennsylvania Secretary of Health issued an updated order.

273.     The CDC guidelines speak for themselves.  Defendants deny the remaining allegations in Paragraph 273.

274.     Defendants admit that Giant Eagle's Policy requires all customers shopping in its Pennsylvania stores to wear face coverings, which includes face shields.  Defendants deny the remaining allegations in Paragraph 274.

275.     Defendants deny the allegations in Paragraph 275.

276.     Any Giant Eagle publications speak for themselves.  Defendants deny that Giant Eagle's Policy does not allow customers who cannot or believe they cannot wear a face mask or cloth face covering to wear a face shield to shop in its stores.  Giant Eagle's Policy has been clearly defined and widely publicized for many months.

277.     Defendants deny the allegations in Paragraph 277.

278.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278.  Giant Eagle denies that its Policy does not allow customers to wear a face covering, including a face shield, to shop in its stores.

279.     Defendants deny the allegations in Paragraph 279.

280.     Defendants admit that Giant Eagle employees have offered to shop for customers who will not wear a face covering.  Defendants deny the remaining allegations in Paragraph 280.

281.     Paragraph 281 consists of legal conclusions to which no response is required.

282.     Defendants deny the allegations in Paragraph 282.

283.     Defendants admit that store managers have told customers that Giant Eagle requires customers to wear face coverings while shopping in its stores during the COVID-19 pandemic. Defendants deny the remaining allegations in Paragraph 283.

284.     Defendants deny the allegations in Paragraph 284.

285.     Defendants incorporate by reference their answers to Paragraphs 1-284.

286.     Defendants admit that the ADA was in effect in the United States during the times relevant to this lawsuit.

287.     Paragraph 287 consists of legal conclusions to which no response is required.

288.     Paragraph 288 consists of legal conclusions to which no response is required.

289.     Paragraph 289 consists of legal conclusions to which no response is required.

290.     Paragraph 290 consists of legal conclusions to which no response is required.

291.     Paragraph 291 consists of legal conclusions to which no response is required.

292.     Defendants deny the allegations in Paragraph 292.

293.     Paragraph 293 consists of legal conclusions to which no response is required.

294.     Defendants deny the allegations in Paragraph 294.

295.     Defendants deny the allegations in Paragraph 295.

296.     Paragraph 296 contains legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 296.

297.     Defendants deny the allegations in Paragraph 297.

298.     Defendants deny the allegations in Paragraph 298.

299.     Defendants admit that Plaintiffs have sought injunctive relief.  Defendants deny the remaining allegations in Paragraph 299.

300.     Defendants incorporate by reference their answers to Paragraphs 1-299.

301.     Defendants deny the allegations in Paragraph 301.

302.     Defendants deny the allegations in Paragraph 302.

303.     Defendants deny the allegations in Paragraph 303.

304.     Defendants deny the allegations in Paragraph 304.

305.     Defendants incorporate by reference their answers to Paragraphs 1-304.

306.     Paragraph 306 consists of legal conclusions to which no response is required.

307.     Defendants deny the allegations in Paragraph 307.

308.     Giant Eagle denies the allegations in Paragraph 308.  The allegations in Paragraph 308 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

309.     Giant Eagle denies the allegations in Paragraph 309.  The allegations in Paragraph 309 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

310.     Giant Eagle denies the allegations in Paragraph 310.  The allegations in Paragraph 310 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

311.     Giant Eagle denies the allegations in Paragraph 311.  The allegations in Paragraph 311 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

312.     Giant Eagle denies the allegations in Paragraph 312.  The allegations in Paragraph 312 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

313.     Defendants incorporate by reference their answers to Paragraphs 1-312.

314.     Giant Eagle denies the allegations in Paragraph 314.  The allegations in Paragraph 314 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

315.     Giant Eagle denies the allegations in Paragraph 315.  The allegations in Paragraph 315 are not directed at the C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

316.     Paragraph 316 consists of legal conclusions to which no response is required.  The allegations in Paragraph 316 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

317.     Giant Eagle denies the allegations in Paragraph 317.  The allegations in Paragraph 317 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

318.     Giant Eagle denies the allegations in Paragraph 318.  The allegations in Paragraph 318 are not directed at C&J or Faccenda and those Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

319.     Defendants incorporate by reference their answers to Paragraphs 1-318.

320.     Defendants deny the allegations in Paragraph 320.

321.     Defendants deny the allegations in Paragraph 321.

322.     Defendants deny the allegations in Paragraph 322.


## **AFFIRMATIVE DEFENSES**[4]

### *First Affirmative Defense*

All actions taken by Defendants with respect to Plaintiffs were reasonable, taken in good faith, and in accordance with the law.

