## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY PLETCHER, et al., | ) | |
| | ) | Case No. 2:20-cv-00754-NBF |
| Consolidated Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GIANT EAGLE, INC., C&J GROCERY | ) | |
| CO., LLC, and MATT FACCENDA, | ) | |
| | ) | |
| Defendants. | ) | |

## **BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiffs have generally failed to provide complete, non-evasive discovery, but eight of those Plaintiffs have engaged in misconduct that Defendants (collectively, "Giant Eagle") believe warrant sanctions. Those eight Plaintiffs repeatedly withheld relevant documents, spoliated evidence, and provided evasive or false discovery responses, all in defiance of the Court's orders. The misconduct involved a central issue to the case—namely, these Plaintiffs' claimed inability to wear face coverings.[1] The Court should sanction:

- Debbie Vidovich by dismissing her claims and ordering her to pay Giant Eagle's reasonable attorneys' fees related to seeking the discovery she should have provided in the first instance;

- Doug Janaszek by dismissing his claims and ordering him to pay Giant Eagle's reasonable attorneys' fees for taking his deposition;

- Nicholas Conley by dismissing his claims;

- Paul Shepherd by dismissing his claims;

- Holly Pulling by dismissing her claims;

- Josiah Kostek by dismissing his claims;

- Clyde Piovesan by dismissing his claims;

- Tommy Wynkoop by dismissing his claims.

---

[1] Giant Eagle reserves the right to seek sanctions against other Plaintiffs for similar misconduct.

The Court long ago ordered Plaintiffs who are unwilling to provide complete discovery to dismiss their claims with prejudice.  Am. Case Management Order (ECF 69) at 2, ¶ 3.  The above Plaintiffs ignored the Court's directive, providing only the discovery they wanted to provide and hiding or destroying the rest.  Such conduct should be deterred.  As one district court in the Third Circuit explained:

> If litigants are to have any faith in the discovery process, they must know that parties cannot fail to produce highly relevant discovery within their possession with impunity. Parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant discovery.

*Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 709 (D.N.J. 2015).

## I.   LEGAL STANDARD

Subsection (c) of Rule 37 provides for the imposition of sanctions "[i]f a party fails to provide information … as required by Rule 26(e)."  Permissible sanctions for such violations include complete dismissal of the action.  *See* Fed.R.Civ.P. 37(c)(1)(C), citing Fed.R.Civ.P. 37 (b)(2)(A)(v).  Rule 37 requires courts to treat as a failure to disclose, answer or respond to discovery those situations where a party provides an evasive or incomplete disclosure.  *See* Fed.R.Civ.P. 37(a)(4).  The ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court.  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).  "Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders."  *Knoll v. City of Allentown*, 707 F.3d 406, 409-410 (3d Cir. 2013) (citing Fed. R. Civ. P. 37(b)(2)(A)(v)).

It is well settled that courts in the Third Circuit should consider the following factors (the *Poulis* factors) when considering a sanction of complete dismissal.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co*., 747 F.2d 863, 868 (3d Cir.1984) (emphasis removed). As the Third Circuit has directed, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992).

With respect to spoliation, Rule 37 provides two levels of sanctions. *Miller v. Thompson-Walk*, Civil Action No. 15-1605, 2019 U.S. Dist. LEXIS 83249, *28 (W.D. Pa. May 17, 2019). "Subsection (e)(1) is . . . concerned with a party's negligent or grossly negligent failure to preserve ESI, whereas subsection (e)(2) is directed to instances where a party intentionally destroys ESI." *Id*. (internal quotation marks omitted). The "most severe measures" are appropriate in "instances of intentional loss or destruction [i.e., (e)(2)]." *Id*. *29 (internal quotation marks omitted; modification in original). To impose the most severe sanctions under Rule 37(e)(2), "the court must make a finding that the party acted with the intent to deprive another party of the information's use in the litigation." *Id*.

