# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY PLETCHER, et al., ) | |
| ) | |
| Consolidated Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:20-754 |
| ) | |
| GIANT EAGLE INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 14th day of September, 2021, upon consideration of separate Reports and Recommendation filed on September 3, 2021, (Docket Nos. [98], [99]), and the April 20, 2021 Order Referring Case to Special Master (Docket No. 76), stating that "any Report and Recommendation by the Special Master must be filed on the Court's CM/ECF System" and "any objections to same must be filed within 7 days" and "If no objections are filed within the 7-day period, the Court will adopt the Report and Recommendation as the Opinion/Order of the Court," and no objections having been timely filed by the parties as of the date of this Order,

IT IS HEREBY ORDERED that the Report and Recommendations [98] and [99] are hereby adopted as the Opinions of the Court;

IT IS FURTHER ORDERED that Defendants' Motion to Compel [88] is GRANTED, in part, and DENIED, in part. Said Motion is granted to the extent that Plaintiffs shall supplement their discovery responses as detailed in ¶¶ 1-9 on pages 30-34 of the Report and Recommendation [98] but denied in all other respects, as follows:

1.) Plaintiffs (1) Vidovich, (2) Conley, (3) Janaszek, (4) Shepherd, (5) Bensor, (6) Dunn,

1

(7) Parker and (8) Wynkoop shall meet with Plaintiffs' counsel's paralegal that assisted Plaintiff Vidovich with producing her private facebook messages. Plaintiffs' counsel's paralegal shall assist these eight (8) Plaintiffs with reviewing and producing any responsive text messages, emails, private Facebook messages, or other social media posts/messages/blogs that have yet to be produced. Thereafter, these Plaintiffs shall supplement their prior document productions with any additional responsive documents discovered within twenty (20) days of this Order compelling same.

2.) Plaintiff Zytnik shall conduct a reasonable search of his text messages and emails for any communications in his possession that relate to his ability to wear a mask or Giant Eagle's mask policy with the assistance of Plaintiffs' counsel's paralegal. To the extent any responsive documents are discovered, they shall be produced within twenty (20) days of this Order compelling same. See Report and Recommendations regarding Plaintiffs' Supplement to Motion for Sanctions (i.e., ECF 95-95.1).

3.) In the event that Defendants wish to employ an independent IT specialist to conduct a more thorough search of any or all Plaintiffs' text messages, Facebook accounts and private emails, then Defendants shall do so at their own cost. The parties shall agree to the employment of a disinterested third-party IT specialist of their choice, if Defendants choose this alternate recommendation. The parties shall also agree upon a list of electronic search terms so that the search is proportional to the needs to the case.

4.) Plaintiffs Conley, Vidovich and Shepherd shall make a supplemental production of the communications referenced on SGEN but not previously produced in addition to any texts and emails outside of SGEN not previously produced for purposes of answering Interrogatory 1 with such production of any additional responsive documents discovered to be made within twenty (20)

days of this Order compelling same.

5.) Plaintiffs shall review their existing responses to Interrogatory 1 and supplement within twenty (20) days of this Order compelling same those responses, as appropriate, for the same three year period covered by the permitted medical records review per the Court's March 3, 2021 Order.

6.) Plaintiffs shall supplement and clarify within twenty (20) days of this Order compelling same their responses to Interrogatory 4 as follows:

a. Plaintiff Faust shall identify the precise location of the doctor's office she visited while wearing a mask including the name of the medical practice, the street address and the name(s) of the doctors visited.

b. Plaintiff Zytnick shall identify the approximate number of times he has worn a face mask and identify the locations where he has done so. The location descriptions should identify the name of the business, entity, or location entered in addition to the street address. Plaintiff Zytnick should also define the language "but my usage was brief" related to any temporal limitations on his ability to wear a mask. The temporal limitations may be stated as an average or approximate time in either seconds, minutes or other applicable unit of time.

7.) Plaintiff Parsons' responses to Interrogatories 4 and 5 shall be incorporated by reference into his response to Request for Admission 2 and interpreted as a denial of the same.

8.) Plaintiffs' stipulations are deficient in the following respects:

a) Plaintiff Brannigan failed to define what "a short period of time" means relative to her ability to wear the described face covering.

b) Plaintiff Duckstein failed to define what an "extended period of time" means relative to her ability to wear a face shield.

c) Plaintiff Dunn failed to define what "very brief periods of time" means relative to her

ability to wear a face shield.

d) Plaintiff Marshall failed to define what "a short period of time" and an "extended period of time" mean relative to her ability to wear a mask before getting "lightheaded and pass[ing] out".

These named Plaintiffs Brannigan, Duckstein, Dunn and Marshall shall clarify within twenty (20) days of this Order compelling same the stated temporal limitations in their stipulations by giving a more specific estimate or definition of what a "short period of time", "extended period of time", or "very brief periods of time" means in terms of, e.g., the approximate number of hours, minutes, or seconds these stated periods of time may entail. The clarifications in these stipulations may be stated as an estimate or average rather than a definitive number.

9.) The stipulations of Plaintiffs' Harnish and Hammers shall be interpreted as an affirmative statement that they are not able to wear any type of face covering for any period of time other than the "fake covering full of holes" described by Plaintiff Harnish and the "bandana that covers my mouth, but not my nose" described by Plaintiff Hammers.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions [90] is GRANTED, in part, and DENIED, in part.  Said Motion is granted to the extent that Plaintiff Vidovich and Plaintiff Zytrick shall be awarded reasonable attorneys' fees and costs incurred in preparing for and participating in two (2) conferences with the Discovery Special Master, the preparation of the Motion to Compel, and the preparation of the Motion for Sanctions as a result of their respective failures to timely produce documents but denied in all other respects.

IT IS FURTHER ORDERED that Defendants Motion for Leave to File Supplement to Motion for Sanctions [95] is GRANTED;

IT IS FURTHER ORDERED that Defendants shall file a fee petition and supporting documentation detailing the reasonable attorneys' fees and costs claimed by **September 28, 2021**;

4

IT IS FURTHER ORDERED that Plaintiffs Vidovich and Zyrtrick shall file a Response by **October 12, 2021**;

IT IS FURTHER ORDERED that no further briefing will be permitted without leave of Court and the parties are advised that the Court intends to refer any disputes as to the fee petition to the Special Master for resolution; and,

FINALLY, IT IS ORDERED that failure to timely file a Response to the fee petition may result in further sanctions against Plaintiffs Vidovich and Zytrick, including granting the requested attorneys' fees and costs for lack of opposition thereto.

       *s/Nora Barry Fischer*
       Nora Barry Fischer
       Senior U.S. District Judge

cc/ecf: counsel of record