## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY PLETCHER, et al., ) | |
| ) | Case No. 2:20-cv-00754-NBF |
| Consolidated Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GIANT EAGLE, INC., C&J GROCERY ) | |
| CO., LLC, and MATT FACCENDA, ) | |
| ) | |
| Defendants. ) | |

### PETITION FOR REASONABLE ATTORNEYS' FEES AND COSTS

Pursuant to the Court's Order sanctioning Plaintiffs Vidovich and Zytnick (ECF 100), Defendants Giant Eagle, Inc., C&J Grocery Co., and Matt Faccenda (collectively "Giant Eagle") submit this fee petition for their reasonable attorneys' fees and costs related to two conferences with the Special Master and Giant Eagle's motion to compel and motion for sanctions. While Giant Eagle's total fees and costs over the span of three months and related to the conferences and motions amount to $52,341, Giant Eagle seeks a combined $11,585 in fees and costs from Ms. Vidovich and Mr. Zytnick,[1] as detailed in the attached declaration of Jeremy Engle (Exhibit A).

**I.     Brief Background**

Plaintiffs failed to meet their discovery obligations by the original deadline of February 25, 2021. The Court then issued an Amended Case Management Order, giving Plaintiffs an opportunity to cure their discovery deficiencies (EFC 69). Next, after Giant Eagle reported continued discovery deficiencies, the Court appointed a Discovery Special Master (ECF 76). On June 3, 2021, the Special Master held a conference with the parties to address the Plaintiffs' discovery deficiencies, and Plaintiffs agreed to go back and provide complete discovery by July 6,

---

[1] $8,085 from Ms. Vidovich and $3,500 from Mr. Zytnick.

2021 (ECF 80).  When Plaintiffs again failed to produce complete discovery, Giant Eagle alerted the Special Master, who held a second conference with the parties on July 22, 2021.  During that second conference, Plaintiffs indicated that they did not intend to provide any additional discovery, and the Special Master directed Giant Eagle to file a motion to compel and motion for sanctions.

After considering Giant Eagle's motions, the Special Master recommended sanctions against Ms. Vidovich and Mr. Zytnick (ECF 98, 99).  In particular, the Special Master found Ms. Vidovich failed to timely produce responsive social media posts/private messages, videos she took at Giant Eagle, and notes about Giant Eagle's face covering policy.  ECF 99 at 12.  The Special Master also found that Mr. Zytnick failed to timely search for and produce responsive documents.  *Id*. at 26.  The Court adopted the Special Master's recommendation, without objection from Plaintiffs, and ordered Ms. Vidovich and Mr. Zytnick to pay Giant Eagle reasonable attorneys' fees and costs it "incurred in preparing for and participating in two (2) conferences with the Discovery Special Master, the preparation of the Motion to Compel, and the preparation of the Motion for Sanctions as a result of their respective failures to timely produce documents" (the "relevant work").  ECF 100.

## II.     Giant Eagle's Reasonable Attorneys' Fees and Costs

As detailed in the attached declaration, in connection with the relevant work, but excluding fees in preparing the supplement to the motion for sanctions (which concerned only Mr. Zytnick), Giant Eagle incurred attorneys' fees of $38,174.  Giant Eagle also incurred $4,850 in attorneys' fees for the preparation of the supplement to the motion for sanctions regarding Mr. Zytnick.  In addition, Giant Eagle incurred costs related to the Special Master's time devoted to the conferences

in the amount of $9,317.[2] Giant Eagle's total attorneys' fees and costs over three months that relate to the relevant work amount to $52,341.

Three Marcus & Shapira attorneys devoted time to the relevant work: Jonathan Marcus, Lauren Melfa Catanzarite and Mr. Engle. Giant Eagle seeks only the fees for the relevant time spent by a single attorney, Mr. Engle, and does not seek fees for any of Mr. Marcus's or Ms. Catanzarite's time. Though much of the discussion during the conferences and substantial sections of the motion pertained to Ms. Vidovich, Giant Eagle seeks only 25% of Mr. Engle's related fees[3] and just 10% of the related costs.[4] With respect to Mr. Zytnick, Giant Eagle is not seeking any fees for the conferences with the Special Master or the motion to compel, and only seeks fees related to preparing the supplement to the motion for sanctions. Hence, Giant Eagle seeks fees from Ms. Vidovich in the amount of $8,085 (25% of Mr. Engle's related fees of $28,614 and 10% of the related Special Master costs of $9,317) and from Mr. Zytnick in the amount of $3,500 (Mr. Engle's fees for preparing the supplement to the motion for sanctions).

