IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY PLETCHER, et al., | ) |
| Consolidated Plaintiffs, | ) ) ) |
| v. | ) )  Civil Action No. 2:20-754 |
| GIANT EAGLE INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER OF COURT**

AND NOW, this 15th day of December, 2021, upon consideration of the parties' Supplemental Briefs regarding whether Plaintiffs' counsel may pay or advance the fees and costs ordered as sanctions against Plaintiffs Debbie Vidovich and Ben Zytnik under the Rules of Professional Conduct, (Docket Nos. 119; 120), wherein Defendants continue to maintain that counsel paying the sanctions is "ethically impermissible" and would violate Rule 1.8(e)(1) of the Pennsylvania Rules of Professional Conduct, (Docket No. 120), and Plaintiffs argue that their contingent fee agreements authorize counsel to advance monies to pay sanctions but they have agreed to reimburse counsel for same at the conclusion of the case and that there allegedly are no ethical rules or opinions precluding such arrangement, (Docket No. 119),

IT IS HEREBY ORDERED that Plaintiffs' counsel has failed to demonstrate that the advancement of attorney's fees and costs ordered by the Court as sanctions for the discovery violations committed by Plaintiffs Vidovich and Zytnik are covered by the contingent fee agreements or that such arrangement is otherwise permissible. The Court reaches these decisions for several reasons.

First, Rule 1.5(c) of Rules of Professional Conduct provides, in pertinent part, that "[a] contingent fee agreement shall be in writing and shall state the method by which the fee is to be

1

determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated." Pa. R. P. C. 1.5(c).  The written contingent fee agreement between Plaintiffs' counsel and Plaintiffs Vidovich and Zytnik does not specify whether attorney's fees and costs ordered as discovery sanctions may be advanced by counsel and are required to be reimbursed by the clients.  (Docket No. 119 at 2).  Indeed, the cited provision expressly states that "attorney's fees" are not included in the costs and expenses incident to the litigation that are the sole obligation of the client to pay and are to be reimbursed upon the advancement by counsel.  (*Id.*).  To that end, the "costs and expenses" provision states the following:

> **COSTS AND EXPENSES**
>
> All costs and expenses incident to the [litigation], **other than Attorney's fees**, shall be the sole obligation of Client to pay and may be advanced by Client, or if advanced by Attorney, shall be reimbursed by Client to Attorney at the conclusion of the litigation or claim by settlement, award or verdict, or otherwise at the time Attorney withdraws or Client discharges Attorney.

(Docket No. 119 at 2 (emphasis added)).  Hence, Plaintiffs' counsel has not shown that the cited provision obligates his clients to reimburse him or his law firm for any sanctions which would be paid by counsel, particularly the attorneys' fees they have been ordered to pay.  Accordingly, the Court is not convinced that the clients would remain responsible for the sanctions if counsel voluntarily advanced same on their behalf.

Second, even if the cited provision applied to the sanctions which have been ordered here, which the Court expressly holds it does not, the language utilized is permissive and states that such costs and expenses "may" be advanced by either the clients or the attorney to be reimbursed at the conclusion of the case or the end of the representation.  (Docket No. 119 at 2).  Therefore,

Plaintiffs' counsel is not contractually obligated under the contingent fee agreement to advance the sanction payments on behalf of his clients. In addition, counsel has not alleged that Plaintiffs Vidovich and Zytnik lack sufficient funds to pay the sanctions ordered by the Court for their discovery violations such that the proposed advancement of these sanctions appears to be unnecessary to ensure access to the courts, as counsel suggests.

Third, the Court is unpersuaded that the appropriate approach to this unsettled ethical issue is for Plaintiffs' counsel to note the lack of controlling authority and to forge ahead to advance such sanctions on behalf of his clients without first utilizing the available resources to obtain an opinion from ethics counsel, the Bar Association or the Disciplinary Board. Relevant here, Rule 1.8(e), entitled "Conflict of Interest: Prohibited Transactions" provides that:

> (e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
>
>> (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and,
>> (2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

Pa. R. P. C. 1.8(e)(1). The comments further state that:

> Lawyers may not subsidize lawsuits or administrative proceedings brought on behalf of their clients, including making or guaranteeing loans to their clients for living expenses, because to do so would encourage clients to pursue lawsuits that might not otherwise be brought and because such assistance gives lawyers too great a financial stake in the litigation. **These dangers do not warrant a prohibition on a lawyer lending a client court costs and litigation expenses, including the expenses of medical examination and the costs of obtaining and presenting evidence, because these advances are virtually indistinguishable from contingent fees and help ensure access to the courts.** Similarly, an exception allowing lawyers representing indigent clients to pay court costs and litigation expenses regardless of whether these funds will be repaid is warranted.

*Id.*, n.10 (emphasis added).

Beyond those expenses addressed in the commentary, Informal Opinion Number 2000-14 of the Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility states that "[n]either the Rule nor the comments define what is meant by 'court costs and expenses of litigation'; nor is there any distinction provided between these items and 'financial assistance.'" 2000 WL 1616267, PA Eth. Op. 2000-14 (Pa.Bar.Assn.Comm.Leg.Eth.Prof.Resp. Apr. 3, 2000). The Court's independent research of judicial decisions in Pennsylvania and other states as well as federal courts, ethics opinions and other matters does not reveal a consensus as to whether court ordered sanctions imposed on a client may be advanced by counsel consistent with Pennsylvania Rule 1.8(e).

The Court has located ethics opinions addressing the propriety of counsel's advancement or indemnification of attorneys' fees and costs awarded against a client pursuant to fee shifting statutes but those decisions have reached differing conclusions. As Defendants point out, the Florida Bar Ethics Opinion 96-3 advises that "[a]n attorney may not ethically agree to pay fees and costs assessed to a client pursuant to the Offer of Judgment statute" under Florida law. Similarly, an Oklahoma Bar Association Legal Ethics Committee Ethics Opinion concluded that "[a]n attorney may not agree to indemnify his client against attorney's fees and costs in the event that such fees and costs are awarded to the opposing party and taxed as costs against the client. 2009 WL 806564, OK Adv. Op. 323 (Okl.Bar.Assn.Leg.Eth.Comm. 2009). In contrast, the Alaska Bar Association Ethics Committee found in Ethics Opinion No. 2004-02 that expenses of litigation would include costs and attorney fees awarded against a client following an unsuccessful appeal. 2004 WL 1853007, AK Eth. Op. 2004-02 (Alaska Bar.Assn.Eth.Comm. Apr. 27, 2004). But, again, none of these opinions addressed the facts and circumstances at issue here involving court-

ordered sanctions imposed against certain of the Plaintiffs for proven discovery violations.

For all of these reasons, Plaintiffs' request to have counsel advance the court ordered sanctions is DENIED.

IT IS FURTHER ORDERED that Plaintiffs Vidovich and Zytnik shall personally pay the awarded sanction amounts by **January 4, 2022**.

 *s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record