IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY PLETCHER, et al., | ) |
| Consolidated Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 2:20-754 |
| GIANT EAGLE INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER OF COURT**

AND NOW, this 4th day of March, 2022, upon consideration of Plaintiffs Debbie Vidovich and Ben Zytnick's Motion for Amended Court Order Pending a Hearing and Advisory Opinion from the Disciplinary Board, (Docket No. [128]), Defendants Giant Eagle, Inc., et al.'s Response in Opposition, (Docket No. [130]), Plaintiffs' Reply, (Docket No. [132]), Defendants' Sur-Reply, (Docket No. [134]), Plaintiffs' Supplemental Brief, (Docket No. [138]), Defendants' Response to same, (Docket No. [142]), as well as the Court's prior Order of December 15, 2021, directing Plaintiffs Vidovich and Zytnick to pay the sanctions individually rather than their counsel advancing payment of the sanctions on their behalf, (Docket No. [126]),

IT IS HEREBY ORDERED that Plaintiffs' Motion [128] is DENIED.

In so holding, the Court notes that Plaintiffs Vidovich and Zytnick have failed to meet their heavy burden to demonstrate that reconsideration of the Court's December 15, 2021 Order is warranted. To that end, it is well established that that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*,

1

Cr. No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at *2 (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted); *Kalb*, 891 F.3d at 467. Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2. At least at the District Court level, motions for reconsideration should be sparingly granted. *See Cole's Wexford Hotel, Inc. v. UPMC and Highmark, Inc.*, 2017 WL 432947, *2 (W.D. Pa. Feb. 2, 2017).

Here, Plaintiffs have not cited any intervening changes in the controlling law nor any new evidence which was not available at the time of the Court's ruling. *See Max's Seafood Café by Lou-Ann, Inc.*, 176 F.3d at 677. Instead, Plaintiffs have provided evidence purporting to show that Ms. Vidovich is unable to pay the sanctions including her declaration dated December 21, 2021 and an ethics opinion dated February 2, 2022. (Docket Nos. 128-1; 138-1). However, all of this

2

evidence could have been presented prior to the Court's December 15, 2021 Order and does not otherwise support reconsideration. *See Dupree*, 617 F.3d at 732-33. In addition, Plaintiffs have not provided any argument or evidence as to Mr. Zytnick such that the Court sees no basis to set aside its Order directing him to pay the sanctions imposed upon him. (Docket Nos. 128; 132; 138).

With respect to Ms. Vidovich's claim, the ethics opinion expressly states that it "is advisory only and is not binding on the Disciplinary Board of the Supreme Court of Pennsylvania or any other Court. This opinion carries only such weight as an appropriate reviewing authority may choose to give it. Moreover, this is the opinion of only one member of the [PBA Legal Ethics and Professional Responsibility Committee] and is not an opinion of the full committee." (Docket No. 138-1 at 5). Such non-binding authority is not enough to justify reconsideration. *See United States v. Kubini*, 304 F.R.D. 208, 212 (W.D. Pa. Jan. 5, 2015) (non-binding District Court opinions from outside Third Circuit do not support reconsideration). Further, the ethics opinion is flawed because it relies upon an exception under Rule 1.8(e)(2) of the Pennsylvania Rules of Professional Conduct which is only applicable to indigent individuals and erroneously concludes that Ms. Vidovich is indigent. (Docket No. 138-1 at 5 ("Such payment would fall within Rule 1.8(e)(2) permitting a lawyer to pay court costs and expenses of litigation on behalf of an indigent client.")). To the contrary, the evidence shows that: Ms. Vidovich and her husband recently purchased a retirement home in Mercer County for $625,000; they have a boat docked near this residence; she has spent up to $400 a week on groceries; she has taken expensive vacations with friends; and she receives monthly Social Security Disability benefits ("DIB") of $1,539.00. (Docket Nos. 128-1; 130-1; 142-1; 141-2). As the Court knows from presiding over Social Security matters, DIB claimants are not required to make a showing of indigency but only to demonstrate their insured status, i.e., that they paid into the Social Security system and are eligible for benefits under the program at the

time of the disability.  *See e.g., Yots v. Comm'r Soc. Sec.*, 704 F. App'x 95, 96 (3d Cir. 2017) (20 C.F.R. § 404.131(b) ("An individual is only eligible to receive Title II benefits if they become disabled during a period where they have disability insured status.")).  Given that Plaintiffs have failed to show that Ms. Vidovich is indigent, she has not provided sufficient grounds to justify reconsideration.

Beyond these findings, Plaintiffs have not addressed the alternative reasons provided by the Court in denying the motion, including that the contingent fee agreement did not contractually obligate the Plaintiffs to repay counsel for advancing the payment of sanctions and permitting counsel to pay the award on their behalf would undermine the purpose of the sanctions.  (Docket No. 126).  The same principle is recognized in the ethics opinion.  (Docket No. 138-1 at 5 ("On the one hand, one of the purposes of the sanctions, deterrence, would be defeated if sanctions are not paid by the perpetrator.")).  Plaintiffs have likewise failed to establish any errors of law in the Court's rulings or the need to correct a manifest injustice.  *See Max's Seafood Café by Lou-Ann, Inc.*, 176 F.3d at 677.  All told, Plaintiffs' motion seeking amendment of the Order and reconsideration is denied.

Finally, Plaintiffs alternatively state that they will seek an interlocutory appeal of this order.  However, "discovery sanctions are 'not immediately appealable under 28 U.S.C. § 1291,' even when appealed by the party against whom the sanctions have been assessed."  *Henry v. St. Croix Alumina LLC*, 416 F. App'x. 204, 208 (3d Cir. 2011) (quoting *Comuso v. Nat'l R.R. Pass. Corp.*, 267 F.3d 331, 339 (3d Cir. 2001)).  In addition, Plaintiffs have not met their burden to demonstrate any of the three conditions necessary to obtain certification of an interlocutory appeal, i.e., "(1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion."  *Nat'l*

*Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, Civ. A. No. 18-1129, 2021 WL 6098288, at *2 (W.D. Pa. Dec. 23, 2021) (internal quotation omitted).  Even if they had made the required showing, the Court retains discretion to deny an interlocutory appeal and would do so in this case as permitting an interlocutory appeal would run counter to the dictates of Rule 1.  *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."); *see also* Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

For all of these reasons, Plaintiffs' Motion [128] is DENIED;

IT IS FURTHER ORDERED that Plaintiffs Vidovich and Zytnick shall personally pay the awarded sanction amounts by **March 18, 2022**.

                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        Senior U.S. District Judge

cc/ecf: counsel of record