### *Second Affirmative Defense*

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Giant Eagle's face covering requirement is a legitimate safety rule designed to keep customers, employees, and the public safe during the current pandemic.

### *Third Affirmative Defense*

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Plaintiffs' proposed modification to Giant Eagle's face covering Policy, allowing customers to shop without wearing a face covering, is unreasonable.

---

[4] Giant Eagle does not concede that it has the burden to prove any of the defenses set forth below, but lists these defenses in an abundance of caution.

### Fourth Affirmative Defense

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Plaintiffs' proposed modification to Giant Eagle's face covering requirement would pose a direct threat to the health and safety of others.  COVID-19 is a highly contagious virus and it is widely recognized that face coverings are one of the best ways to slow the spread.

### Fifth Affirmative Defense

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Plaintiffs' proposed modification to Giant Eagle's face covering requirement would be unduly burdensome.

### Sixth Affirmative Defense

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Plaintiffs' proposed modification to Giant Eagle's face covering requirement would fundamentally alter the nature of Giant Eagle's business.

### Seventh Affirmative Defense

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Giant Eagle adequately provided access through readily achievable alternative methods, including curbside and delivery service.

### Eighth Affirmative Defense

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Plaintiffs do not have a disability that prohibits them from complying with Giant Eagle's face covering requirement.  Plaintiffs can wear face masks or other face coverings, including a face shield.

### *Ninth Affirmative Defense*

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Giant Eagle reasonably accommodates individuals who cannot wear a face mask by allowing them to wear other types of face coverings, such as a face shield.

### *Tenth Affirmative Defense*

Plaintiffs cannot prevail on their claims under the Americans with Disabilities Act because Plaintiffs' proposed modification is not an alteration within the meaning of the ADA or the Pennsylvania Human Relations Act.

### *Eleventh Affirmative Defense*

Plaintiffs cannot prevail on their retaliation claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Plaintiffs did not engage in protected conduct.

### *Twelfth Affirmative Defense*

Plaintiffs cannot prevail on their retaliation claims under the Americans with Disabilities Act or Pennsylvania Human Relations Act because Giant Eagle's actions were based on legitimate, non-discriminatory, and non-retaliatory reasons that were unrelated to any complaints under the Americans with Disabilities Act or Pennsylvania Human Relations Act.

### *Thirteenth Affirmative Defense*

Plaintiffs cannot prevail on their retaliation claims under the Americans with Disabilities Act because Giant Eagle would have treated Plaintiffs the same irrespective of their purported disabilities.

### *Fourteenth Affirmative Defense*

Plaintiffs have failed to state a cause of action.

### *Fifteenth Affirmative Defense*

Plaintiffs cannot prevail on their negligence claims because of Plaintiffs' comparative fault.

### *Sixteenth Affirmative Defense*

Plaintiffs cannot prevail on their negligence claims because of Plaintiffs' illegal conduct.

### *Seventeenth Affirmative Defense*

Plaintiffs cannot prevail on their assault and battery claims because Giant Eagle's employees were acting in self-defense.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that this Court will:

(a)     Deny all of Plaintiffs' claims against Giant Eagle and enter judgment in favor of Giant Eagle on such claims;

(b)     Award Defendants their reasonable attorneys' fees under the Americans with Disabilities Act; and

(c)     Award Defendants any other such relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all claims so triable.

Dated: December 11, 2020                      Respectfully submitted,

*/s/ Jeremy D. Engle*
Jonathan D. Marcus (PA ID #312829)
jmarcus@marcus-shapira.com
Jeremy D. Engle (PA ID #324008)
engle@marcus-shapira.com

MARCUS & SHAPIRA LLP
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed and served via operation of the Court's CM/ECF system on December 11, 2020, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Jeremy D. Engle*       
Jeremy D. Engle