## II.   ARGUMENT[2]

### A.   Debbie Vidovich's claims should be dismissed and she should be ordered to pay Giant Eagle's reasonable attorneys' fees

Vidovich has engaged in a scheme of hiding documents and information, deleting evidence she believes undermines Plaintiffs' cases, and directing others to do the same. Vidovich created and administered the private Facebook group Stop Giant Eagle Now ("SGEN"), which was devoted to opposing Giant Eagle's face covering policy (the "Policy"). Many of the Plaintiffs

---

[2] Giant Eagle does not restate the relevant background detailed in its contemporaneously filed Brief in Support of Motion to Compel Discovery, but incorporates it here by reference.

belonged to and posted to this group page, which included thousands of posts about wearing face coverings and Giant Eagle's Policy. Yet Vidovich did not produce a single post from the page by the discovery due date and only granted Giant Eagle access after being questioned about it at her deposition. After Vidovich's deposition, she warned other Plaintiffs that Giant Eagle now has "access to our Facebook page." Exhibit N, Vidovich Facebook Messenger Excerpts at pg. 2.[3]

Vidovich deleted or hid SGEN posts and communications harmful to Plaintiffs' case and advised others to do the same. For example, in one post to SGEN, Vidovich warns the other Plaintiffs "Everyone, Tom [Anderson] also sad [sic] not to talk about [the case] online!!! I'm going to de[let]e anything along those lines." Exhibit A, SGEN Facebook Posts at pg. 7-8. She further advised the other Plaintiffs "Pm [Private message] each other. Although I'm not sure that's safe." In another, she states that she has "had to hide many posts from Nick [Conley] where he divulges specifics of our cases despite repeatedly being asked not to [by] myself and Tom [Anderson]," then explaining that after consulting with "Tom [Anderson] on how to proceed . . . . my only motivation was to protect Nick's case and ours." Ex. A. at 11.[4] Giant Eagle fortuitously captured one of the SGEN posts that Vidovich deleted.[5] In that now deleted post, Vidovich instructed others to list their purported medical conditions on "fake letter head" and go to the McKees Rocks Giant Eagle and ask for an "exemption" from the Policy. Ex. A pg. 12. She also

---

[3] Vidovich also bragged that "[Giant Eagle] thought they had caught me on tape with a mask in there store. . . Nope. Lol. Assholes." Ex. N at 2. Actually, Giant Eagle did "catch" Vidovich on video shopping with a mask in its stores— three separate times in May 2020. Vidovich admitted at her deposition that she shopped inside Giant Eagle while wearing a mask. Exhibit B, Vidovich Tr. 106:11-16; 110:17-20.

[4] In another post, Ms. Vidovich tells former Plaintiff Ronnie Sturchio that "I hid that last comment. I don't think [Mr. Anderson] wants that advertised. At least not form [sic] when we talked yesterday and today. I think he wants a surprise. We have trolls on here so you just never know who's listening. It could be a GE exec." Ex. A, pg. 8. In yet another post, Ms. Vidovich commented that she cannot allow members to "post things that will threaten my case or the cases of others" and "that require my time to delete." Ex. A, pg. 9.

[5] A Giant Eagle store employee joined the SGEN group for a period of time while it was public and took a screen shot of a few Vidovich posts. When Giant Eagle finally gained access to the now private SGEN group in April 2021, some of those posts had apparently been deleted.

advised others to reach out to attorney Anderson, stating "You DON'T need an actual disability to be covered under the ADA.  Just a medical reason to not wear a mask." Ex. A pg. 13. (typo corrected).

Vidovich's destruction of evidence was not limited to SGEN posts.  She also deleted private messages, texts, and emails.  Vidovich admitted at her deposition deleting emails and texts about Giant Eagle's face covering policy and her ability to wear face coverings.  Ex. B, Vidovich Tr. 156:10-13; 157:19-25.  Though she testified that she messaged extensively with Plaintiffs Shepherd and Conley,[6] she has not produced a single message with either of them.  Nor did Vidovich produce dozens of messages with Plaintiff Wynkoop concerning the lawsuit and Giant Eagle's Policy, which are known to exist because Wynkoop recently produced them.