---

[2] This represents the half of the related costs for which the Special Master billed Giant Eagle.

[3] Giant Eagle estimates that as much as 50% of its fees relate to time focused on the belated discovery from Ms. Vidovich. J. Engle Dec. at ¶ 9. This included thousands of belatedly produced posts from the private Facebook group Stop Giant Eagle Now, which Ms. Vidovich started and administered, hundreds of private messages (many with other Plaintiffs) she withheld, and her testimony about communications with other Plaintiffs that she, and the other Plaintiffs, failed to identify or produce. This belatedly produced discovery was the primary basis for identifying much of the discovery deficiencies that were the subject of Giant Eagle's discovery motions. Giant Eagle requests 25% of its fees for this work from Ms. Vidovich to be conservative.

[4] Giant Eagle does not presume to know precisely the amount of time the Special Master devoted to Ms. Vidovich's discovery in connection with the conferences, but based on the Special Master's invoices and the time Giant Eagle devoted, it conservatively estimates 10% of those costs are attributable to Ms. Vidovich. If that estimate is higher or lower, Giant Eagle of course leaves that to the discretion of the Special Master.

As detailed in the attached declaration, these requested fees reflect an already discounted rate incurred and paid by Giant Eagle on this matter.[5] In an attempt to obviate the need to file a petition, Giant Eagle made multiple offers to Ms. Vidovich and Mr. Zytnick to resolve the amount of the sanctions against them.[6] Plaintiffs' attorney told Giant Eagle that those Plaintiffs rejected Giant Eagle's proposals and that he, not the Plaintiffs themselves, would pay any awarded sanctions on their behalf.[7]

Accordingly, Giant Eagle requests that the Court award it $8,085 for its fees and costs from Ms. Vidovich and $3,500 for its fees from Mr. Zytnick.

Dated: September 29, 2021

Respectfully submitted,

*/s/ Jeremy D. Engle*
Jonathan D. Marcus (PA ID 312829)
jmarcus@marcus-shapira.com
Jeremy D. Engle (PA ID 324008)
engle@marcus-shapira.com
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758

*Counsel for Defendants*

---

[5] Giant Eagle submits that Mr. Engle's hourly rate of $295 (pre-July 2021) and $350 is reasonable. Giant Eagle pays Mr. Engle at this discounted rate, and as set forth in Mr. Engle's declaration, clients have routinely paid hourly rates from $380 to $500 for Mr. Engle's legal work in this district. J. Engle Dec. at ¶ 5. Moreover, this Court more than a decade ago found significantly higher rates to be reasonable in a less complex and novel case than here. *See generally Mangino v. Pa. Tpk. Comm'n*, Civil Action No. 07-00370, 2009 U.S. Dist. LEXIS 118953 (W.D. Pa. Dec. 22, 2009) (finding hourly rate of $400 reasonable in employment case where issues were "not particularly novel").

[6] As discussed with Plaintiffs' counsel, Giant Eagle contends that Ms. Vidovich and Mr. Zytnick cannot ultimately succeed on their claims because of both factual and legal deficiencies.

[7] Giant Eagle's counsel raised a concern with Plaintiffs' counsel that it may be impermissible for an attorney to pay sanctions imposed against his client. *See, e.g.*, https://www.floridabar.org/etopinions/etopinion-96-3/ (Florida Bar advisory opinion, finding that such an arrangement is not permissible). Giant Eagle does not take a position on the permissibility of the referenced arrangement, but as it informed Plaintiffs' counsel, Giant Eagle believes that the arrangement should be disclosed to the Court since the sanctions were directed at Ms. Vidovich and Mr. Zytnick.

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, a true and correct copy of the foregoing was electronically filed and served via operation of the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record entitled to notice who are registered users of ECF.

>*/s/ Jeremy D. Engle*
>Jeremy D. Engle