Vidovich did not delete and ultimately produced certain selected communications, but not before she withheld them for months and falsely represented that they did not exist.  Up until July 2021, Vidovich claimed she had no responsive communications about Giant Eagle's Policy or her ability to wear face coverings, apart from a few emails with the Pennsylvania Department of Health.  She produced no other communications—even after Giant Eagle identified specific communications referenced on SGEN.  As of July 6, Vidovich had produced just a few messages with Plaintiff Wynkoop and claimed in her discovery responses that no other private messages existed.  Exhibit C, Vidovich Response Interrog. 8.  After Giant Eagle specifically identified missing Vidovich messages to the Special Master on July 7, Vidovich finally produced hundreds of responsive private messages with more than a dozen individuals.[7]

---

[6] Ex. B at 47:16-48:2
[7] As explained in Giant Eagle's Brief in Support of Motion to Compel, Vidovich still has not produced 30 hours of notes related to Giant Eagle's Policy and video she says she secretly recorded at Giant Eagle.

Not only has Vidovich both withheld and deleted responsive documents and communications, her written discovery responses are evasive. For example, Vidovich claims she has not shopped at Giant Eagle since April 2020[8] and never provided a stipulation that she can shop at Giant Eagle wearing any type of face covering. Yet at her deposition, after being confronted with video evidence, she admitted shopping on at least three occasions at Giant Eagle in May 2020 while wearing a face mask. Ex. B at 106:11-16; 110:17-20. Vidovich also failed to identify in her July 6 responses, any of the dozens of individuals on the messages she produced three days later. Ex. C, Vidovich Response Interrog. 1.

Based on these facts, all of the *Poulis* factors favor dismissal. **First**, Vidovich deleted texts, private messages, and SGEN posts, provided evasive discovery responses, and refused to turn over obviously responsive private messages while repeatedly claiming she did not have any. **Second**, Vidovich prejudiced Giant Eagle by intentionally deleting SGEN posts and her own private messages that she believed were harmful to Plaintiffs' case.[9] **Third**, Vidovich has repeatedly missed discovery deadlines, disobeyed Court orders, and only produced the bulk of the communications she initially withheld after Giant Eagle sought help from the Court and Special Master no fewer than four times. **Fourth**, Vidovich acted willfully and in bad faith to, in her words, "protect" Plaintiffs' case by hiding and deleting discovery, and instructed others to do the same.[10] Moreover, Vidovich rejoiced at the idea of causing Giant Eagle financial pain. Ex. N at 1. ("I read that for every $25000 awarded on an ADA lawsuit, the company spends 1 million in defense . . . I am so over the moon happy that my actions and our members [on Stop Giant Eagle

---

[8] Ex. C, Vidovich Response Interrog. 4 ("Stopped going [to Giant Eagle] in April [2020].").

[9] In turn, Vidovich also prejudiced Giant Eagle by requiring it to spend time and money tracking down discovery to which it has been entitled all along.

[10] Vidovich knew deleting discovery was wrong. At her deposition, prior to being confronted with evidence that she deleted discovery, Vidovich acknowledged that deleting discovery "would be unethical" and that "Giant Eagle might want to use some Facebook posts to defend itself . . . or maybe the court would want to see all this." Ex. B at 63:20-64:7.

Now] will result in that kind of pain for GE."). **Fifth**, dismissal is appropriate to address the prejudice Vidovich caused Giant Eagle by deleting responsive SGEN posts and communications. Prior Court orders and conferences with the Special Master have apparently done nothing to impress on Vidovich the importance of providing non-evasive and complete discovery.

**Sixth**, Vidovich's ADA claim is not meritorious. Not only has she shopped at Giant Eagle on multiple occasions wearing a face covering, she admits in her own SGEN posts that she refused Giant Eagle's offered accommodations. In fact, a Giant Eagle employee told Vidovich she could call the manager for her grocery order, and he would ensure she had an immediate slot for curbside pickup. *See* Ex. A at 6 ("The manager offered to give me preferential treatment from now on. 'Just call me and I'll open a slot for you' . . . No thanks. . . .I will not abandon[] all the other people who are exempt and have no access to this favored treatment. NO NO NO!").

Beyond these facts, Giant Eagle should prevail as a matter of law for multiple reasons, including a direct threat defense, which has already been endorsed by at least two federal courts in similar cases. *See, e.g., Giles v. Sprouts Farmers Mkt., Inc.*, Case No. 20-cv-2131, 2021 U.S. Dist. LEXIS 97995, *16-*17 (S.D. Cal. May 24, 2021) (dismissing ADA claim based on a face covering requirement because "Defendant conducted an individualized assessment of the direct threat posed by Plaintiff by her unwillingness to wear a face mask or face shield. Defendant's policy did not constitute 'discrimination' under Title III of the ADA."); *Hernandez v. El Pasoans Fighting Hunger*, EP-21-CV-00055, 2021 U.S. Dist. LEXIS 124078, *16 (W.D. Tex. July 1, 2021) ("Considering the reasonable accommodations Defendant already offer [home delivery and drive through], the ADA does not require Defendants to alter their mask policy for Plaintiff . . . Even more so when exempting Plaintiff from their mask policy would pose a direct threat to the health and safety of others, including Plaintiff himself, due to the COVID-19 pandemic.").

The additional sanction of reasonable attorneys' fees is warranted given Vidovich's misconduct. Otherwise, she will have successfully imposed the burden and cost on Giant Eagle to try to prove the misconduct occurred with no penalty aside from a dismissal that would likely occur in any event. Further, Vidovich not only prejudiced Giant Eagle and inflicted costs on it with respect to her claims, she prejudiced Giant Eagle and inflicted additional costs on it with respect to other Plaintiffs' claims, by deleting their harmful posts and messages and encouraging them to do the same.

**B.     Doug Janaszek's claims should be dismissed, and he should be ordered to pay Giant Eagle's reasonable attorneys' fees for taking his deposition**

As detailed in Giant Eagle's Brief in Support of Motion to Compel, Janaszek has repeated the same falsehood over and over again—alleging that he has not and cannot shop at Giant Eagle wearing a face covering. Brief in Support of Motion to Compel ("GE Mot. Comp. Br.") at 8-9. When confronted with video of him wearing a face covering while shopping inside a Giant Eagle, he admitted to shopping at Giant Eagle for a full list of groceries while wearing a face covering on a dozen occasions. Exhibit F, Janaszek Tr. at 46:25-47:2; 59:3-61:3 (Q. "Have you shopped at Giant Eagle wearing a face covering?" A. "Yes."). Critically, Janaszek did not admit to these facts in response to straightforward written discovery. Instead, he forced Giant Eagle to depose him to learn the truth.[11]

The *Poulis* factors favor dismissal. Janaszek is obviously responsible for his false discovery responses. He prejudiced Giant Eagle by forcing it to take his deposition. And even after admitting his discovery responses were untruthful,[12] he still falsely claims in his written responses that he never shopped at Giant Eagle wearing a face covering. Exhibit C, Janaszek

---

[11] Janaszek has also failed to produce responsive communications. *See* GE Mot. Comp. Br. at 7-8.
[12] Ex. F at 85:6-14 ("Yeah it's not true.").

Interrog. Response 4, 6.  As Janaszek has had numerous opportunities to tell the truth and cannot get his story straight, dismissal is warranted.  In any event, Janaszek does not have a meritorious claim.  Not only did he shop at Giant Eagle wearing a face covering on a dozen occasions, his claimed disability is a self-diagnosed "inability to breathe hot air," for which he has no medical documentation.  Ex. F at 24:1-25:17.  Notably, Janaszek also testified that he has no problem smoking cigarettes.[13]

Janaszek should also be sanctioned with the reasonable attorneys' fees for Giant Eagle taking his deposition, a completely unnecessary expense that Giant Eagle incurred because of Janaszek's evasive and false discovery responses, which he continues to perpetuate.

### C.    Nicholas Conley's claims against Giant Eagle should be dismissed

As described in the Motion to Compel Brief, Conley failed to produce responsive communications with Vidovich, Shepherd, and others he communicated with about Giant Eagle's Policy and his ability to wear a face covering.  GE Mot. Comp. Br. at 9.  Even after Giant Eagle identified for Conley communications he sent or received that were specifically referenced on SGEN and in Vidovich's testimony, he claims he has no such communications and did not delete them either.  GE Mot. Comp. Br. at 6-8.  One way or the other, his discovery responses appear to be false.  Moreover, despite documents and testimony to the contrary, Conley does not even acknowledge having any communications with Vidovich, Shepherd, or other Plaintiffs.  GE Mot. Comp. Br. at 7-8.

Again, the *Poulis* factors support dismissal.  Conley had multiple chances to provide the responsive discovery known to exist, failed to produce it, and then falsely claimed it neither exists nor was deleted.  He has not obeyed the Court's orders or honored his agreement with the Special

---

[13] Ex. F, Janaszek Tr. 8:1-2.

Master.  Nor does Conley have a meritorious claim.  He can and has worn a face shield to shop at Giant Eagle.  Exhibit D, Conley Stipulation; Ex. C, Conley Response Interrog. 4, 7.  Conley should not be permitted to destroy or withhold discovery that apparently undermined his claims.[14]

> **D.     Paul Sheperd's claims against Giant Eagle should be dismissed**

Like Conley, Shepherd too failed to produce responsive communications that are known to exist, including communications between Shepherd and both Vidovich and Conley.  GE Mot. Comp. Br. at 9.  Shepherd seeks to excuse this failure by claiming that his phones and computer crashed and were then "wiped."  Exhibit O, Shepherd Supp. Interrog. Response 8.  Even if all of Shepherd's devices were mistakenly "wiped," emails and private messages are not stored locally on devices, so they would still exist unless Shepherd actively deleted them.  Thus, Shepherd either continues to wrongfully withhold responsive communications or he spoliated them.

The fact that neither Vidovich, Shepherd, nor Conley produced any of the communications between or among them, despite the evidence that such communications occurred, appears consistent with Vidovich's stated plan to hide or delete information harmful to Plaintiffs' cases. *See, e.g.*, Ex. A at 7-8. ("Everyone Tom also sa[i]d not to talk about [the case] online!!!  I'm going to de[lete] anything along those lines.  PM [private message] each other."

The *Poulis* factors favor dismissal of Shepherd's claims for the same reasons that apply to Conley.  In addition, Shepherd cannot prevail on his claims because he admits he can wear a face shield.  Further, he only claims Giant Eagle would not allow him to shop wearing a face shield on a single occasion near the start of the pandemic on May 8, 2020.  Shepherd told police that day that "he had worn the same face shield on multiple previous occasions at this Giant Eagle without incident."  Exhibit E, 7/3/2020, Police Report.  And according to a Shepherd post on SGEN, he

---

[14] Vidovich testified that Conley's written posts and comments would have been harmful to his case. Ex. A at 11 ("I have had to hide many posts and comments from Nick [Conley]").

responded to the alleged May 8, 2020 incident by driving 10 miles to a different Giant Eagle store and shopped there while wearing his face shield.  Ex. A at 3 ("MY SPOUSE AND I DROVE TO SARVER GIANT EAGLE . . . 10 MILES AWAY. . . DRIVE. . .ENTERED, SHOPPED").

### E.      Clyde Piovesan's claims should be dismissed

Piovesan gave evasive discovery answers and failed to acknowledge what is now apparently true: he can certainly shop while wearing a face covering.  Prior to his deposition, Piovesan stipulated that he could wear a face shield, but in response to interrogatories asking him to identify instances where he has worn a face covering, he stated, "I can't remember back that far."  Exhibit C, Piovesan Response Interrog. 4.  However, Piovesan testified at his deposition that, at the time he filed his lawsuit, he could wear a face mask, face shield, and any other type of face covering.  Exhibit G, Pivoesan Tr. 60:19-22 ("Anything I wanted to wear.").  He also testified that he had in fact shopped in stores while wearing a face covering around 20 times over the past year.  *Id*. 17:21-19:13.  Giant Eagle could have avoided the time and expense of taking Piovesan's deposition had he provided the required stipulation or accurate written discovery responses.

The *Poulis* factors support dismissal.  Aside from misconduct requiring Giant Eagle to take an unnecessary deposition, after many months Piovesan still has not provided the required stipulation.  In any event, Piovesan cannot succeed on his ADA claim, which is based on his claimed inability to wear a mask because of lip surgery that took six weeks to heal.  Ex. G at 56:9-12 (Q. "And so six weeks, you'd agree that that wound on your lip, that was for a limited duration, right?" A. "Yes.").  A wound to the lip that healed in six weeks is not a disability under the ADA. *See Bush v. Donaho*e, 964 F. Supp. 2d 401, 423 (W.D. Pa. 2013) (finding that a sprained ankle/foot lasting less than six months was not a disability under the ADA); *accord Sanders v. Ameson Products, Inc.* 91 F.3d 1351, 1353-54 (9th Cir. 1996) (a psychological condition, triggered by

11

cancer, lasting less than four months and having no residual effect was not a "disability" under the ADA).

### F.      Holly Pulling's claims should be dismissed

Pulling's discovery responses were false and evasive, and she too has spoliated evidence. Prior to her deposition, Pulling failed to provide a stipulation that she can wear a face covering to shop at Giant Eagle, denied wearing any type of face covering in her responses to Giant Eagle's requests for admission, and did not answer interrogatories asking her to identify instances in which she wore a face covering while shopping at Giant Eagle.  Exhibit C, Pulling Response to Interrog. 7; Exhibit H, Pulling Response to RFA 2.  When Giant Eagle deposed her, Pulling admitted that she wears a face covering to work and to shop at Giant Eagle.  Exhibit I, Pulling Tr. 15:12-17:13; 55:23-25.   Pulling also admitted her discovery responses were untruthful.  Ex. I at 58:1-59:4. Pulling further testified that she was a heavy texter, was not told to preserve documents, and deleted text messages since filing the lawsuit. Ex. I at 60:14-61:19.

The *Poulis* factors support dismissal.  Pulling's admittedly false discovery responses and failure to provide a stipulation about her ability to wear face coverings to shop required Giant Eagle to unnecessarily take her deposition.  While Pulling refers to her false discovery responses as "inadvertent,"[15] she offers no explanation as to why she did not provide the required stipulation prior to her deposition or why she did not answer interrogatories asking her to identify when she has worn a face covering.  Since Pulling can and has shopped inside a Giant Eagle while wearing a face covering, she cannot succeed on her ADA claim.  This is true even though she maintains that she experiences asthma flare-ups that prevent her from wearing a face covering during a flare-up, a claim that her examining physician did not support.  Ex. I at 46:3-8 (Q. "[T]he examining

---

[15] Exhibit J, Pulling Signed Stipulation.

physician] didn't find any physical reason why you couldn't wear a mark, right?" A. "That's what he wrote."). Moreover, Pulling is unaware of any medical records that state her asthma and allergies substantially limit one or more major life activities or bodily functions. Ex. I at 50:6-22. And Pulling's treating physician found that she could wear a face shield even if she subjectively believes she cannot wear a mask. *Id.* at 51:7-22. But Pulling admittedly never even attempted to wear a face shield. Ex. I at 50:23-24 ("I never have.").[16]

**G.  Josiah Kostek's claims should be dismissed**

Kostek's discovery responses are evasive, and he has spoliated evidence. Despite admitting in posts to Facebook that "I don't mind wearing a mask if someone asks me polite. I'm in excellent health … [but] I have a right to refuse wearing a mask,"[17] Kostek refuses to provide a stipulation that acknowledges he can wear some type of face covering to shop at Giant Eagle. Kostek, who testified that he texts daily, has deleted all of his texts since the lawsuit was filed, including texts about Giant Eagle, his ability to wear face coverings, and the lawsuit. Exhibit L, Kostek Tr. 47:6-48:14.

The *Poulis* factors support dismissal. Kostek continues to refuse to acknowledge in this lawsuit what he earlier admitted—he can wear a face covering. And he has intentionally deleted all of his communications concerning his ability to wear face coverings. That prejudice to Giant Eagle cannot be addressed with a lesser sanction. Moreover, Kostek has not provided sufficient medical proof to support his claimed disability. The Court already determined, based on the medical records that Kostek provided when he filed his baseless motion for a preliminary injunction, that Kostek's claimed inability to wear a face covering due to a disability "is not

---

[16] While Pulling's misconduct is similar to Janaszek's, Giant Eagle does not seek attorneys' fees from her since Pulling at least now acknowledges in her stipulation that her prior discovery responses were false.
[17] Exhibit K, ECF 22-2, "PA Small Business against Gov Wolf" Facebook Group Posting, May 16, 2020, at pg. 15.

supported by opinions of medical professionals."  PI Mem Op. (ECF 42), at 7.  Kostek has not produced any additional medical proof.

      **H.**      **Tommy Wynkoop's claims should be dismissed**

      Other than a few messages with Giant Eagle, Wynkoop did not produce any communications when Phase I productions were due on February 25, 2021.  During the next five months, after multiple Court orders and conferences with the Special Master, Wynkoop produced a total of three pages of private messages with Vidovich.  In his "updated" discovery responses on July 6, 2021, Wynkoop denied that any other responsive private messages existed.  Exhibit C, Wynkoop Response Interrog. 8.  However, on July 9, Vidovich produced a few private messages with Wynkoop that Wynkoop had not produced.  Giant Eagle alerted the Special Master to this discrepancy, along with other glaring problems with Plaintiffs' discovery.  Apparently realizing he had been caught, five days later, Wynkoop produced dozens more responsive private messages with Vidovich, messages he previously claimed did not exist (and which Vidovich has still never produced).

      The *Poulis* factors support dismissal.  There can be no doubt that Wynkoop intentionally withheld his responsive communications with Vidovich.  Even after he produced a few messages with her on July 6, he continued to withhold the rest of the string of plainly responsive messages. He still has not produced the entire string.  Further, it is not credible that Wynkoop did not message or otherwise communicate with anyone else about Giant Eagle's Policy, the lawsuit, or his ability to wear a face covering.  Like the other Plaintiffs at issue here, Wynkoop had months and numerous opportunities to provide the discovery he was obligated to provide all along, yet he failed to do so. He also falsely represented that none existed.

      Moreover, Wynkoop's claim is not meritorious.  Wynkoop has posted a picture of himself on social media wearing a face mask, he admits he has "worn a mask many times," and says that

he "cannot recall all the times I have worn a face shield."  Ex. C, Wynkoop Response Interrog. 4; Exhibit M, Wynkoop Facebook Excerpts at pg. 4.  Wynkoop should not be allowed to try to explain away those facts while providing only the discovery Giant Eagle catches him withholding.

## III.   CONCLUSION

These Plaintiffs have treated discovery like a game of hide-the-ball rather than the open process it is designed to be.  While every Plaintiff who has failed to provide non-evasive, complete discovery could have their claims dismissed pursuant to the Court's Amended Case Management Order (ECF 69),[18] Giant Eagle at this time seeks the sanction of dismissal against just eight Plaintiffs—Plaintiffs who have demonstrated an apparent disregard for the rules and truth.


Dated: August 4, 2021                                    Respectfully submitted,

                                                         */s/ Jeremy D. Engle*
                                                         Jonathan D. Marcus (PA ID 312829)
                                                         jmarcus@marcus-shapira.com
                                                         Jeremy D. Engle (PA ID 324008)
                                                         engle@marcus-shapira.com

                                                         MARCUS & SHAPIRA LLP
                                                         35th Floor, One Oxford Centre
                                                         301 Grant Street
                                                         Pittsburgh, PA  15219
                                                         Telephone: (412) 471-3490
                                                         Facsimile: (412) 391-8758
                                                         *Counsel for Defendants*

---

[18] "By March 15, 2021, any Plaintiffs who are unwilling to provide complete discovery pursuant to this order . . . will enter into a stipulation dismissing their claims with prejudice."  *Id*. at 2, ¶ 3.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021, a true and correct copy of the foregoing was electronically filed and served via operation of the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record entitled to notice who are registered users of ECF.

*/s/ Jeremy D. Engle*
Jeremy D. Engle